ROBERT JON HENDRICKS, State Bar No. 179751
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:    +1.415.442.1000
Fax:   +1.415.442.1001

JENNIFER A. TOMLIN, State Bar No. 261220
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001

Attorneys for Defendant
VIRGIN AMERICA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>     vs.<br><br>VIRGIN AMERICA, INC.; and Does 1-10, inclusive;<br><br>            Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL BY DEFENDANT VIRGIN AMERICA INC. TO THE UNITED STATES DISTRICT COURT**<br><br>[San Francisco Superior Court Case No. CGC-15-544804]<br><br>[28 U.S.C. §§ 1332, 1441, 1446, and 1453] |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S NOTICE OF REMOVAL
Case No. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JULIA BERNSTEIN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Virgin America Inc. ("Defendant" or "Virgin America") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

In support of this removal, Defendant states the following:

## I. SUMMARY OF COMPLAINT

1. On March 18, 2015, Plaintiff Julia Bernstein filed an unverified class action complaint in the Superior Court of the State of California, for the County of San Francisco, entitled *Julia Bernstein, on behalf of all others similarly situated v. Virgin America, Inc., and Does 1-10*, Case No. CGC-15-544804 ("Complaint"). The Complaint alleges nine causes of action: (1) failure to pay minimum wage; (2) failure to pay San Francisco minimum wage; (3) failure to pay overtime wages; (4) failure to pay wages for hours worked; (5) failure to provide required meal periods; (6) failure to provide required rest periods; (7) failure to provide accurate wage statements; (8) failure to pay waiting time penalties; and (9) violation of the Unfair Competition Law. Complaint, ¶¶ 32-92.

2. Plaintiff's action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

3. On April 21, 2015, Plaintiff caused the Complaint, Summons, Civil Case Cover Sheet, and other notices from the state court to be served on Defendant by hand. True and correct copies of the Complaint and other documents served therewith are attached as **Exhibit 1** and are incorporated by reference.

4. On May 19, 2015, Defendant filed and served its Answer to the Complaint. A true and correct copy of the Defendant's Answer is attached hereto as **Exhibit 2** and is incorporated by reference.

5. The Summons, Civil Case Cover Sheet, Complaint, and the Answer (attached hereto as **Exhibits 1** and **2**) constitute all process, pleadings and orders that have been filed in this action.

## II.   THE REMOVAL IS TIMELY

6. Defendant has timely removed this action within thirty (30) days of service. Because this Notice of Removal is filed within 30 days of service of the Complaint on Defendant, it is timely under 28 U.S.C. §§ 1446(b).

7. No previous Notice of Removal has been filed or made with this Court for the relief sought.

## III.   DIVERSITY JURISDICTION EXISTS

### A.   The Court Has Original Subject Matter Jurisdiction Under CAFA.

8. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

9. This action is brought by a putative representative person on behalf of a proposed class of individuals identified as "all individuals who have worked as flight personnel of Virgin America, Inc. at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment." Complaint, ¶ 11. As such, this matter is a purported class action as that term is defined in the CAFA, 28 U.S.C. § 1332(d)(1)(B), and 28 U.S.C. § 1453. The complaint alleges the number of individuals to be members of the proposed class is more than 1,000, "including over 850 flight attendants and over 600 pilots" currently employed by Defendant. Complaint, ¶ 5. The number of putative class members alleged in the Complaint does not even include former flight attendants or pilots, including Plaintiff herself, which necessarily would increase the number of putative class members. *See* Declaration of Diana Chandra ("Chandra Decl."), filed concurrently herewith, ¶ 4.

10. This Court has original subject matter jurisdiction based on diversity of citizenship under CAFA because this matter was brought as a class action, diversity of citizenship exists between one or more members of the purported class and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiff's Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2), 1453.[1]

### B. Diversity of Citizenship Exists.

11. In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).  Although Plaintiff is a citizen of California and Florida and Defendant is a citizen of California and Delaware, at least one putative class member is a citizen of a state other than California, Florida, and Delaware.  Chandra Decl., ¶ 6.  Thus, minimal diversity exists and removal is proper.

#### 1. Plaintiff is a Citizen of California and Florida.

12. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

---

[1] Defendant does not concede and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action and/or representative action.  Defendant further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

13. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994). Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary evidence, if any, in order to dispute domicile. *Id*.

