EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Virgin America, Inc., a California Corporation; and Does 1-10,
inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Julia Bernstein, on behalf of herself and all others similarly situated;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court
400 McAllister Street, San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*

**CGC-15-544804**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

**BY FAX**

KOSINSKI + THIAGARAJ, LLP, 22 Battery Street, Suite 888, SF, CA 94111; 415-230-2860

DATE: 03/18/2015          Clerk, by                          , Deputy
*(Fecha)*      **CLERK OF THE COURT**   *(Secretario)*      DAVID W. YUEN      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Alison Kosinski (SBN 261676); Emily Thiagaraj (SBN 284634)
Kosinski and Thiagaraj, LLP
22 Battery Street, Suite 888
San Francisco, CA 94111
TELEPHONE NO.: 415-230-2860     FAX NO.: 415-723-7099
ATTORNEY FOR (Name): Julia Bernstein

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

FOR COURT USE ONLY

**F I L E D**
Superior Court of California
County of San Francisco

MAR 18 2015

CLERK OF THE COURT
BY: _David W. Yuen_
        Deputy Clerk

CASE NAME:
Bernstein, et. al. v. Virgin America, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter   ☐ Joinder | CGC-15-544804 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is    ☐ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

**BY FAX**

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 9 (minimum wage; overtime; meal/rest periods; wage statements; UCL)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 03/18/2015
Alison Kosinski
_____
(TYPE OR PRINT NAME)

▶ _Alison Kosinski_
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EX. 1, page14

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

EX. 1, page 15

**DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
Monique Olivier (SBN 190385)
(monique@dplolaw.com)
100 Bush Street, Suite 1800
San Francisco, CA  94104
Telephone:  (415) 433-0333
Facsimile:  (415) 449-6556

**KOSINSKI + THIAGARAJ, LLP**
Alison Kosinski (SBN 261676)
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
(emily@ktlawsf.com)
22 Battery Street, Suite 888
San Francisco, California 94111
Telephone: (415) 230-2860
Facsimile: (415) 723-7099

Attorneys for Plaintiff and Putative Class,

**F I L E D**
Superior Court of California
County of San Francisco

**MAR 18 2015**

CLERK OF THE COURT
BY: _David W Yuen_
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

**BY FAX**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| JULIA BERNSTEIN, on behalf of herself and all others similarly situated, | CASE **CGC - 1 5 - 5 4 4 8 0 4** |
| Plaintiffs, | **CLASS ACTION** |
| v. | 1. **FAILURE TO PAY MINIMUM WAGE** |
| VIRGIN AMERICA, INC.; and Does 1-10, inclusive; | 2. **FAILURE TO PAY SAN FRANCISCO MINIMUM WAGE** |
| Defendants. | 3. **FAILURE TO PAY OVERTIME WAGES** |
| | 4. **FAILURE TO PAY WAGES FOR HOURS WORKED** |
| | 5. **FAILURE TO PROVIDE REQUIRED MEAL PERIODS** |
| | 6. **FAILURE TO PROVIDE REQUIRED REST PERIODS** |
| | 7. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** |

- 1 -

**COMPLAINT FOR DAMAGES**

8. **FAILURE TO PAY WAITING TIME PENALTIES**
9. **VIOLATION OF THE UNFAIR COMPETITION LAW**

**DEMAND FOR JURY TRIAL**

## NATURE OF CLAIM

1.     Plaintiff Julia Bernstein (hereinafter referred to as "Ms. Bernstein" or "Plaintiff") brings this action on behalf of herself and a proposed class of similarly situated individuals against Defendant Virgin America, Inc. (hereinafter referred to as "Virgin" or "Defendant"), for its unlawful employment scheme that denies Plaintiff and others like her the wages and benefits to which they are lawfully entitled.

2.     Plaintiff and proposed Class members are flight crew personnel, including flight attendants and pilots, who work or have worked for Defendant in California.

3.     Through this action, Plaintiff charges Defendant with violations of multiple provisions of the California Labor Code, the California Industrial Welfare Commission Wage Order 9-2001 (hereinafter "Wage Order"), and San Francisco's Minimum Wage Ordinance. Plaintiff seeks, on behalf of herself and the proposed Class, declaratory and injunctive relief, restitution, compensatory damages, statutory damages, penalties, attorneys' fees and costs, and prejudgment interest.

## PARTIES

4.     Plaintiff Julia Bernstein is an individual resident of Los Angeles, California who has performed work as a flight attendant for Defendant at San Francisco International Airport and John F. Kennedy Airport.

