UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>VIRGIN AMERICA, INC.,<br><br>    Defendant. | Case No. 15-cv-02277-JST (JSC)<br><br>**ORDER RE DEFENDANT'S REQUEST FOR PLAINTIFFS' TAX RETURNS**<br><br>Re: Dkt. Nos. 154, 155, 156 |

Plaintiff Julia Bernstein, Lisa Marie Smith, and Esther Garcia (collectively, "Plaintiffs") represent a class of flight attendants suing Defendant Virgin America, Inc. ("Defendant") for allegedly denying Plaintiffs' wages and benefits. Discovery disputes in this class action have been referred to the undersigned magistrate judge. (Dkt. No. 130.) On May 18, 2017, the Court held a hearing on the parties' discovery dispute regarding Defendant's request for Plaintiffs' tax returns, and ordered additional briefing. (Dkt. No. 155.) Now pending before the Court is the parties' joint letter brief regarding Defendant's request for an order compelling Plaintiffs to produce their tax returns. (Dkt. No. 156.) Having carefully considered the parties' arguments, the Court DENIES Defendant's request for Plaintiffs' tax returns.

**DISCUSSION**

"In diversity actions, questions of privilege are controlled by state law." *In re Cal. Pub. Utils. Comm'n,* 892 F.2d 778, 781 (9th Cir. 1989). Under California law, a privilege protects forced disclosure of income tax returns. *Schnabel v. Super. Ct. of Orange Cnty.*, 5 Cal. 4th 704, 719 (1993) (quoting *Webb v. Standard Oil*, 49 Cal.2d 509, 513 (1957)). The privilege is meant "to facilitate tax enforcement by encouraging a taxpayer to make full and truthful declarations in his return, without fear that his statements will be revealed or used against him for other

purposes." *Id.* California courts have extended the privilege to cover records submitted with tax returns, including, for example, W-2s. *See Brown v. Super. Ct. of the City & Cnty. of San Francisco*, 71 Cal. App. 3d 141, 143-44 (1977) (holding that W-2s are "information contained in the returns" and thus fall within the scope of the privilege) (citation omitted); *Bowerman v. Field Assert Servs., Inc.*, No. 13-cv-00057-WHO, 2013 WL 6057043, at *2-3 (N.D. Cal. Nov. 14, 2013) (concluding that the privilege protected Schedule Cs, payroll tax records, and 1099s for any employees hired).

The tax privilege is not absolute and is waived or inapplicable where: "(1) there is an intentional relinquishment, (2) the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer's privilege as to compel the conclusion that the privilege has in fact been waived, or (3) a public policy greater than that of confidentiality of tax returns is involved." *Schnabel,* 5 Cal. 4th at 721 (internal quotation marks, citations, and brackets omitted). None of the three exceptions apply here.

Defendant argues Plaintiffs resigned their privilege when they placed their residency at issue, sought certification of a residency based subclass, and relied upon where they filed their tax returns to establish residency. The Court disagrees. While residency is relevant to determine subclass membership, production of the tax returns is not necessary to decide residency. *See Bowerman v. Field Asset Servs.*, No. 13-cv-00057-WHO, 2013 WL 6057043, at *2 (N.D. Cal. Nov. 14, 2013) (where Plaintiff can testify to information and/or information can be obtained from other sources, tax returns will not be compelled). First, Plaintiffs testified under oath to where they file tax returns. Second, Defendant possesses Plaintiffs' W-4s, which state their home addresses for the purposes of income tax residency. Third, Defendant can turn to its own business records, including the class list, which identifies the address each flight attendant provided to Defendant or the state for which the flight attendant had income taxes withheld. There is no need for production of the highly privileged returns themselves.

Defendant's insistence that due process requires that it be allow to verify the veracity of Plaintiffs' deposition testimony and whether each Plaintiff properly filed their returns in California is unpersuasive. Defendant offers no explanation, and the Court cannot discern any, as

2

to why a flight attendant would have California income taxes withheld from her paycheck if her residency was actually somewhere else. The cases Defendant cites are inapposite. *Moss* and *Marks* concern citizenship, not residency, and do not require the production of tax returns. *Moss v. Infinity Insurance Co.*, No. 15-CV-03456-JSC, 2016 WL 7178559, (N.D. Cal. Dec. 9, 2016); *Marks v. American Airlines, Inc.*, No. 2:05-cv-08947- CAS-AJW, Dkt. 22 (C.D. Cal. Feb. 27, 2016). *Alakozai* and *Liberty Mutual* do not discuss the tax privilege. *Alakozai v. Chase Investment Services, Corp.*, No. 11-cv-09178, Dkt. 125, *1 (C.D. Cal. Aug. 7, 2014); *Liberty Mut. Ins. Co. v. California Auto Assigned Risk Plan*, No. 3:11-cv-01419-MMC, 2012 WL 892188 (N.D. Cal. Mar. 14, 2012). Plaintiffs did not intentionally relinquished their privilege.

Nor do the second or third exceptions apply. Defendant has not made the argument that the gravamen of the lawsuit is so inconsistent with the continued assertion of the taxpayer privilege as to conclude that the privilege has been waived, nor has Defendant identified any public policy that outweighs the protection of tax returns under the circumstances presented here.

## CONCLUSION

For the reasons discussed above, the Court DENIES Defendant's request for an order compelling Plaintiffs to produce their tax returns.

This Order disposes of Docket No. 156.

**IT IS SO ORDERED.**

Dated: June 9, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge