United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, ET AL., <br> Plaintiffs, <br> v. <br> VIRGIN AMERICA, INC., <br> Defendant. | Case No. 15-cv-02277-JST <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Re: ECF No. 179 |

Before the Court is Defendant Virgin America, Inc.'s ("Virgin") Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge. ECF No. 175. Virgin asks the Court to set aside Judge Corley's order denying its pair of requests to compel discovery from absent class members. ECF No. 175.

A district court may refer non-dispositive pretrial issues to a magistrate under 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

This Court reviews the magistrate judge's findings of fact for clear error and reviews legal conclusions to determine whether they are contrary to law. See Wolpin v. Philip Morris Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999). The clear error standard allows the court to overturn a magistrate's factual determinations only if the court reaches a "definite and firm conviction that a mistake has been committed." Id. (citing Federal Sav. & Loan Ins. Corp. v. Commonwealth Land Title Ins. Co., 130 F.R.D. 507 (D.D.C.1990)).

"When the court reviews the magistrate's determination of relevance in a discovery order . . . [']the standard of review in most instances is not the explicit statutory language, but the

clearly implicit standard of abuse of discretion.'" Perry v. Schwarzenegger, 286 F.R.D. 344, 348 (N.D. Cal. 2010) (quoting Geophysical Sys. Corp. v. Raytheon Co., Inc., 117 F.R.D. 646, 647 (C.D. Cal. 1987). "The court should not disturb the magistrate's relevance determination except where it is based on 'an erroneous conclusion of law or where the record contains no evidence on which [the magistrate] rationally could have based that decision.'" Equal Emp't Opportunity Comm'n v. Peters' Bakery, 301 F.R.D. 482, 484-85 (N.D. Cal. 2014) (quoting Wolpin, 189 F.R.D. at 422).

Here, Virgin seeks depositions of and documents and interrogatory responses from each of the roughly 1,800 class members. ECF Nos. 165 (seeking documents and interrogatory responses), 172 (seeking depositions). Specifically, Virgin seeks "documents and information bearing directly on the class members' states of residence" – to determine membership in the California Resident Subclass – including discovery related to class members' tax returns, ownership of real property, and other employment. ECF No. 165 at 1. Virgin argued before Judge Corley that it required this discovery to obtain information "relevant to a motion for decertification, its opposition to Plaintiffs' summary judgment motion on a class-wide basis, and to its anticipated motion for summary judgment as to the class." ECF No. 172 at 1.

Judge Corley denied the request, finding that the "broad discovery [Virgin] seeks—depositions, document requests and interrogatories *for every one of 1800 class members*—is not appropriate for a certified class." ECF No. 175 at 1 (emphasis in original). Judge Corley noted that, if Virgin believed that discovery from individual class members was necessary – i.e. if Virgin "believes that liability involves significant individual questions" – Virgin should file a motion to decertify the class rather than seeking discovery from absent class members. Id. at 2. Judge Corley clarified that the denial of Virgin's request was without prejudice to Virgin seeking the discovery later if and when its anticipated motion to decertify the class is successful. Id.

In its motion for relief, Virgin contends that Judge Corley erred in denying the discovery because, among other things, the Federal Rules do not preclude discovery from absent class members after class certification and because the requested discovery is relevant to potential membership in the California Resident Subclass and cannot be obtained through representative

2

sampling or extrapolation. ECF No. 179 at 2-3. Virgin further argues that Judge Corley erred by failing to perform an explicit analysis regarding proportionality. Id. at 4.

Having carefully considered Judge Corley's Order in the light of Virgin's objection, the Court concludes that Virgin has not demonstrated that Judge Corley clearly erred in denying the requested discovery or abused her discretion.

Virgin's Motion for Relief from a Non-Dispositive Pretrial Order of a Magistrate Judge is denied.

**IT IS SO ORDERED.**

Dated: August 25, 2017

_____
JON S. TIGAR
United States District Judge