United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGIN AMERICA, INC.,<br><br>Defendant. | Case No. 15-cv-02277-JST (JSC)<br><br>**ORDER RE DEFENDANT'S DISCOVERY REQUESTS**<br><br>Re: Dkt. No. 193 |

Plaintiffs represent a class of flight attendants suing Defendant Virgin America, Inc. ("Defendant") for wages and hour violations. Discovery disputes have been referred to the undersigned magistrate judge. (Dkt. No. 130.) Now pending before the Court is the parties' joint discovery letter brief regarding Defendant's request to compel the named Plaintiffs to provide responses or supplemental responses to the following requests: (1) identify every California election Plaintiffs voted in since March 2011; (2) identify every job, including the name and location of the employer, since March 2011 for Plaintiffs Garcia and Smith; (3) identify every place Plaintiffs resided since March 2011; (4) provide the specific dates and amount of time Plaintiffs spent submitting incident reports; (5) identify wages owed that Defendant's allegedly failed to pay; and (6) produce documents evidencing hours Plaintiffs worked off-the clock. (Dkt. No. 193.)

Named plaintiffs are ordered to fully respond to Defendant's interrogatories regarding (1) elections, (2) employment history, and (3) residence history. This information is relevant to the named Plaintiffs' residency and is not disproportional to the needs of the case.

Plaintiffs are also ordered to provide supplemental responses to Defendant's request regarding the specific dates and amount of time Plaintiffs spent preparing incident reports to the

extent Plaintiffs can provide further details now that the incident reports they completed have been produced to them. For example, Plaintiffs' earlier estimate may be high or low and Defendant is entitled to know Plaintiffs' current contention as to the number, dates and estimated time spent as to each incident report in light of the production of the incident reports.

As for the request for a privilege log, it is unclear even to the Court whether Plaintiffs are withholding responsive documents on grounds of privilege. If Plaintiffs believe that responsive documents are privileged but also irrelevant, then such position should have been made clear to Defendant so that the parties can meet and confer. Defendant is not required to guess whether Plaintiffs are withholding documents. Accordingly, Plaintiffs shall supplement their written response to RFP Nos. 5, 9, 10, 18 (Bernstein), 19, 71 (Smith), and 72 (Smith and Garcia) to conform with the Federal Rules of Civil Procedure.

Defendant's request for supplemental responses regarding wages allegedly owed to Plaintiffs is denied. The total amount of wages owed is expert discovery and Plaintiffs have stipulated this information will be provided in their forthcoming expert report.

Defendant's request for documents evidencing hours Plaintiffs worked off-the-clock is also denied. Plaintiffs responded that they are not in possession of any requested documents; thus, Plaintiffs will not be offering any documents in support of their off-the-clock claims other than what has already been produced.

Plaintiffs shall supplement their responses as set forth in this Order on or before October 20, 2017.

This Order disposes of Docket No. 193.

**IT IS SO ORDERED.**

Dated: October 6, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge