UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNSTEIN,<br><br>        Plaintiff,<br><br>v.<br><br>VIRGIN AMERICA,<br><br>        Defendant. | Case No. 15-cv-2277 JST (JSC)<br><br>**ORDER RE: DISCOVERY LETTER MOTIONS**<br><br>Re: Dkt. Nos. 199, 200 |

The parties seek to compel certain discovery.

## I.    Letter 1 (Dkt. No. 199)

The first letter concerns two requests to compel Plaintiffs' responses to Virgin's Requests for Production (RFP) and Requests for Admission (RFA).

First, Virgin seeks communications sent by Plaintiffs, Plaintiffs' attorneys, or anyone acting upon Plaintiffs' behalf, to the Class Members. Virgin further seeks a privilege log for any documents that are withheld pursuant to work product or attorney client privilege. Plaintiffs assert that they have produced all responsive non-privileged communications and the only documents being withheld are communications between Plaintiffs and class counsel during the litigation. In this Court's experience parties generally do not log communications between counsel and her client(s) post commencement of the litigation because such communications are privileged and voluminous. Defendant nonetheless argues that for those communications that Plaintiffs claim are protected by attorney work product, Defendant has a substantial need for the facts set forth in such communications because it has not had the opportunity to take discovery of or depose absent class members. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii); *see also Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR(JSC), 2016 WL 2606830, at *5 (N.D. Cal. May 6, 2016) ("ordinary

factual work product is discoverable when the moving party has a substantial need for the documents").

Plaintiffs shall produce a privilege log for any withheld communications with absent class members. It is not obvious that every communication class counsel had with absent class members is absolutely privileged and Defendant cannot begin to challenge the assertion of privilege until the communications are identified on a compliant privilege log. No log is required for class counsel's communications with the named plaintiffs as Defendant has had the opportunity to depose and take discovery of the named plaintiffs and thus has not shown any potential substantial need as to them. *See Hatamian*, 2016 WL 2606830, at *6.

Second, Virgin seeks supplemental responses to their Request for Admissions 11-25 because Plaintiffs have objected without admitting or denying the requests. Plaintiffs counter that RFAs 11-25 call for legal conclusions--asking Plaintiffs to admit that certain activities are "a violation of California law," "current federal law," "FAA regulations," and the federal government "did not intend" certain results. The Court agrees. Defendant's requests do not seek admissions regarding the application of law to facts, but instead seek to have Plaintiffs admit what the law requires or does not require. Such requests are not appropriate. *See, e.g., Music Group Commer. Offshore, Ltd. v. Foote*, 2015 U.S. Dist. LEXIS 16743 *6 (N.D. Cal. Feb. 11, 2015). Accordingly, Defendant's motion to compel responses to its RFAs is DENIED.

**II. Letter 2 (Dkt. No. 200)**

The second letter concerns Plaintiffs' RFPs, interrogatories, and the depositions of Virgin's newly identified witnesses. Plaintiffs' RFP Set 5, Nos. 18, 19, 32, 34, 35 and 39 request documents that relate to any internal complaints, inquiries or comments made by class members regarding Virgin's wage, wage statement, meal and rest break policies and practices. Plaintiffs narrowed their requests and provided a list of custodians. Virgin argues it objected to Plaintiffs' requests two years ago and Plaintiffs finally provided their proposal with the custodians and search terms the Saturday before the parties' Monday, October 9, 2017 discovery cutoff. Virgin further argues that 28 search terms and 35 custodians is too burdensome.

Plaintiff Bernstein's Request for Production of Documents Set 6, No. 9 asks for "communications among InFlight personnel and/or InFlight personnel and Defendant's management personnel regarding the completion of, and/or compensation for completing incident reports by class members during the relevant period." Plaintiffs have provided a list of custodians and search terms. Virgin argues 16 separate searches to the email box of every "Inflight Supervisor, Inflight Management Personnel, and Human Resources Personnel" – a group of at least 35 custodians - is unduly burdensome. Moreover, Virgin asserts it has already produced rules regarding the circumstances that may require an incident report, as well as every incident report completed by every Class Member during the relevant time period.

Plaintiffs' requests are DENIED. While the documents sought are relevant, the evidence in the record shows that Plaintiffs provided Defendant with a proposed list of custodians and search terms on Saturday, October 7, 2017 with discovery closing on October 9, 2017. While normally Defendant would be required to determine how many documents such terms and custodians turn up and then if the response is unduly burdensome and over inclusive, Defendant would meet and confer with Plaintiffs regarding narrowing terms and custodians. Plaintiffs' late proposal, however, does not allow for this process. Plaintiffs claim in their letter brief that there is more to the meet and confer history than Defendant suggests, but there is no evidence of such before the Court. Given that Plaintiffs propounded this request two years ago there is no reason that they could not have provided proposed search terms at an earlier time or brought the dispute to this Court earlier.

Interrogatories Set 2, No. 3 requests that Virgin "Identify the custodian(s) of records, including name, title, and all contact information, for all documents identified in YOUR Supplemental Initial Disclosures." Plaintiffs assert that Virgin stipulated to the authenticity/admissibility of certain documents, but has not stipulated to the authenticity/admissibility of all documents it has produced. Accordingly, in the absence of such stipulation, Plaintiffs seek the names of custodians of records should it be necessary to call those individuals at trial. Plaintiffs also seek to depose six individuals who were disclosed by Virgin on the last day of discovery and after the discovery cutoff. Plaintiffs request 30 days to schedule and

3

conduct the depositions. If Virgin stipulates that these witnesses will not appear at trial or submit a declaration in support of any dispositive motions, Plaintiffs are willing to accept this compromise. Virgin argues the parties have stipulated to the authenticity and admissibility of documents produced by Virgin and have further stipulated regarding changes in policies, practices and procedures since the acquisition of Virgin by Alaska Air Group, Inc., obviating the need for depositions on said topics.

Defendant responds that it has "stipulated to the authenticity and admissibility of documents produced by Defendant in this action." (Dkt. No. 200 at 4.) Accordingly, Defendant is precluded from challenging the authenticity or admissibility of all documents it has produced. As for its last-minute disclosure of witnesses, it contends that those witnesses would have testified as to topics on which the parties have since stipulated. (*Id.*) Accordingly, Defendant is precluded from calling these witnesses in its case-in-chief at trial or submitting affidavits from them in connection with summary judgment.

**CONCLUSION**

Plaintiffs shall provide Defendant with a privilege log of withheld communications involving absent class members (but not named plaintiffs) on or before October 30, 2017. In all other respects the parties' motions to compel are DENIED.

This Order disposes of Docket Nos. 199 and 200.

**IT IS SO ORDERED.**

Dated: October 23, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge