UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGIN AMERICA, INC.,<br><br>Defendant. | Case No. 15-cv-02277-JST (JSC)<br><br>**ORDER RE VIRGIN'S DISCOVERY REQUEST**<br><br>Re: Dkt. No. 203 |

The Court is in receipt of the parties' joint discovery letter brief concerning Defendant Virgin America Inc.'s request to compel Plaintiffs to provide amended interrogatory responses to comply with the Court's recent discovery Orders, Docket Nos. 195 and 202, and to produce documents referenced in Plaintiffs' privilege log on the grounds that the log is also non-compliant.

Virgin argues Plaintiffs failed to fully respond to interrogatories regarding (1) elections, (2) employment history, and (3) residency history since March 2011. The Court agrees with Virgin's position that Plaintiffs' answers are deficient because they Plaintiffs not provide information for the entire time period since March 2011. Just because they were not working for Virgin during certain periods does not mean the sought-after information is irrelevant to their residency when working for Virgin. Further, the Court ordered Plaintiffs to "fully respond" to the interrogatories. If Plaintiffs disagreed they should have objected to the district court or moved for reconsideration; having failed to do so, it was improper to unilaterally decide not to fully respond. Accordingly, Plaintiffs are ordered to supplement their interrogatory responses to account for the entire time period, including the period Plaintiffs were not working for Virgin. In the event Plaintiffs did not vote in a certain election, Plaintiffs must say so rather than leave that time period unaccounted for. Plaintiffs, however, do not have to identify the particular election, so long as they identify when

they voted and in what state the election in which they voted was held.

Virgin also argues that Plaintiffs failed to produce a compliant privilege log because the log comingles the communications between Plaintiffs' counsel and absent class members into single entries with general date ranges that do not provide the dates on which the communications were actually sent or received, the subject matter, and the identities of the author and recipient for each communication. The Court denies Virgin's request to compel the documents referenced in Plaintiffs' privilege log. The log identifies the particular absent class member with whom class counsel communicated, the date the communications began, and the subject matter. For example, the log discloses that the communications discuss the status of the litigation, a perfectly plausible explanation. Now that this information has been provided, Virgin does not so much as offer a theory as to how any of these communications is even remotely not privileged.

This Order disposes of Docket No. 203.

**IT IS SO ORDERED.**

Dated: November 13, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge