1

**DUCKWORTH PETERS LEBOWITZ OLIVIER LLP**
Monique Olivier (SBN 190385)
2
(monique@dplolaw.com)
100 Bush Street, Suite 1800
3
San Francisco, CA  94104
Telephone:  (415) 433-0333
4

5
**KOSINSKI + THIAGARAJ, LLP**
Alison Kosinski (SBN 261676)
6
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
7
(emily@ktlawsf.com)
351 California Street, Suite 300
8
San Francisco, California 94104
Telephone: (415) 230-2860
9

Attorneys for Plaintiffs and the Putative Class
10

11
*Additional Counsel Listed on Signature Page*

12
## IN THE UNITED STATES DISTRICT COURT

13
## NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 JULIA BERNSTEIN, LISA MARIE SMITH, and ESTHER GARCIA, on behalf of themselves 16 and all others similarly situated, | **CASE NO.:** 15-CV-02277-JST |
| 17 Plaintiffs, | **CLASS ACTION** **SECOND AMENDED COMPLAINT and JURY DEMAND** |
| 18 v. | |
| 19 | 1.  **FAILURE TO PAY MINIMUM WAGE** 2.  **FAILURE TO PAY OVERTIME WAGES** |
| 20 VIRGIN AMERICA, INC.; ALASKA AIR GROUP, INC.; and Does 1-10, inclusive; | 3.  **FAILURE TO PAY WAGES FOR HOURS WORKED** 4.  **FAILURE TO PROVIDE REQUIRED** |
| 21 Defendants. | **MEAL PERIODS** 5.  **FAILURE TO PROVIDE REQUIRED** |
| 22 | **REST PERIODS** 6.  **FAILURE TO PROVIDE ACCURATE** |
| 23 | **WAGE STATEMENTS** 7.  **FAILURE TO PAY WAITING TIME** |
| 24 | **PENALTIES** 8.  **VIOLATIONS OF THE UNFAIR** |
| 25 | **COMPETITION LAW** 9.  **VIOLATIONS OF THE PRIVATE** |
| 26 | **ATTORNEY GENERAL ACT** |

27

28

1

## NATURE OF CLAIM

1.     Plaintiff Julia Bernstein (hereinafter referred to as "Ms. Bernstein"), Plaintiff Lisa Marie Smith (hereinafter referred to as "Ms. Smith"), and Plaintiff Esther Garcia (hereinafter referred to as "Ms. Garcia") (collectively referred to as "Plaintiffs") bring this action on behalf of themselves and a proposed class of similarly situated individuals against Defendant Virgin America, Inc. and Defendant Alaska Air Group, Inc. (hereinafter collectively referred to as "Virgin" or "Defendant"), for its unlawful employment scheme that denies Plaintiffs and others like them the wages and benefits to which they are lawfully entitled.

2.     Plaintiffs and proposed Class members are flight attendants who work or have worked for Defendant in California.

3.     Through this action, Plaintiffs charge Defendant with violations of multiple provisions of the California Labor Code, the California Industrial Welfare Commission Wage Order 9-2001 (hereinafter "Wage Order"), and the Private Attorney General Act of 2004 ("PAGA").  Plaintiffs seek, on behalf of themselves and the proposed Class, declaratory and injunctive relief, restitution, compensatory damages, statutory damages, penalties, attorneys' fees and costs, and prejudgment interest.

## PARTIES

4.     Plaintiff Julia Bernstein is an individual resident of Los Angeles, California who has performed work as a flight attendant for Defendant at San Francisco International Airport and John F. Kennedy Airport.

5.     Plaintiff Lisa Marie Smith is an individual resident of Campbell, California who has performed work as a flight attendant for Defendant at San Francisco International Airport.

6.     Plaintiff Esther Garcia is an individual resident of Granada Hills, California who has performed work as a flight attendant for Defendant at San Francisco International Airport and Los Angeles International Airport.

7.     Defendant Virgin America, Inc. is a corporation registered in and doing business throughout the State of California.  It is headquartered in Burlingame, California with more than 1,000 employees, including over 850 flight attendants, and operates a mainline fleet based at San

Francisco International Airport of more than fifty aircrafts.  Defendant operates at airports throughout California, including San Francisco International Airport, Los Angeles International Airport, and San Diego International Airport.

8.      Defendant Alaska Air Group, Inc. ("Alaska") is a Delaware corporation headquartered in Seattle, Washington and doing business in California.  In December 2016, Virgin and Alaska announced their merger, pending federal regulatory approval.  On January 11, 2018, the Federal Aviation Administration issued a Single Operating Certificate to Virgin and Alaska Airlines.  As a result of the merger between Alaska and Virgin and the issuance of the Single Operating Certificate, Alaska is the successor-in-interest to Virgin. Alaska and Virgin are referred to hereinafter as "Virgin" or "Defendant."