14. Defendant is informed and thus believes that Plaintiff is now and, since this action commenced on March 18, 2015 has been, a citizen of the State of California and Florida. During her employment with Defendant, Plaintiff provided Defendant with home addresses in California and Florida. Chandra Decl., ¶ 5. Furthermore, Plaintiff alleges that she is currently a resident of Los Angeles, California. Complaint, ¶ 4. Plaintiff does not allege that she was a citizen of any state other than California or Florida and there is no indication that Plaintiff is or was a citizen of a state other than California or Florida at any time relevant to the Complaint. *See* Chandra Decl., ¶ 5. Thus, Defendant is informed and believes that Plaintiff at all relevant times was and is a citizen of California and/or Florida for purposes of diversity jurisdiction in this matter.

### 2. Defendant is a Citizen of California and Delaware.

15. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is, and at all pertinent times was, a corporation organized and existing under and by virtue of the laws of the Delaware with its headquarters and principal place of business in California. Chandra Decl., ¶ 11. Thus, Defendant is now, and at the time this action commenced was, a citizen of Delaware and California.

16. Although Plaintiff has listed 10 fictitiously-named "Doe" defendants, the citizenship of these "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (same).

/ / /

/ / /

### 3. Many Putative Class Members are Citizens of States Other Than California and Delaware.

17. According to Defendant's records, there is at least one employee considered "flight personnel" who is a resident outside of California, Florida, and Delaware. Chandra Decl. ¶ 6. In fact, there are many putative class members who reside outside California, Delaware, and Florida. *Id.*

18. Thus, because Plaintiff and Defendant are not residents of the same state of least one putative "flight personnel" class member, minimal diversity of citizenship exists. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

### C. There Are More Than 100 Putative Class Members.

19. CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. §1332(d)(5)) is satisfied here because the putative class has more than 100 members. *See* Complaint, ¶ 5.

20. Plaintiff seeks to represent all of Defendant's "flight personnel" who worked "at any time during the period of four years prior to the filing of. . . this action through the date of final judgment." Complaint, ¶ 11. Plaintiff alleges that there are "over 850 flight attendants and over 600 pilots" employed by Defendant, which does even include *former* flight attendants or pilots, including Plaintiff herself, which necessarily would increase the number of putative class members. Complaint, ¶ 5; *see* Chandra Decl., ¶ 4.

21. Defendant's records show there were at least 101 employees who were considered "flight personnel" from March 18, 2011, through May 20, 2015. Chandra Decl., ¶ 8.[2] Thus, the putative class has more than 100 members.

### D. The Amount-in-Controversy Requirement Is Satisfied.

22. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

---

[2] According to Virgin's job descriptions and titles, only those in the positions of "InFlight Team Member" and "Pilot" would be considered "flight personnel." Chandra Decl., ¶ 7.

exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 551 (2014).

23. The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S.Ct. at 554. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.,* quoting H.R.Rep. No. 112–10, p. 16 (2011).

24. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the applicability of CAFA should be resolved in favor of federal jurisdiction. Sen.Rep. No. 109-14, p. 42 (2005) ("If a federal court is uncertain about whether 'all matters in controversy' in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case.").

25. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In *Vitran,* the court held that it was proper for a defendant in a putative wage and hour class action to establish the amount in controversy requirement for purposes of CAFA by assuming a minimum number of meal and rest period violations per class member per pay period. 471 Fed. App. at 648. Noting that the plaintiffs alleged that their claims were "typical" of the other putative class members, the Court also found it proper to multiply the plaintiff's claimed damages by the number of putative class members in order to meet the amount in controversy requirement. *Id.* at 649.

26. While Defendant denies Plaintiff's factual allegations and denies that she or the putative class she purports to represent are entitled to any of the relief Plaintiff has requested in the Complaint, it is clear that, when the maximum potential value of the claims of Plaintiff and

the putative class members are aggregated, the allegations within Plaintiff's Complaint put into controversy an amount in excess of $5,000,000.[3] *Rhoades v. Progressive Casualty Ins., Co.*, 410 Fed.Appx. 10, 11 (9th Cir. 2010) ("'Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (quoting *Lewis v. Verizon Communications Inc.*, 2010 WL 4645465, 4 (9th Cir. 2010)).

**1. Plaintiff's Wage Statement Claim Places At Least $3,407,500 in Controversy.**

27.  In the Seventh Cause of Action, Plaintiff alleges Defendant "consistently failed to provide Plaintiff and Class members with adequate pay statements as required by California Labor Code section 226." Complaint, ¶ 76. She further alleges that she and the putative class she purports to represent are thus entitled to damages as provided for under Labor Code section 226. *Id.* at ¶ 79.