5.     Defendant Virgin America, Inc. is a corporation registered in and doing business throughout the State of California.  It is headquartered in Burlingame, California with more than 1,000 employees, including over 850 flight attendants and over 600 pilots, and operates a mainline fleet based at San Francisco International Airport of more than fifty aircrafts.  Defendant operates at airports throughout California, including San Francisco International Airport, Los Angeles

- 2 -

**COMPLAINT FOR DAMAGES**

1   International Airport, and San Diego International Airport.

2       6.    Does 1 through 10, inclusive, are persons or entities whose true names and identities

3   are now unknown to Plaintiff, and who therefore are sued by such fictitious names.  Plaintiff will

4   amend this complaint to allege their true names and capacities once ascertained.  Plaintiff is

5   informed and believes that each of the fictitiously-named Doe defendants, including any such

6   defendants that may be the agents, representatives, or parent or subsidiary corporations of the

7   named Defendant, is responsible in some manner for the occurrences, events, transactions, and

8   injuries alleged herein and that the harm suffered by Plaintiff and the proposed Class were

9   proximately caused by them in addition to Defendant.

10       7.    Plaintiff is informed and believes and thereon alleges that each of the Defendants,

11   including the Doe defendants, acted in concert with each and every other Defendant, intended to

12   and did participate in the events, acts, practices and courses of conduct alleged herein, and was a

13   proximate cause of damage and injury thereby to Plaintiff as alleged herein.

14       8.    At all times herein mentioned, each Defendant was the agent or employee of each of

15   the other Defendants and was acting within the course and scope of such agency or employment.

16   **JURISDICTION AND VENUE**

17       9.    Venue is proper in this County because Defendant conducted substantial business at

18   San Francisco International Airport, which is a department of the City and County of San

19   Francisco, when many violations of the law took place.

20       10.    The damages in this matter exceed $25,000.  This matter is thus properly submitted

21   to the Court of Unlimited Jurisdiction of San Francisco County Superior Court.

22   **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

23       11.    Pursuant to Section 382 of the California Code of Civil Procedure, Plaintiff brings

24   this action on behalf of herself and all other persons similarly situated.  The proposed class

25   (hereinafter the "Class") that Plaintiff seeks to represent is defined as follows:

26       All individuals who have worked as flight personnel of Virgin America, Inc. at any time during the period from four years prior

27   to the filing of the original complaint in this action through the date of final judgment.

28

- 3 -

**COMPLAINT FOR DAMAGES**

12.   The Class is comprised of hundreds of persons and is so numerous that joinder of all members is impracticable.  The exact size of the Class and the identity of the members of the Class are ascertainable from the business records maintained by Defendant.  The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

13.   Plaintiff's claims are typical of the claims of members of the Class as all Class members are similarly affected by Defendant's wrongful conduct in violation of state laws governing labor standards that are complained of herein.  The claims arise from the same course of conduct by Defendant, and the relief sought is common.

14.   Plaintiff will fairly and adequately protect the interests of the members of the Class because:  (a) her interests do not conflict with the interests of the individual members of the Class she seeks to represent; (b) she has retained counsel competent and experienced in wage and hour and class action litigation; and (c) she intends to prosecute this action vigorously.

15.   Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a)   whether Defendant has properly paid all Class members for the hours that were worked in excess of eight (8) hours a day or forty (40) hours a week as required by California law;

(b)   whether Defendant has a policy or practice of failing to pay for all hours worked;

(c)   whether Defendant has a policy or practice of failing to provide accurate wage statements;

(d)   whether Defendant has a policy or practice of failing to provide meal periods;

(e)   whether Defendant has a policy or practice of failing to provide rest breaks;

(f)   whether Defendant's payroll practices are unlawful in violation of California law;

- 4 -

**COMPLAINT FOR DAMAGES**

(g)     whether Defendant's pay policies violate California's minimum wage requirements;

(h)     whether Defendant's pay policies violate San Francisco's minimum wage requirements; and

(i)     whether Defendant's conduct violated the California Unfair Practices Act set forth in the Business and Professions Code section 17200 *et seq.* by violating state and local laws as set forth herein.

16.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all Class members is impracticable. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class member has suffered injury and is entitled to recover by reason of Defendant's unlawful conduct. Common proof as to Defendant's conduct, including Defendant's own documents and pay records, will be available to demonstrate the uniformity of Defendant's conduct.