9.      Does 1 through 10, inclusive, are persons or entities whose true names and identities are now unknown to Plaintiffs, and who therefore are sued by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities once ascertained.  Plaintiffs are informed and believe that each of the fictitiously-named Doe defendants, including any such defendants that may be the agents, representatives, or parent or subsidiary corporations of the named Defendant, is responsible in some manner for the occurrences, events, transactions, and injuries alleged herein and that the harm suffered by Plaintiffs and the proposed Class were proximately caused by them in addition to Defendant.

10.      Plaintiffs are informed and believe and thereon allege that each of the Defendants, including the Doe defendants, acted in concert with each and every other Defendant, intended to and did participate in the events, acts, practices and courses of conduct alleged herein, and was a proximate cause of damage and injury thereby to Plaintiffs as alleged herein.

11.      At all times herein mentioned, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment.

## JURISDICTION AND VENUE

12.      This court has jurisdiction over Plaintiffs' and the Class members' causes of action alleged herein under section 28 U.S.C. section 1332(d), because this is a class action in which the amount in controversy exceeds $5,000,000, there are more than 100 putative class members, and

3

some class members are citizens of a different state than Defendant.

13.     Venue is proper in this district under 28 U.S.C. section 1391 because a substantial portion of the events which are the subject of this action were performed in the County of San Francisco, in the State of California.

14.     Pursuant to Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Francisco County, California.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

15.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all other persons similarly situated.  The proposed class (hereinafter the "Class") that Plaintiffs seek to represent is defined as follows:

> All individuals who have worked as flight attendants of Virgin America, Inc. at any time during the period from four years prior to the filing of the original complaint in this action through the date of final judgment.

16.     This action may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.

17.     The Class is comprised of hundreds of persons and is so numerous that joinder of all members is impracticable.  The exact size of the Class and the identity of the members of the Class are ascertainable from the business records maintained by Defendant.  The Class may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

18.     Plaintiffs' claims are typical of the claims of members of the Class as all Class members are similarly affected by Defendant's wrongful conduct in violation of state laws governing labor standards that are complained of herein.  The claims arise from the same course of conduct by Defendant, and the relief sought is common.

19.     Plaintiffs will fairly and adequately protect the interests of the members of the Class because:  (a) their interests do not conflict with the interests of the individual members of the Class they seek to represent; (b) they have retained counsel competent and experienced in wage and hour

1   and class action litigation; and (c) they intend to prosecute this action vigorously.

2       20.     Common questions of law and fact exist as to all members of the Class and

3   predominate over any questions solely affecting individual members of the Class.  Among the

4   questions of law and fact common to the Class are:

5       (a)     whether Defendant has properly paid all Class members for the hours that

6               were worked in excess of eight (8) hours a day or forty (40) hours a week as

7               required by California law;

8       (b)     whether Defendant has a policy or practice of failing to pay for all hours

9               worked;

10      (c)     whether Defendant has a policy or practice of failing to provide accurate

11              wage statements;

12      (d)     whether Defendant has a policy or practice of failing to provide meal

13              periods;

14      (e)     whether Defendant has a policy or practice of failing to provide rest breaks;

15      (f)     whether Defendant's payroll practices are unlawful in violation of California

16              law;

17      (g)     whether Defendant's pay policies violate California's minimum wage

18              requirements;

19      (h)     whether Defendant's conduct violated the California Unfair Practices Act set

20              forth in the Business and Professions Code section 17200 *et seq.* by violating

21              state and local laws as set forth herein; and

22      (i)     Whether Defendant is liable for civil penalties for any of the above

23              violations, pursuant to Labor Code section 2698 *et seq.*

24      21.     A class action is superior to all other available methods for the fair and efficient

25   adjudication of this controversy.  Joinder of all Class members is impracticable.  Questions of law

26   and fact common to the Class predominate over any questions affecting only individual members

27   of the Class.  Each Class member has suffered injury and is entitled to recover by reason of

28   Defendant's unlawful conduct.  Common proof as to Defendant's conduct, including Defendant's

5

own documents and pay records, will be available to demonstrate the uniformity of Defendant's conduct.

22.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. The prosecution of separate actions against Defendant by individual Class members would create a risk of inconsistent judgments.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

23.     Plaintiff Julia Bernstein joined Virgin in February 2009, as a flight attendant (referred to by Virgin as an "Inflight Teammate").  For approximately the first six months of her employment with Virgin, Ms. Bernstein worked on "reserve" as an Inflight Teammate, and typically flew on flights originating from San Francisco International Airport.  After six months, Ms. Bernstein became a non-reserve Inflight Teammate, and typically flew on trips originating from John F. Kennedy Airport, stopping over in Los Angeles International Airport and Logan International Airport.  On a typical flight schedule, Ms. Bernstein flew into and out of Los Angeles International Airport on flights originating from the East Coast.  Throughout her tenure at Virgin, Ms. Bernstein regularly attended mandatory trainings at San Francisco International Airport, Virgin's hub.  Ms. Bernstein's employment with Virgin ended in June 2012.  At all times during her employment, Defendant considered and treated Ms. Bernstein as a California employee.