28.  Labor Code section 226(e) provides that an employee is entitled to recover the greater of all actual damages or $50 for the initial violation and $100 for each alleged subsequent violation, up to a maximum of $4,000, plus costs and reasonable attorneys' fees, if an employer knowingly and intentionally fails to provide an accurate, itemized wage statement. Cal. Labor Code § 226(e). Such an award may be granted for each wage statement issued that fails to comply with Section 226's requirements. Thus, according to Plaintiff's theory, she and the putative class would be entitled to no less than $50 for the first violation, plus $100 for each subsequent violation, for every pay period during the class period where she allegedly did not receive an accurate statement of wages, subject to a maximum award of $4,000. There is a one-

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendant's references to specific damage amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiff's claims is without merit and that Defendant is not liable to Plaintiff or any putative class member. In addition, Defendant denies that liability or damages can be established on a class wide basis. Defendant specifically denies that Plaintiff or the putative class have suffered any damages as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.

year statute of limitations on this claim. See Cal. Code Civ. Proc. §340(a); *Martinez v. Morgan Stanley & Co. Inc.*, 2010 WL 3123175, *6 (S.D. Cal. August 9, 2010).

29. According to Plaintiff's allegations, Defendant employs at least 1,450 putative class members. Complaint, ¶¶ 5, 11. Defendant provides its flight personnel with bi-monthly paychecks, for a total of 24 paychecks a year. Chandra Decl., ¶ 9. Under Plaintiff's theory, each of the 1,450 putative class members would be provided with an inaccurate wage statement 24 times a year. Thus, Plaintiff's wage statement claim has placed **$3,407,500** in controversy [1,450 class members x (1 x $50 for initial violation) + 1,450 class members x (23 x $100 for subsequent violations)]

### 2. Plaintiff's Meal Break Claim Places At Least $3,129,100 in Controversy.

30. In the Fifth Cause of Action, Plaintiff alleges Defendant's systematic payroll practices deprived Plaintiff and the putative class members from taking every 30-minute meal period every day worked. Complaint, ¶ 62. She further alleges that she and the putative class she purports to represent are thus entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code section 226.7. *Id.* at ¶ 64. The class period is alleged to include the last four years from the date of the filing of the Complaint. *Id.* at ¶ 11

31. Assuming Defendant was lawfully required to provide such meal breaks to Plaintiff as a non-exempt employee (as is alleged in the Complaint), then Plaintiff could recover potentially a premium wage equal to one hour of pay for each unprovided meal break. Labor Code § 226.7; *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1039 (2012).

32. According to Plaintiff's Complaint, the putative class members are entitled to the minimum hourly compensation under the San Francisco Minimum Wage Ordinance. *See* Complaint, ¶¶ 38-44. During the alleged class period, the average San Francisco minimum wage was $10.79 per hour. *See* Complaint, ¶ 40.[4]

---

[4] The San Francisco minimum wage was $9.92/hr in 2011, $10.24/hr in 2012, $10.55/hr in 2013, $10.74/hr in 2014, and $11.05/hr in 2015, and $12.25/hr effective 5/1/15. San Francisco Minimum Wage Ordinance, SF Admin.Code, Chapter 12R; http://sfgsa.org/index.aspx?page=411 The average of these hourly rates is $10.79 [6/(9.92+10.24+10.55+10.74+11.05+12.25)].

33.   Even assuming, as Plaintiff apparently alleges, Defendant failed to permit just one meal period per week, then Plaintiff and the putative class could recover potentially recover **$3,129,100** (1,450 class members x 50 meal period hours per year[5] x 4 years x $10.79 average hourly wage).

### 3. Plaintiff's Rest Break Claim Places At Least $3,129,100 in Controversy.

34.   In the Sixth Cause of Action, Plaintiff alleges Defendant's systematic payroll practices deprived Plaintiff and the putative class members from taking rest periods every day worked.  Complaint, ¶ 69.  She further alleges that she and the putative class she purports to represent are thus entitled to damages of one hour of pay at the regular rate of pay as provided for in Labor Code section 226.7.  *Id*. at ¶ 70.  The class period is alleged to include the last four years from the date of the filing of the Complaint.  *Id.* at ¶ 11

35.   Assuming Defendant was lawfully required to provide such rest breaks to Plaintiff as a non-exempt employee (as is alleged in the Complaint), then Plaintiff could recover potentially a premium wage equal to one hour of pay for each unprovided rest break.  Labor Code § 226.7; *United Parcel Service, Inc. v. Sup.Ct.*, 196 Cal.App.4th 57, 68 (2011)

36.   As with the meal periods, assuming Defendant failed to permit just one rest period per week, then Plaintiff and the putative class could recover potentially recover **$3,129,100** (1,450 class members x 50 rest period hours per year x 4 years x $10.79 average hourly wage).