17.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The prosecution of separate actions against Defendant by individual Class members would create a risk of inconsistent judgments. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

18.     Plaintiff Julia Bernstein joined Virgin in February 2009, as a flight attendant (referred to by Virgin as an "Inflight Teammate"). For approximately the first six months of her employment with Virgin, Ms. Bernstein worked on "reserve" as an Inflight Teammate, and typically flew on flights originating from San Francisco International Airport. After six months, Ms. Bernstein became a non-reserve Inflight Teammate, and typically flew on trips originating from John F. Kennedy Airport, stopping over in Los Angeles International Airport and Logan

- 5 -

**COMPLAINT FOR DAMAGES**

International Airport.  On a typical flight schedule, Ms. Bernstein flew into and out of Los Angeles International Airport on flights originating from the East Coast.  Throughout her tenure at Virgin, Ms. Bernstein regularly attended mandatory trainings at San Francisco International Airport, Virgin's hub.  Ms. Bernstein's employment with Virgin ended in June 2012.  At all times during her employment, Defendant considered and treated Ms. Bernstein as a California employee.

19.    Ms. Bernstein was hired as a flight attendant to work five-day on-call reserve shifts for Defendant.  During these five-day shifts, Ms. Bernstein was required to be within two hours' travel time from San Francisco International Airport.  Defendant typically called her to report for an assigned flight with no more than two hours' notice.  After approximately six months, Ms. Bernstein was given a monthly flight schedule with flights typically originating from John F. Kennedy Airport.  She typically flew from John F. Kennedy Airport to Los Angeles International Airport, then from Los Angeles International Airport to Logan International Airport, from Logan International Airport back to Los Angeles International Airport, and then to John F. Kennedy Airport.  At times, Ms. Bernstein worked back-to-back shifts during her employment with Virgin with less than eight or nine hours of off-duty time between shifts.

20.    As with other Class members, Ms. Bernstein received two paychecks from Virgin each month.  On the first of each month, Virgin paid Ms. Bernstein and other Class members for a set number of hours that equalled a fraction of the actual hours they worked for the preceding month.  On the fifteenth of the month, Virgin paid Ms. Bernstein and other Class members for the remaining balance of hours worked for the preceding month.  The payment on the first of the month did not vary, irrespective of how many hours Ms. Bernstein or other Class members worked in the preceding month.  Virgin's policy and practice of paying flight personnel more than four weeks after their work is performed was and is willful and deliberate.

21.    At all relevant times, Virgin has had a consistent policy and/or practice of not allowing flight personnel to take a meal period earlier than one hour before landing.  During the course of their employment, Ms. Bernstein and other Class members were not allowed a meal period until one hour before landing, irrespective of whether they had already worked five consecutive hours.  Virgin's policy and practice of forcing flight personnel to work without a meal

- 6 -

**COMPLAINT FOR DAMAGES**

1    period was and is willful and deliberate.

2        22.    At all relevant times, Virgin has had a consistent policy and/or practice of not

3    allowing flight personnel who worked more than four hours to take rest breaks.  During the course

4    of their employment, Ms. Bernstein and Class members were not allowed to take rest breaks even

5    when they worked more than four hours.  Virgin's policy and practice of forcing flight personnel to

6    work without a rest break was and is willful and deliberate.

7        23.    At all relevant times, Virgin has had a consistent policy and/or practice of requiring

8    Ms. Bernstein and Class members to perform work without compensation (hereafter referred to as

9    off-the-clock work).  During these times, Ms. Bernstein and Class members are under Virgin's

10   control and are performing work that is related to their principal activities.  Defendant was and is

11   aware that Ms. Bernstein and the Class members worked off-the-clock.

12       24.    Virgin requires all flight personnel to be present at the airport up to one hour before

13   their flight's departure time.  During this time, flight personnel are required to attend a pre-flight

14   briefing meeting.  Virgin requires all flight personnel to be on board and remain on board during

15   the entire boarding process.  Virgin requires all flight personnel to remain on board during the

16   entire deplaning process.  Deplaning at California airports typically takes thirty minutes or more.

17   Virgin does not compensate flight personnel for all of this time.  In particular, Ms. Bernstein and

18   the Class members performed uncompensated work before assigned flights departed and performed

19   uncompensated work after the flights landed.  Virgin has had a consistent policy and/or practice of

20   compensating Ms. Bernstein and Class members for no more than fifteen minutes of work after a

21   flight lands, irrespective of the actual amount of time worked.