24.     Ms. Bernstein was hired as a flight attendant to work five-day on-call reserve shifts for Defendant.  During these five-day shifts, Ms. Bernstein was required to be within two hours' travel time from San Francisco International Airport.  Defendant typically called her to report for an assigned flight with no more than two hours' notice.  After approximately six months, Ms. Bernstein was given a monthly flight schedule with flights typically originating from John F. Kennedy Airport.  She typically flew from John F. Kennedy Airport to Los Angeles International Airport, then from Los Angeles International Airport to Logan International Airport, from Logan

6

International Airport back to Los Angeles International Airport, and then to John F. Kennedy Airport.  At times, Ms. Bernstein worked back-to-back shifts during her employment with Virgin with less than eight or nine hours of off-duty time between shifts.

25.    Plaintiff Lisa Marie Smith joined Virgin on February 8, 2008 as a Guest Service Teammate and worked at the Seattle-Tacoma International Airport.  In or around October 2008, Ms. Smith transferred to San Francisco International Airport.  In or around August 2011, Ms. Smith was promoted to an Inflight Teammate position.  For approximately the first one or two months of her employment with Virgin as a flight attendant, Ms. Smith worked on "reserve," and typically flew on flights originating from San Francisco International Airport.  Ms. Smith was hired as a flight attendant to work five-day on-call reserve shifts for Defendant.  During these five-day shifts, Ms. Smith was required to be within two hours' travel time from San Francisco International Airport.  Defendant typically called her to report for an assigned flight with no more than two hours' notice.

26.    In or around October or November 2011, Ms. Smith became a non-reserve Inflight Teammate.  Ms. Smith's base airport was San Francisco International Airport. Ms. Smith's flight routes changes regularly and she does not have a typical flight schedule, although her trips generally begin and end at San Francisco International Airport.  Throughout her tenure at Virgin, Ms. Smith has regularly attended mandatory trainings at San Francisco International Airport, Virgin's hub.  Ms. Smith has worked on flights exclusively to and from California airports.  At all times during her employment with Virgin as an Inflight Teammate, Defendant has considered and treated Ms. Smith as a California employee.  Ms. Smith is a current employee of Virgin.

27.    Plaintiff Esther Garcia joined Virgin on or around August 9, 2010, as a flight attendant.  Until approximately February 2011, Ms. Garcia worked on "reserve" as a flight attendant, and typically flew on flights originating from San Francisco International Airport.  Ms. Garcia was hired as a flight attendant to work five-day on-call reserve shifts for Defendant.  During these five-day shifts, Ms. Garcia was required to be within two hours' travel time from San Francisco International Airport.  Defendant typically called her to report for an assigned flight with no more than two hours' notice.  At times, Ms. Garcia worked back-to-back shifts during her

employment with Virgin with less than eight or nine hours of off-duty time between shifts.

28.     Ms. Garcia's base airport was originally San Francisco International Airport.  Ms. Garcia's flight routes changed regularly and she did not have a typical flight schedule, although her trips generally began and ended at San Francisco International Airport until approximately September 2012.  In or around September 2012, Ms. Garcia transferred from San Francisco International Airport to Los Angles International Airport.  Once Los Angles International Airport became her base, Ms. Garcia's routes typically began and ended at Los Angles International Airport.  Ms. Garcia did not maintain a regular schedule while working out of Los Angles International Airport.  At least once per month, Ms. Garcia would spend a full day flying exclusively to and from California airports.  Throughout her tenure at Virgin, Ms. Garcia regularly attended mandatory trainings at San Francisco International Airport, Virgin's hub.  Ms. Garcia's employment with Virgin ended in June 2015.  At all times during her employment, Defendant considered and treated Ms. Garcia as a California employee. As with other Class members, Plaintiffs received two paychecks from Virgin each month.  On the first of each month, Virgin paid Plaintiffs and other Class members for a set number of hours that equalled a fraction of the actual hours they worked for the preceding month.  On the fifteenth of the month, Virgin paid Plaintiffs and other Class members for the remaining balance of hours worked for the preceding month.  The payment on the first of the month did not vary, irrespective of how many hours Plaintiffs or other Class members worked in the preceding month.  Virgin's policy and practice of paying flight attendants more than four weeks after their work is performed was and is willful and deliberate.

29.     At all relevant times, Virgin has had a consistent policy and/or practice of not allowing flight attendants to take a meal period earlier than one hour before landing.  During the course of their employment, Plaintiffs and other Class members were not allowed a meal period until one hour before landing, irrespective of whether they had already worked five consecutive hours.  Virgin's policy and practice of forcing flight attendants to work without a meal period was and is willful and deliberate.

30.     At all relevant times, Virgin has had a consistent policy and/or practice of not allowing flight attendants who worked more than four hours to take rest breaks.  During the course

8

of their employment, Plaintiffs and Class members were not allowed to take rest breaks even when they worked more than four hours.  Virgin's policy and practice of forcing flight attendants to work without a rest break was and is willful and deliberate.