### 4. Plaintiff's Off-the-Clock Claims Place At Least $4,693,650 in Controversy.

37.   In the Fourth Cause of Action, Plaintiff seeks unpaid wages for time worked "off-the-clock."  Complaint, ¶¶ 51-59.  According to Plaintiff's Complaint, Defendant's systematic practice requires the putative class members to "work up to an hour before boarding a flight, the entire duration of a flight, irrespective of in-flight delays, and up to one hour or more after landing," but only pays them for the scheduled flight time plus 15 minutes.  Complaint, ¶ 54.  Even taking a conservative approach, and assuming Plaintiff and the putative class members were

---

[5]   This assumes 50 weeks a year, rather than a full 52 weeks a year.

not paid for 30 minutes of pre-boarding time and 30 minutes of post-landing time, Plaintiff alleges at least one hour of unpaid wages for every flight taken.

38.  In addition, assuming Plaintiff and the putative class members were entitled to and deprived of every meal period, that is an additional 30 minutes of work that Plaintiff and the putative class were not paid.

39.  Thus, even assuming that each putative class member worked 1.5 hours of off-the-clock time per week, Plaintiff's off-the-clock wage claim places **$4,693,650** in controversy (1,450 class members x 1.5 hours x 50 weeks per year x 4 years x $10.79 average hourly wage).

**5.  For CAFA Purposes, the Amount in Controversy Exceeds $5,000,000.**

40.  As demonstrated above, the alleged damages on Plaintiff's Fourth, Fifth, Sixth and Seventh Causes of Action, separately total over $3,000,000 each.  In addition, Plaintiff also seeks recovery for herself and all putative members for unpaid overtime and waiting time penalties. Each of these claims, if added to the aggregate potential damages, further increase the amount in controversy.

41.  Moreover, Plaintiff seeks attorneys' fees, which, for the purposes of class actions, may be calculated by assuming 25 percent of the potential damages.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("[a]ttorney's fees, if authorized by statute or contract, are also part of the calculation"); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("[a]ttorneys' fees may be included in the amount in controversy if recoverable by statute or contract"); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).

42.  Thus, although Defendant denies Plaintiff's allegations and theories of maximum recovery, denies that she or the putative class she purports to represent are entitled to any of the relief for which she has prayed, and expressly reserves all its defenses, based on Plaintiff's allegations, the amount in controversy on ***only four*** of Plaintiff's ***nine* claims** for damages is at least **$14,359,350** and greatly exceeds the $5,000,000 threshold set forth under 28 U.SC. §1332(d)(2).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT'S NOTICE OF REMOVAL
Case No. _____

43. Therefore, Plaintiff's Complaint satisfies the amount in controversy requirement of CAFA.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

44. As set forth above, this Notice of Removal is filed within thirty days of service of process on Defendant and all process, pleadings, and orders filed in this action are attached hereto in **Exhibits 1** and **2**.

45. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1441(a), 1446(a) and 84(a). This action was originally brought in the Superior Court of the State of California, County of Francisco and arises in part out of Plaintiff's employment there. Complaint, ¶ 9. Therefore, this is the appropriate Court for removal.

46. Pursuant to Local Rule 3-2(d), removal and assignment to the San Francisco Division or the Oakland Division of this Court is proper because the alleged acts and occurrences arose in San Francisco County.

47. As required by 28 U.S.C. § 1446(d), Defendant will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, County of San Francisco.

48. Defendant is informed and believes and on that basis alleges that none of the fictitiously-named defendants have been identified by Plaintiffs or served with the Summons and Complaint.

49. Defendant has sought no similar relief.

50. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

51. By this Notice of Removal and the exhibits attached hereto and the documents filed concurrently herewith, Defendant does not intend to make any admissions of fact, law or liability relating to the claims in the Complaint, and it expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

## V. CONCLUSION

52. Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendant prays that the above-captioned action pending in the Superior Court of the State of California, County of San Francisco, be removed therefrom to the United States District Court for the Northern District of California.

Dated: May 20, 2015                                MORGAN, LEWIS & BOCKIUS LLP


By /s/ Robert Jon Hendricks
   Robert Jon Hendricks
   Jennifer A. Tomlin
   Attorneys for Defendant
   VIRGIN AMERICA INC.