22       25.    Virgin has a consistent policy and/or practice of compensating Ms. Bernstein and

23   other Class members for a predetermined number of hours per assigned flight, irrespective of their

24   actual hours worked in-flight for each flight.  Specifically, Virgin compensates all flight personnel

25   for a predetermined number of hours for each flight, irrespective of whether the flight personnel

26   work several more hours than planned because a flight is delayed in the air or on the tarmac.

27   Virgin's policy and practice of forcing flight personnel to work "off-the-clock" was and is willful

28   and deliberate.

- 7 -

**COMPLAINT FOR DAMAGES**

26.    At all relevant times, Virgin has had a consistent policy and/or practice of refusing to pay overtime whenever Ms. Bernstein or other Class members work in excess of eight (8) hours in a day or forty (40) hours in a workweek. As with other Class members, whenever Ms. Bernstein was paid for more than eight hours in one day, she was paid straight pay for any hours in excess of eight hours and not overtime pay. Virgin's policy and practice of not paying overtime was and is willful and deliberate.

27.    At all relevant times, Virgin has had a consistent policy and/or practice of requiring Ms. Bernstein and Class members to attend trainings without compensation. During the course of their employment, Ms. Bernstein and Class members were not compensated for the entire time spent attending mandatory training sessions at San Francisco International Airport. Virgin's policy and practice of not compensating employees for training time was and is willful and deliberate.

28.    At all relevant times, Virgin has had a consistent policy and/or practice of requiring Ms. Bernstein and Class members to undergo random drug testing without compensation. During the course of their employment, Ms. Bernstein and Class members were not compensated for the entire time spent undergoing random drug tests mandated by Defendant. Virgin's policy and practice of not compensating flight personnel for drug testing time was and is willful and deliberate.

29.    At all relevant times, Virgin has had a consistent policy and/or practice of providing wage statements that do not accurately and completely reflect the actual hours worked by Ms. Bernstein and Class members, and the pay rates that correspond to those hours. Virgin's policy and practice of not providing accurate wage statements was and is willful and deliberate.

30.    Virgin's underpayment of regular and overtime premium wages, failure to provide meal breaks, failure to provide rest breaks, failure to pay for training time, failure to pay for time spent undergoing random drug testing, and failure to provide prompt payment of wages to Ms. Bernstein and members of the Class result from certain unlawful compensation practices that Virgin centrally devised, implemented, communicated, and applied to Ms. Bernstein and all other similarly situated employees.

31.    Through common practices, policies, and/or schemes, Virgin has systematically

- 8 -

1  underpaid Ms. Bernstein and members of the Class by, among other things: failing to pay all

2  wages when due; miscalculating and/or failing to keep track of all hours worked by Ms. Bernstein

3  and members of the Class; failing to compensate Ms. Bernstein and Class members for training

4  time; failing to compensate Ms. Bernstein and Class members for time spent undergoing random

5  drug tests; and failing to compensate Ms. Bernstein and Class members for meal and rest periods

6  not taken.

7  **FIRST CAUSE OF ACTION**

8  **(Failure to Pay Minimum Wage [Cal. Labor Code §§ 1182.12, 1194, 1194.2; IWC Wage**
   **Order No. 9-2001, § 4] by Plaintiff Individually and on Behalf of the Class)**
9

10  32.     Ms. Bernstein and members of the Class incorporate herein by specific reference, as

11  though fully set forth, the allegations above.

12  33.     Pursuant to California Labor Code sections 1182.12, 1194, and 1194.2, and IWC

13  Wage Order No. 9-2001, section 4, Virgin is required to compensate Ms. Bernstein and members

14  of the Class for all hours worked. From January 1, 2008 until June 30, 2014, the minimum wage in

15  California was $8.00 per hour. Since July 1, 2014, the minimum wage in California has been $9.00

16  per hour.

17  34.     Ms. Bernstein and members of the Class are non-exempt employees entitled to the

18  protections of California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order

19  No. 9-2001.

20  35.     California law prohibits employers from averaging rates earned by an employee

21  over an entire shift in order to comply with minimum wage laws. Virgin's pay policies and

22  practices violate California's minimum wage requirements because they fail to pay Ms. Bernstein

23  and members of the Class for all hours worked.

24  36.     For example, Virgin pays Ms. Bernstein and members of the Class for a

25  predetermined number of hours for each assigned flight, but not for all in-flight hours or all hours

26  worked prior to departure and after arrival. Virgin also does not pay Ms. Bernstein and members

27  of the Class for their entire time spent undergoing random drug testing or spent attending trainings.