31.     At all relevant times, Virgin has had a consistent policy and/or practice of requiring Plaintiffs and Class members to perform work without compensation (hereafter referred to as off-the-clock work).  During these times, Plaintiffs and Class members are under Virgin's control and are performing work that is related to their principal activities.  Defendant was and is aware that Plaintiffs and the Class members worked off-the-clock.

32.     Virgin requires all flight attendants to be present at the airport up to one hour before their flight's departure time.  During this time, flight attendants are required to attend a pre-flight briefing meeting.  Virgin requires all flight attendants to be on board and remain on board during the entire boarding process.  Virgin requires all flight attendants to remain on board during the entire deplaning process.  Deplaning at California airports typically takes thirty minutes or more.  Virgin does not compensate flight attendants for all of this time.  In particular, Plaintiffs and the Class members performed uncompensated work before assigned flights departed and performed uncompensated work after the flights landed.  Virgin has had a consistent policy and/or practice of compensating Plaintiffs and Class members for no more than fifteen minutes of work after a flight lands, irrespective of the actual amount of time worked.

33.     At all relevant times, Virgin has had a policy that requires all flight attendants to write incident reports after an unexpected event occurs during their flight.  Medical issues with passengers, disruptive and unruly passengers, and mechanical issues with the plane are examples of incidents that require flight attendants to draft and submit incident reports.  Virgin has a consistent policy and/or practice of requiring Plaintiffs and Class members to submit incident reports within 24 hours of an incident.  Virgin requires that flight attendants draft the incident reports online through a secure portal, accessible through Virgin's employee website.  Virgin does not permit Plaintiffs and Class members to access this secure portal onboard and instead expects them to write the incident reports after landing and deplaning.  Virgin has a consistent policy and/or practice of not compensating Plaintiffs or Class members for the time spent drafting and submitting incident

9

reports.  Virgin's policy and/or practice of not compensating employees for time spent writing and drafting reports was and is willful and deliberate.

34.     Virgin has a consistent policy and/or practice of compensating Plaintiffs and other Class members for a predetermined number of hours per assigned flight, irrespective of their actual hours worked in-flight for each flight.  Specifically, Virgin compensates all flight attendants for a predetermined number of hours for each flight, irrespective of whether the flight attendant work several more hours than planned because a flight is delayed in the air or on the tarmac.  Virgin's policy and practice of forcing flight attendants to work "off-the-clock" was and is willful and deliberate.

35.     At all relevant times, Virgin has had a consistent policy and/or practice of refusing to pay overtime whenever Plaintiffs or other Class members work in excess of eight (8) hours in a day or forty (40) hours in a workweek.  As with other Class members, whenever Plaintiffs were paid for more than eight hours in one day, they were paid straight pay for any hours in excess of eight hours and not overtime pay.  Virgin's policy and practice of not paying overtime was and is willful and deliberate.

36.     At all relevant times, Virgin has had a consistent policy and/or practice of requiring Plaintiffs and Class members to attend trainings without compensation.  During the course of their employment, Plaintiffs and Class members were not compensated for the entire time spent attending mandatory training sessions at San Francisco International Airport.  Virgin's policy and practice of not compensating employees for training time was and is willful and deliberate.

37.     At all relevant times, Virgin has had a consistent policy and/or practice of requiring Plaintiffs and Class members to travel from their regularly-assigned base airport to other cities for required company business, including for mandatory trainings or to start a trip.  This time spent traveling between the regularly-assigned base and the other location is called "deadheading."  Virgin has had a consistent policy and/or practice of not compensating Plaintiffs and Class members fully for their time spent deadheading.  Virgin's policy and practice of not compensating employees for deadhead time was and is willful and deliberate.

38.     At all relevant times, Virgin has had a consistent policy and/or practice of requiring

10

Plaintiffs and Class members to undergo random drug testing without compensation.  During the course of their employment, Plaintiffs and Class members were not compensated for the entire time spent undergoing random drug tests mandated by Defendant.  Virgin's policy and practice of not compensating flight attendants for drug testing time was and is willful and deliberate.

39.     At all relevant times, Virgin has had a consistent policy and/or practice of providing wage statements that do not accurately and completely reflect the actual hours worked by Plaintiffs and Class members, and the pay rates that correspond to those hours.  Virgin's policy and practice of not providing accurate wage statements was and is willful and deliberate.

40.     Virgin's underpayment of regular and overtime premium wages, failure to provide meal breaks, failure to provide rest breaks, failure to pay for training time, failure to pay for time spent undergoing random drug testing, failure to pay for time spent writing incident reports, and failure to provide prompt payment of wages to Plaintiffs and members of the Class result from certain unlawful compensation practices that Virgin centrally devised, implemented, communicated, and applied to Plaintiffs and all other similarly situated employees.