28

- 9 -

**COMPLAINT FOR DAMAGES**

1    As a result, Virgin has failed to pay Plaintiff and members of the Class the applicable minimum

2    wage for all hours worked in violation of the Labor Code and Wage Order 9-2001.

3         37.    Virgin's conduct described herein violates California Labor Code sections 1182.12,

4    1194, and 1194.2, and IWC Wage Order No. 9-2001.  Ms. Bernstein and members of the Class

5    therefore are entitled to recover their unpaid wages, plus interest, penalties, attorneys' fees,

6    expenses, and costs of suit.  Further, Plaintiff and members of the Class are entitled to liquidated

7    damages pursuant to Labor Code section 1194.2

8

9                              **SECOND CAUSE OF ACTION**

10   **(Failure to Pay San Francisco Minimum Wage [San Francisco Admin. Code Ch. 12R] by
     Plaintiff Individually and on Behalf of the Class)**

11        38.    Ms. Bernstein and members of the Class incorporate herein by specific reference, as

12   though fully set forth, the allegations above.

13        39.    At all times relevant to this action, Plaintiff and members of the Class were

14   employed by Virgin within the meaning of the San Francisco Minimum Wage Ordinance, were

15   covered by the provisions of San Francisco's Minimum Wage Ordinance, and were not exempt

16   from the minimum wage requirements of that ordinance.

17        40.    The San Francisco minimum wage was $9.79 per hour in 2010, $9.92 per hour in

18   2011, $10.24 per hour in 2012, $10.55 per hour in 2013, and $10.74 per hour in 2014.  Since

19   January 1, 2015, San Francisco's minimum wage has been $11.05 per hour.

20        41.    San Francisco International Airport is a department of the City and County of San

21   Francisco, and is covered by San Francisco's Minimum Wage Ordinance.

22        42.    The San Francisco Minimum Wage Ordinance requires employers to pay at least the

23   minimum wage for all hours worked.

24        43.    Virgin's pay policies and practices violate San Francisco's minimum wage

25   requirements because they fail to pay Ms. Bernstein and members of the Class for all hours

26   worked.  Virgin pays Ms. Bernstein and members of the Class for a predetermined number of hours

27   for each assigned flight, but not for all in-flight hours or all hours worked prior to departure and

28   after arrival.  Virgin also does not pay Ms. Bernstein and members of the Class for their entire time

- 10 -

**COMPLAINT FOR DAMAGES**

1   spent undergoing random drug testing or spent attending trainings, including at San Francisco

2   International Airport.  As a result, Virgin has failed to pay Plaintiff and members of the Class the

3   applicable minimum wage for all hours worked in violation of San Francisco Admin. Code chapter

4   12R.

5           44.      Pursuant to San Francisco Admin. Code chapter 12R.7(c), Ms. Bernstein and

6   members of the Class are entitled to recover their unpaid wages in an amount to be established at

7   trial, plus prejudgment interest, and costs and attorneys' fees.  Further, Ms. Bernstein and members

8   of the Class are entitled to recover liquidated damages in the amount of $50 per violation per day.

9
10                              **THIRD CAUSE OF ACTION**

11   **(Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 9-2001, § 3] by Plaintiff Individually and on Behalf of the Class)**

12          45.      Ms. Bernstein and members of the Class incorporate herein by specific reference, as

13   though fully set forth, the allegations above.

14          46.      At all times relevant to this action, Plaintiff and members of the Class were

15   employed by Virgin within the meaning of the California Labor Code.

16          47.      Pursuant to California Labor Code sections 510 and 1194, and IWC Wage Order

17   No. 9-2001, section 3, Virgin is required to compensate Ms. Bernstein and members of the Class

18   for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for hours

19   worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight

20   (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of

21   twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the

22   seventh consecutive day of work in any work week.

23          48.      Ms. Bernstein and members of the Class are non-exempt employees entitled to the

24   protections of California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001.

25   During the class period, Virgin failed to compensate Ms. Bernstein and members of the Class for

26   all overtime hours worked as required under the foregoing provisions of the California Labor Code

27   and IWC Wage Order by, among other things:  failing to pay overtime at one and one-half (1½) or

28   double the regular rate of pay as provided by California Labor Code sections 510 and 1194, and

- 11 -

**COMPLAINT FOR DAMAGES**

IWC Wage Order No. 9-2001, section 3; requiring, permitting or suffering Ms. Bernstein and members of the Class to work off the clock; requiring, permitting, or suffering Ms. Bernstein and members of the Class to attend trainings without compensation; requiring Ms. Bernstein and members of the Class to undergo random drug testing without compensation; and requiring, permitting or suffering Ms. Bernstein and members of the Class to work through meal and rest breaks.