41.     Through common practices, policies, and/or schemes, Virgin has systematically underpaid Plaintiffs and members of the Class by, among other things:  failing to pay all wages when due; miscalculating and/or failing to keep track of all hours worked by Plaintiffs and members of the Class; failing to compensate Plaintiffs and Class members for training time; failing to compensate Plaintiffs and Class members for time spent undergoing random drug tests; failing to compensate Plaintiffs and Class members for time spent drafting incident reports; and failing to compensate Plaintiffs and Class members for meal and rest periods not taken.

## FIRST CAUSE OF ACTION

**(Failure to Pay Minimum Wage [Cal. Labor Code §§ 1182.12, 1194, 1194.2; IWC Wage Order No. 9-2001, § 4] by Plaintiffs individually and on Behalf of the Class)**

42.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

43.     Pursuant to California Labor Code sections 1182.12, 1194, and 1194.2, and IWC

SECOND AMENDED COMPLAINT                                          CIV 15-02277-JST

Wage Order No. 9-2001, section 4, Virgin is required to compensate Plaintiffs and members of the Class for all hours worked.  From January 1, 2008 until June 30, 2014, the minimum wage in California was $8.00 per hour.  Since July 1, 2014, the minimum wage in California has been $9.00 per hour.

44.     Plaintiffs and members of the Class are non-exempt employees entitled to the protections of California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order No. 9-2001.

45.     California law prohibits employers from averaging rates earned by an employee over an entire shift in order to comply with minimum wage laws.  Virgin's pay policies and practices violate California's minimum wage requirements because they fail to pay Plaintiffs and members of the Class for all hours worked.

46.     For example, Virgin pays Plaintiffs and members of the Class for a predetermined number of hours for each assigned flight, but not for all in-flight hours or all hours worked prior to departure and after arrival.  Virgin also does not pay Plaintiffs and members of the Class for their entire time spent undergoing random drug testing, deadheading, writing incident reports, or attending trainings.  As a result, Virgin has failed to pay Plaintiffs and members of the Class the applicable minimum wage for all hours worked in violation of the Labor Code and Wage Order 9-2001.

47.     Virgin's conduct described herein violates California Labor Code sections 1182.12, 1194, and 1194.2, and IWC Wage Order No. 9-2001.  Plaintiffs and members of the Class therefore are entitled to recover their unpaid wages, plus interest, penalties, attorneys' fees, expenses, and costs of suit.  Further, Plaintiffs and members of the Class are entitled to liquidated damages pursuant to Labor Code section 1194.2

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages [Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 9-2001, § 3] by Plaintiffs individually and on Behalf of the Class)**

48.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

12

49.     At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

50.     Pursuant to California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001, section 3, Virgin is required to compensate Plaintiffs and members of the Class for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day, with double time for all hours worked in excess of twelve (12) hours in any work day and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any work week.

51.     Plaintiffs and members of the Class are non-exempt employees entitled to the protections of California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001. During the class period, Virgin failed to compensate Plaintiffs and members of the Class for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:  failing to pay overtime at one and one-half (1½) or double the regular rate of pay as provided by California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001, section 3; requiring, permitting or suffering Plaintiffs and members of the Class to work off the clock; requiring, permitting, or suffering Plaintiffs and members of the Class to attend trainings without compensation; requiring, permitting, or suffering Plaintiffs and members of the Class to deadhead without compensation; requiring, permitting, or suffering Plaintiffs and members of the Class to draft incident reports without compensation; requiring, permitting, or suffering Plaintiffs and members of the Class to undergo random drug testing without compensation; and requiring, permitting or suffering Plaintiffs and members of the Class to work through meal and rest breaks.

52.     In violation of California law, Virgin has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and members of the Class for all wages earned and all hours worked.  As a proximate result, Plaintiffs and members of the Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Virgin to fully perform its

13

obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

53.     Virgin's conduct described herein violates California Labor Code sections 510 and 1194, and IWC Wage Order No. 9-2001, section 3.  Therefore, pursuant to applicable provisions under the California Labor Code and IWC Wage Orders, Plaintiffs and members of the Class are entitled to recover the unpaid balance of wages owed to them by Virgin, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Pay Wages for Hours Worked [Cal. Labor Code § 204, *et seq.*] by Plaintiffs individually and on behalf of the Class)

54.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

55.     At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

56.     California Labor Code section 204 requires an employer, such as Virgin, to pay employees for all work performed on the job.

57.     During the class period, Virgin had, and continues to have, a policy and practice of failing to compensate its employees for all hours worked.  Virgin requires, suffers, or permits flight attendants to begin work up to an hour before boarding a flight, the entire duration of a flight, irrespective of in-flight delays, and up to one hour or more after landing, but only pays for the scheduled flight time up through fifteen minutes after landing.  Virgin compensates its flight attendants for a predetermined number of hours per assigned flight, irrespective of the actual number of hours worked by each employee.

58.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to attend mandatory trainings without compensating them for all of the time spent training.

59.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to draft and submit incident reports without compensating them

14

for the time spent drafting and submitting the reports.

60.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to deadhead without compensating them for all time spent deadheading.