49.     In violation of California law, Virgin has knowingly and willfully refused to perform its obligations to compensate Ms. Bernstein and members of the Class for all wages earned and all hours worked.  As a proximate result, Ms. Bernstein and members of the Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Virgin to fully perform its obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

50.     Virgin's conduct described herein violates California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001, section 3.  Therefore, pursuant to applicable provisions under the California Labor Code and IWC Wage Orders, Ms. Bernstein and members of the Class are entitled to recover the unpaid balance of wages owed to them by Virgin, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**(Failure to Pay Wages for Hours Worked [Cal. Labor Code § 204, *et seq*.] by Plaintiff individually and on behalf of the Class)**

51.     Ms. Bernstein and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

52.     At all times relevant to this action, Plaintiff and members of the Class were employed by Virgin within the meaning of the California Labor Code.

53.     California Labor Code section 204 requires an employer, such as Virgin, to pay employees for all work performed on the job.

54.     During the class period, Virgin had, and continues to have, a policy and practice of

- 12 -

**COMPLAINT FOR DAMAGES**

failing to compensate its employees for all hours worked.  Virgin requires, suffers, or permits flight personnel to begin work up to an hour before boarding a flight, the entire duration of a flight, irrespective of in-flight delays, and up to one hour or more after landing, but only pays for the scheduled flight time up through fifteen minutes after landing.  Virgin compensates its flight personnel for a predetermined number of hours per assigned flight, irrespective of the actual number of hours worked by each employee.

55.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to attend mandatory trainings without compensating them for all of the time spent training.

56.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to undergo random drug testing at the conclusion of a flight without compensating for the entire time spent undergoing the drug testing.

57.     Virgin's policies and practices systematically reduce the daily time recorded and/or worked by its hourly employees.  Ms. Bernstein and other Class members performed mandatory work duties that were not recorded and were unpaid.  This work constitutes time worked "off-the-clock" for which Ms. Bernstein and Class members received no compensation.

58.     By requiring Ms. Bernstein and Class members to perform work "off-the-clock," as alleged above, Virgin willfully has violated and continues to violate the provisions of California Labor Code section 204.

59.     As a result of the unlawful acts of Virgin, Ms. Bernstein and Class members have been deprived of compensation in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code section 1194.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Required Meal Periods [Cal. Labor Code §§ 226.7, 510, 512, 1194; IWC Wage Order No. 9-2001, § 11] by Plaintiff Individually and on Behalf of the Class)**

60.     Ms. Bernstein and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

- 13 -

**COMPLAINT FOR DAMAGES**

61.    At all times relevant to this action, Plaintiff and members of the Class were employed by Virgin within the meaning of the California Labor Code.

62.    As part of Virgin's illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Virgin required, permitted or otherwise suffered Ms. Bernstein and members of the Class to take less than the 30-minute meal period, or to work through them, and has failed to otherwise provide the required meal periods to Ms. Bernstein and Class members pursuant to California Labor Code sections 226.7 and 512, and IWC Order No. 9-2001, section 11.

63.    Virgin further violated California Labor Code sections 226.7 and 512, and IWC Wage Order No. 9-2001, section 11 by willfully failing to compensate Ms. Bernstein and members of the Class for all hours worked during their meal periods.

64.    Virgin further violated California Labor Code section 226.7 and IWC Wage Order No. 9-2001, section 11 by failing to pay Ms. Bernstein and members of the Class who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a meal period was not provided.

65.    Virgin further violated California Labor Code sections 226.7, 510, and 1194, and IWC Wage Order No. 9-2001 by failing to compensate Ms. Bernstein and members of the Class for all hours worked during their meal periods.

66.    As a proximate result of the aforementioned violations, Ms. Bernstein and members of the Class have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and/or damages due, interest, and penalties.

### SIXTH CAUSE OF ACTION

**(Failure to Provide Required Rest Periods [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12] by Plaintiff individually and on behalf of the Class)**

67.    Ms. Bernstein and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

68.    At all times relevant to this action, Plaintiff and members of the Class were

- 14 -

**COMPLAINT FOR DAMAGES**

1     employed by Virgin within the meaning of the California Labor Code.