61.     Virgin had, and continues to have, a policy and practice of requiring, suffering, or otherwise permitting employees to undergo random drug testing at the conclusion of a flight without compensating for the entire time spent undergoing the drug testing.

62.     Virgin's policies and practices systematically reduce the daily time recorded and/or worked by its hourly employees.  Plaintiffs and other Class members performed mandatory work duties that were not recorded and were unpaid.  This work constitutes time worked "off-the-clock" for which Plaintiffs and Class members received no compensation.

63.     By requiring Plaintiffs and Class members to perform work "off-the-clock," as alleged above, Virgin willfully has violated and continues to violate the provisions of California Labor Code section 204.

64.     As a result of the unlawful acts of Virgin, Plaintiffs and Class members have been deprived of compensation in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code section 1194.

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Required Meal Periods [Cal. Labor Code §§ 226.7, 510, 512, 1194; IWC Wage Order No. 9-2001, § 11] by Plaintiffs individually and on Behalf of the Class)**

65.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

66.     At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

67.     As part of Virgin's illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Virgin required, permitted or otherwise suffered Plaintiffs and members of the Class to take less than the 30-minute meal period, or to work through them,

SECOND AMENDED COMPLAINT                                    CIV 15-02277-JST

and has failed to otherwise provide the required meal periods to Plaintiffs and Class members pursuant to California Labor Code sections 226.7 and 512, and IWC Order No. 9-2001, section 11.

68.     Virgin further violated California Labor Code sections 226.7 and 512, and IWC Wage Order No. 9-2001, section 11 by willfully failing to compensate Plaintiffs and members of the Class for all hours worked during their meal periods.

69.     Virgin further violated California Labor Code section 226.7 and IWC Wage Order No. 9-2001, section 11 by failing to pay Plaintiffs and members of the Class who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a meal period was not provided.

70.     Virgin further violated California Labor Code sections 226.7, 510, and 1194, and IWC Wage Order No. 9-2001 by failing to compensate Plaintiffs and members of the Class for all hours worked during their meal periods.

71.     As a proximate result of the aforementioned violations, Plaintiffs and members of the Class have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and/or damages due, interest, and penalties.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Required Rest Periods [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12] by Plaintiffs individually and on Behalf of the Class)**

72.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

73.     At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

74.     At all times relevant herein, as part of Virgin's illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, Virgin failed to provide rest periods to Plaintiffs and members of the Class as required under California Labor Code sections 226.7 and 512, and IWC Wage Order No. 9-2001, section 12.

75.     Virgin further violated California Labor Code section 226.7 and IWC Wage Order

16

No. 9-2001, section 12 by failing to pay Plaintiffs and members of the Class who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each work day that a rest period was not provided.

76.     As a proximate result of the aforementioned violations, Plaintiffs and members of the Class have been damaged in an amount according to proof at trial, and they are entitled to recover all wages earned and/or damages due, interest, and penalties.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements [Cal. Lab. Code §§ 226, 1174] by Plaintiffs individually and on Behalf of the Class)**

77.     Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

78.     At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

79.     Pursuant to California Labor Code sections 226 and 1174, all employers are required to maintain accurate records of each employee's hours of work and meal breaks each workday for a period of at least three (3) years, and provide to each employee accurate, periodic wage payments in writing setting forth, among other things:  (a) the dates of labor for which payment of wages is made; (b) the total hours of work for the pay period; (c) the applicable rates of pay for all hours worked; (d) gross and net wages paid, as well as all authorized deductions from those wages; and (e) the name and address of the employer.

80.     Defendant has knowingly failed to comply with these provisions by, among other things, failing to provide accurate itemized wage statements in writing showing all applicable rates of pay during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiffs and Class members.

81.     California Labor Code section 226(e) provides that any employee suffering injury due to a willful violation of the aforementioned obligations may collect the greater of either actual damages or $50 for the first inadequate pay statement and $100 for each inadequate statement

17

thereafter up to $4,000 per employee.  During the course of Plaintiffs' employment, Defendant consistently failed to provide Plaintiffs and Class members with adequate pay statements as required by California Labor Code section 226.

82.    Defendant failed to provide such adequate statements willingly and with full knowledge of its obligations under California Labor Code section 226.

83.    Defendant's failure to provide such adequate statements has caused injury to the Plaintiffs and the Class.

84.    Plaintiffs and Class members may therefore recover the greater of actual damages or penalties as a result of Defendant's failure to provide proper records, in an amount to be determined at trial.  Plaintiffs also seeks costs and attorneys' fees under Labor Code section 226.

## SEVENTH CAUSE OF ACTION

### (Failure to Pay Waiting Time Penalties [Cal. Lab. Code §§ 201, 202, 203] by Plaintiffs Individually and on Behalf of the Class)

85.    Plaintiffs and members of the Class incorporate herein by specific reference, as though fully set forth, the allegations above.

86.    At all times relevant to this action, Plaintiffs and members of the Class were employed by Virgin within the meaning of the California Labor Code.