2          69.    At all times relevant herein, as part of Virgin's illegal payroll policies and practices

3     to deprive their non-exempt employees all wages earned and due, Virgin failed to provide rest

4     periods to Ms. Bernstein and members of the Class as required under California Labor Code

5     sections 226.7 and 512, and IWC Wage Order No. 9-2001, section 12.

6          70.    Virgin further violated California Labor Code section 226.7 and IWC Wage Order

7     No. 9-2001, section 12 by failing to pay Ms. Bernstein and members of the Class who were not

8     provided with a rest period, in accordance with the applicable wage order, one additional hour of

9     compensation at each employee's regular rate of pay for each work day that a rest period was not

10    provided.

11         71.    As a proximate result of the aforementioned violations, Ms. Bernstein and members

12    of the Class have been damaged in an amount according to proof at trial, and they are entitled to

13    recover all wages earned and/or damages due, interest, and penalties.

14
15                              **SEVENTH CAUSE OF ACTION**

16    **(Failure to Provide Accurate Wage Statements [Cal. Lab. Code §§ 226, 1174] by Plaintiff individually and on behalf of the Class)**

17         72.    Ms. Bernstein and members of the Class incorporate herein by specific reference, as

18    though fully set forth, the allegations above.

19         73.    At all times relevant to this action, Plaintiff and members of the Class were

20    employed by Virgin within the meaning of the California Labor Code.

21         74.    Pursuant to California Labor Code sections 226 and 1174, all employers are

22    required to maintain accurate records of each employee's hours of work and meal breaks each

23    workday for a period of at least three (3) years, and provide to each employee accurate, periodic

24    wage payments in writing setting forth, among other things:  (a) the dates of labor for which

25    payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of

26    pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from

27    those wages; and (e) the name and address of the employer.

28         75.    Defendant has knowingly failed to comply with these provisions by, among other

- 15 -

**COMPLAINT FOR DAMAGES**

1    things, failing to provide accurate itemized wage statements in writing showing all applicable rates

2    of pay during the pay period and the corresponding number of hours worked at each hourly rate by

3    Plaintiff and Class members.

4         76.    California Labor Code section 226(e) provides that any employee suffering injury

5    due to a willful violation of the aforementioned obligations may collect the greater of either actual

6    damages or $50 for the first inadequate pay statement and $100 for each inadequate statement

7    thereafter up to $4,000 per employee.  During the course of Plaintiff's employment, Defendant

8    consistently failed to provide Plaintiff and Class members with adequate pay statements as required

9    by California Labor Code section 226.

10        77.    Defendant failed to provide such adequate statements willingly and with full

11   knowledge of its obligations under California Labor Code section 226.

12        78.    Defendant's failure to provide such adequate statements has caused injury to the

13   Plaintiff and the Class.

14        79.    Plaintiff and Class members may therefore recover the greater of actual damages or

15   penalties as a result of Defendant's failure to provide proper records, in an amount to be

16   determined at trial.  Plaintiff also seeks costs and attorneys' fees under Labor Code section 226.

17                                    **EIGHTH CAUSE OF ACTION**

18             **(Failure to Pay Waiting Time Penalties [Cal. Lab. Code §§ 201, 202, 203] by**
             **Plaintiff Individually and on Behalf of the Class)**
19

20        80.    Ms. Bernstein and members of the Class incorporate herein by specific reference, as

21   though fully set forth, the allegations above.

22        81.    At all times relevant to this action, Plaintiff and members of the Class were

23   employed by Virgin within the meaning of the California Labor Code.

24        82.    California Labor Code section 201 requires an employer who discharges an

25   employee to pay all compensation due and owing to that employee immediately upon discharge.

26        83.    California Labor Code section 202 requires an employer to pay all compensation

27   due and owing to an employee who quits within 72 hours of that employee quitting, unless the

28   employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the

                                              - 16 -

                                  **COMPLAINT FOR DAMAGES**

1   end of the employee's final day of work.

2         84.    California Labor Code section 203 provides that if an employer willfully fails to pay

3   compensation promptly upon discharge, as required by section 201 or section 202, then the

4   employer is liable for waiting time penalties in the form of continued compensation of up to thirty

5   work days.