87.    California Labor Code section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

88.    California Labor Code section 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

89.    California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by section 201 or section 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to thirty work days.

90.    Defendant has willfully failed and refused to timely pay compensation and wages,

18

1   including unpaid overtime pay and unpaid regular wage pay, to Plaintiffs and members of the Class

2   whose employment terminated.  As a result, Defendant is liable to Plaintiffs and members of the

3   Class for waiting time penalties, together with interest thereon under Labor Code section 203.

4   **EIGHTH CAUSE OF ACTION**

5   **(Violation of the Unfair Competition Law [Business and Professions Code §§ 17200 *et seq.*]
    by Plaintiffs individually and on Behalf of the Class)**

6

7   91.     Plaintiffs and members of the Class incorporate herein by specific reference, as

8   though fully set forth, the allegations above.

9   92.     The California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*

10  ("UCL"), defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business

11  act or practice.  Cal. Bus. & Prof. Code § 17200.

12  93.     Virgin's conduct as described above constitutes unlawful business practices for the

13  reasons set forth below, without limitation:

14          (a)     Defendant has violated various sections of the California Labor Code,

15                  including but not limited to Sections 201 and 202 (requiring payment of all

16                  wages due upon termination of employment), 204 (requiring timely

17                  bimonthly payment of wages and timely payment of wages), 226 and 1174

18                  (requiring accurate wage statements), 510 and 1194 (requiring payment of

19                  premium pay for all overtime hours worked); and 1182.12, 1194, and 1194.2

20                  (requiring payment of minimum wage); and

21          (b)     Defendant has violated various sections of Wage Order 9-2001.

22  94.     Virgin's conduct as described above constitutes unfair business practices because

23  Virgin's conduct in denying lawfully earned wages outweighs any utility of such practices.

24  95.     As a result of Defendant's unlawful and unfair conduct, Plaintiffs and members of

25  the Class suffered injury in fact and lost money and property, including, but not limited to loss of

26  wages earned.

27  96.     Pursuant to California Business and Professions Code section 17203, Plaintiffs and

28  members of the Class seek declaratory and injunctive relief, restitution, disgorgement, and other

19

1    appropriate equitable relief pursuant to Business and Professions Code section 17204.

2        97.    Pursuant to California Code of Civil Procedure section 1021.5, Plaintiffs and

3    members of the Class are entitled to recover reasonable attorneys' fees, costs, and expenses

4    incurred in bringing this action.

### NINTH CAUSE OF ACTION

**(Penalties under California Labor Code Private Attorneys General Act
of 2004, Cal. Labor Code § 2699 *et seq.*, by Plaintiffs Garcia and Smith individually
and on Behalf of All Aggrieved Employees)**

        98.    Plaintiffs Garcia and Smith incorporate herein by specific reference, as though fully
set forth, the allegations above.

        99.    Plaintiffs Garcia and Smith are "aggrieved employees," as that term is defined in
Labor Code section 2699(a), and Plaintiffs therefore bring this action on behalf of themselves and
all aggrieved employees.

        100.    Pursuant to Labor Code section 2699.3(a), prior to filing this First Amended
Complaint, on September 25, 2015 and on September 26, 2015, Ms. Smith and Ms. Garcia gave
written notice by certified mail to Defendant Virgin and to the Labor and Workforce Development
Agency ("LWDA") of the factual and legal bases for the Labor Code violations alleged in this
Complaint.  The LWDA has not issued any citations related to the violations alleged in this
Complaint.  Therefore, Plaintiffs Garcia and Smith are amending this Complaint pursuant to Labor
Code section 2699.3(a)(2)(C), and are entitled to proceed as a private attorney general on behalf of
themselves and all other current and former aggrieved employees of Defendant.

        101.    As set forth herein, Defendant has committed numerous violations of the California
Labor Code against Plaintiffs Garcia and Smith and other aggrieved employees, including:

        (a)    Failing to pay Plaintiffs Garcia and Smith and other aggrieved employees
                overtime compensation in violation of Labor Code sections 510, 1194, 1198;

        (b)    Failing to pay Plaintiffs Garcia and Smith and other aggrieved employees for
                all hours worked, in particular off-the-clock hours for which they have not
                been compensated, including time spent working before and after flights,

**SECOND AMENDED COMPLAINT**                                              **CIV 15-02277-JST**

being drug tested, deadheading, and drafting and submitting incident reports;

(c)    Failing to timely pay all wages due upon termination and failing to pay waiting time penalties to all aggrieved employees whose employment with Defendant has ended during the relevant statutory period, in violation of Labor Code sections 201, 202, and 203;

(d)    Failing to provide accurate itemized wage statements at time of payment, as required by Labor Code section 226;

(e)    Failing to maintain adequate employee records as required by Labor Code section 1174;

(f)    Failing to provide meal and rest periods or compensation for working through meal and rest periods by Plaintiffs Garcia and Smith and other aggrieved employees, in violation of Labor Code sections 226.7 and 512 and Wage Order 9-2001 ¶ 11; and

(g)    Failing to comply with Labor Code section 204 by failing to pay wages in a timely manner, i.e. between the 16th and the 26th day of the month for labor performed between the 1st and 15th days of the month, and between the 1st and 10th day of the following month for labor performed between the 16th and the last day of the month.