6         85.    Defendant has willfully failed and refused to timely pay compensation and wages,

7   including unpaid overtime pay and unpaid regular wage pay, to Plaintiff and members of the Class

8   whose employment terminated.  As a result, Defendant is liable to Plaintiffs and members of the

9   Class for waiting time penalties, together with interest thereon under Labor Code section 203.

10  **NINTH CAUSE OF ACTION**

11  **(Violation of the Unfair Competition Law [Business and Professions Code §§ 17200 *et seq.*]**
    **by Plaintiff individually and on behalf of the Class)**

12

13        86.    Ms. Bernstein and members of the Class incorporate herein by specific reference, as

14  though fully set forth, the allegations above.

15        87.    The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

16  ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business

17  act or practice. Cal. Bus. & Prof. Code § 17200.

18        88.    Virgin's conduct as described above constitutes unlawful business practices for the

19  reasons set forth below, without limitation:

20            (a)    Defendant has violated various sections of the California Labor Code,

21                   including but not limited to Sections 201 and 202 (requiring payment of all

22                   wages due upon termination of employment), 204 (requiring timely

23                   bimonthly payment of wages and timely payment of wages), 226 and 1174

24                   (requiring accurate wage statements), 510 and 1194 (requiring payment of

25                   premium pay for all overtime hours worked); and 1182.12, 1194, and 1194.2

26                   (requiring payment of minimum wage);

27            (b)    Defendant has violated chapter 12R of San Francisco's Minimum Wage

28                   Ordinance; and

- 17 -

**COMPLAINT FOR DAMAGES**

1        (c)     Defendant has violated various sections of Wage Order 9-2001.

2     89.     Virgin's conduct as described above constitutes unfair business practices because

3 Virgin's conduct in denying lawfully earned wages outweighs any utility of such practices.

4     90.     As a result of Defendant's unlawful and unfair conduct, Plaintiff and members of

5 the Class suffered injury in fact and lost money and property, including, but not limited to loss of

6 wages earned.

7     91.     Pursuant to California Business and Professions Code section 17203, Plaintiff and

8 members of the Class seek declaratory and injunctive relief, restitution, disgorgement, and other

9 appropriate equitable relief pursuant to Business and Professions Code section 17204.

10    92.     Pursuant to California Code of Civil Procedure section 1021.5, Plaintiff and

11 members of the Class are entitled to recover reasonable attorneys' fees, costs, and expenses

12 incurred in bringing this action.

### PRAYER FOR RELIEF

14 **WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and the Class

15 against Defendant:

16    1.     Certification of this action as a class action and appointment of Plaintiff and

17 Plaintiff's counsel to represent the Class;

18    2.     Provision of class notice to members of the Class as defined above;

19    3.     A declaratory judgment that Defendant knowingly and intentionally violated the

20 following provisions of the law:

21       a.    California Labor Code sections 1182.12, 1194, and 1194.2 by failing to pay

22         California minimum wage;

23       b.    San Francisco Minimum Wage Ordinance chapter 12R by failing to pay San

24         Francisco minimum wage;

25       c.    California Labor Code sections 510 and 1194 by failing to pay overtime

26         wages;

27       d.    California Labor Code section 204 by failing to pay for all hours worked off-

28         the-clock;

- 18 -

**COMPLAINT FOR DAMAGES**

e.  California Labor Code sections 226.7, 510, 512, and 1194 by failing to provide meal periods or compensation for working through meal periods by Plaintiff and Class members;

f.  California Labor Code section 226 by failing to provide accurate wage statements;

g.  California Labor Code sections 226.7 and 512 by failing to provide rest periods to Plaintiff and Class members; and

h.  California Labor Code section 204 by failing to comply with semimonthly payment of wages to Plaintiff and Class members.

4.  That Defendant be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

5.  An order requiring Defendant to pay restitution of all amounts owed to Plaintiff and members of the Class, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

6.  Compensatory damages according to proof;

7.  Statutory damages, liquidated damages, and penalties as provided under the Labor Code and San Francisco's Minimum Wage Ordinance;

8.  Pre-judgment interest on all sums collected;

9.  Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and the California Labor Code, and/or other applicable law;

10.  Costs of suit herein; and

11.  Such other and further relief as the Court may deem appropriate.

Dated: March 18, 2015

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

KOSINSKI AND THIAGARAJ, LLP

By:  _Alison Kosinski_
Alison Kosinski
Attorney for Plaintiff and the Putative Class

- 19 -

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated:  March 18, 2015

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

KOSINSKI AND THIAGARAJ, LLP

By: _Alison Kosinski_
Alison Kosinski
Attorney for Plaintiff and the Putative Class

- 20 -

**COMPLAINT FOR DAMAGES**