102.    Pursuant to Labor Code sections 2699(a) and 2699.5, Plaintiffs Garcia and Smith are entitled to recover all applicable wages and civil penalties for each of the Labor Code violations set forth herein on behalf of all aggrieved employees pursuant to Labor Code section 2699(f)(2) and/or the following sections of the Labor Code, in amounts to be determined at trial:

(a)    Labor Code section 226.3 (for Defendant's failure to furnish accurate, itemized wage statements to Plaintiffs Garcia and Smith and other aggrieved employees);

(b)    Labor Code section 558 (for Defendant's failure to pay Garcia and Smith and other aggrieved employees overtime wages in accordance with Labor Code section 510, and for Defendant's failure to permit and authorize all

21

mandatory rest and meal periods pursuant to the requirements of Labor Code section 512); and

   (c) Labor Code section 1174.5 (for Defendant's failure to maintain accurate records containing aggrieved employees' wages, hours of work and other required information, in accordance with the requirements of Labor Code section 1174);

103. Pursuant to Labor Code section 2699(i), 25% of all civil penalties recovered pursuant to this cause of action shall be payable to Plaintiffs Garcia and Smith and other aggrieved employees, and 75% of the civil penalties recovered pursuant to this cause of action shall be payable to the California Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under the Labor Code.

104. Defendant is liable for civil penalties, and for reasonable attorneys' fees and costs under California Labor Code section 2699 *et seq.*

**PRAYER FOR RELIEF**

  **WHEREFORE**, Plaintiffs pray for the following relief on behalf of themselves and the Class against Defendant:

1. Certification of this action as a class action and appointment of Plaintiffs and Plaintiffs' counsel to represent the Class;

2. Provision of class notice to members of the Class as defined above;

3. A declaratory judgment that Defendant knowingly and intentionally violated the following provisions of the law:

   a. California Labor Code sections 1182.12, 1194, and 1194.2 by failing to pay California minimum wage;

   b. California Labor Code sections 510 and 1194 by failing to pay overtime wages;

   c. California Labor Code section 204 by failing to pay for all hours worked off-

22

the-clock;

       d.    California Labor Code sections 226.7, 510, 512, and 1194 by failing to provide meal periods or compensation for working through meal periods by Plaintiffs and Class members;

       e.    California Labor Code section 226 by failing to provide accurate wage statements;

       f.    California Labor Code sections 226.7 and 512 by failing to provide rest periods to Plaintiffs and Class members; and

       g.    California Labor Code section 204 by failing to comply with semimonthly payment of wages to Plaintiffs and Class members.

4.    That Defendant be permanently enjoined from engaging in the unlawful, unfair, and fraudulent acts and practices alleged herein;

5.    An order requiring Defendant to pay restitution of all amounts owed to Plaintiffs and members of the Class, in an amount according to proof, pursuant to California Business and Professions Code section 17203;

6.    Compensatory damages according to proof;

7.    Statutory damages, liquidated damages, and penalties as provided under the Labor Code;

8.    All applicable civil penalties pursuant to Labor Code section 2698 *et seq.*;

9.    Pre-judgment interest on all sums collected;

10.    Reasonable attorneys' fees and costs, pursuant to California Code of Civil Procedure section 1021.5 and the California Labor Code, and/or other applicable law;

11.    Costs of suit herein; and

12.    Such other and further relief as the Court may deem appropriate.

**SECOND AMENDED COMPLAINT**                **CIV 15-02277-JST**

Dated:  February 22, 2018

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

KOSINSKI AND THIAGARAJ, LLP

By:  ___/s/ Monique Olivier_____
Monique Olivier
Attorney for Plaintiffs and the Putative Class

**SECOND AMENDED COMPLAINT**                                         **CIV 15-02277-JST**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury of each and every cause of action so triable.

Dated:  February 22, 2018

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

KOSINSKI AND THIAGARAJ, LLP

By:   ___*/s/ Monique Olivier*_____
　　　Monique Olivier
　　　Attorney for Plaintiffs and the Putative Class

JAMES E. MILLER (SBN 262553)
(jmiller@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
65 Main Street
Chester, CT 06412
Telephone: (860) 526-1100
Facsimile: (866) 300-7367

KOLIN C. TANG (SBN 279834)
(ktang@sfmslaw.com)
CHIHARU G. SEKINO (SBN 306589)
(csekino@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
401 West A Street, Suite 2550
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367

JAMES C. SHAH (SBN 260435)
(jshah@sfmslaw.com)
SHEPHERD, FINKELMAN, MILLER
 AND SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Attorneys for Plaintiffs and the Class

SECOND AMENDED COMPLAINT                                   CIV 15-02277-JST