UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>VIRGIN AMERICA, INC., et al.,<br><br>        Defendants. | Case No. 15-cv-02277-JST<br><br>**ORDER DENYING MOTION FOR STAY**<br><br>Re: ECF No. 295 |

Now before the Court is Defendant Virgin America, Inc.'s motion for stay. ECF No. 295. The Court will deny the motion.

## I.  BACKGROUND

The background of this case is well-known to the parties and set forth extensively in the Court's prior orders. Plaintiffs are flight attendants who work or who have worked for Defendant Virgin and Defendant Alaska Air Group, Inc. (hereafter "Virgin") in California. Plaintiffs allege that Virgin did not pay them for hours they worked before, after, and between flights; time they spent completing incident reports; time they spent in training; or time they spent taking mandatory drug tests. Plaintiffs further allege that Virgin did not allow its flight attendants to take meal periods earlier than one hour before landing; did not allow flight attendants to take rest breaks; failed to pay overtime and minimum wages; and failed to provide accurate wage statements.

This case was removed from San Francisco Superior Court to this Court on May 20, 2015. ECF No. 1. On November 7, 2016, the Court certified this case as a class action. ECF No. 104. On January 5, 2017, the Court granted Virgin's motion for summary judgment in part and denied it in part. ECF No. 121. On January 12, 2018, Plaintiffs filed a motion for summary judgment, ECF No. 225; on the same date, Virgin filed a motion to decertify the class, ECF No. 226. Both

1  motions came on for hearing on March 8, 2016.  The case was originally scheduled for trial on
2  May 14, 2018.  ECF No. 131.  Following the filing of the present motion for stay, however, the
3  Court continued the trial until October 15, 2018, in order to give the Court sufficient time to
4  consider the motion for stay as well as the motions for summary judgment and class
5  decertification that were argued on March 8, 2016.  ECF No. 301.  Contemporaneously with the
6  issuance of this order, the Court has issued two orders (1) denying Virgin's motion for
7  decertification and (2) largely granting Plaintiffs' motion for summary judgment.  The latter order
8  resolves most of the legal and factual issues in favor of Plaintiffs and, as to those issues, eliminates
9  the need for a trial.

## II.  LEGAL STANDARD

A district court's discretion to stay proceedings "is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Whether to stay proceedings is entrusted to the discretion of the district court.  *See id.* 254–55 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

In deciding whether to stay proceedings, a district court must weigh various competing interests, including "the possible damage which may result from granting a stay, the hardship or inequity a party may suffer [if the case is allowed] to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  The burden is on the movant to show that a stay is appropriate.  *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## III.  ANALYSIS

Virgin moves the Court to stay the present case until the Ninth Circuit Court of Appeals has fully resolved three appeals pending there:  (1) *Oman v. Delta Air Lines, Inc.*, Case No. 17-15124; (2) *Ward v. United Airlines, Inc.*, Case No. No. 16-16415; and (3) *Vidrio v. United Airlines, Inc.*, Case No. No. 17-55471 (collectively "Ninth Circuit Airline Cases").  ECF No. 295

at 3. The Ninth Circuit Airline Cases were argued on March 16, 2018. ECF No. 395 at 3. Virgin describes the "central issues" in those cases as whether: "(a) California wage laws apply to the flight attendants (or pilots); (b) the application of California wage laws to these employees would violate the Dormant Commerce Clause; (c) California wage laws are inapplicable to these employees because they do not principally or exclusively work in California; and (d) certain laws are preempted by the Airline Deregulation Act ('ADA')." ECF No. 308 at 2. Plaintiffs oppose the motion.

### A.     The Degree of Overlap Between the Cases

To determine whether a stay will simplify or complicate the issues in this case, *Lockyer*, 398 F.3d at 1110, the Court starts by considering the degree of overlap between this case and the Ninth Circuit Airline Cases. While there is undeniably some overlap, the cases are far from identical.

*Oman*, for example, involves claims by Delta Air Lines flight attendants that Delta failed to pay the minimum wage and failed to provide accurate wage statements. Delta uses a different pay formula than Virgin, however, so the resolution of the first question will not impact this case. With regard to the second question, the issue before the Ninth Circuit is whether a court can give extraterritorial application to California Labor Code section 226, "based solely on a Flight Attendant's performance of a *de minimus* amount of work in California during any pay period, not on the Flight Attendants' residence, an employer's California residence or other 'deep ties' to California, or the performance of a significant amount of work in a particular pay period in California." *Oman v. Delta Air Lines, Inc.*, 230 F. Supp. 3d 986, 993 (N.D. Cal. 2017). In this case, by contrast, the Court has already found that the work in question is performed largely or entirely within California; that flight attendants reside in California; and that Virgin, the employer, is headquartered in California. Accordingly, the Court has ruled that this case involves the application of California law to California conduct, not the extraterritorial application of California law. ECF No. 121 at 13. Not surprisingly, the *Oman* district court characterized the facts in that case as "starkly different" than the ones here. *Oman*, 230 F. Supp. 3d at 993.

In *Ward v. United Airlines, Inc.*, current and former United pilots claim that United

3

violated Section 226(a) of the California Labor Code with respect to pilots for whom United applied California income tax laws, and asserted corresponding claims under the Private Attorneys General Act. The primary issues on appeal in *Ward* are (1) as in *Oman*, whether California law can apply extraterritorially to plaintiffs' wage statement claims, and (2) even if California law applies, whether California law is preempted by the Railroad Labor Act, given that the plaintiffs' compensation is governed by a valid collective bargaining agreement. These questions are not presented in *Bernstein*.

The *Vidrio v. United Airlines, Inc.* case was brought by United flight attendants and involves the same claims and defenses as *Ward*. The question there is whether the court may apply section 226 extraterritorially, given that United is not headquartered in California and its flight attendants begin and end "comparatively few" shifts in California. *Vidrio v. United Airlines, Inc.*, 2017 WL 1034200, at *5 (C.D. Cal. Mar. 15, 2017). Like the *Oman* court, the district court in *Vidrio* found the facts in that case to be in "stark contrast" to those present here. *Id.*

Virgin founds its motion on the premise that "the questions before the Ninth Circuit in *Oman*, *Ward,* and *Vidrio* more than just 'bear upon' this case; they are precisely the same questions presented to this Court." ECF No. 308 at 4. As the foregoing demonstrates, however, that assertion simply is not correct.

### B.   A Stay Will Not Result in a Significant Savings of Resources

Virgin also argues that, "[a]bsent a stay, both Virgin and Plaintiffs will incur substantial expenses preparing for, and trying, this large and highly complex class action case." ECF No. 295 at 11-12. In light of the summary judgment order issued today, however, the scope of any such trial will be vastly reduced, given that most of the factual issues have now been resolved. Thus, this factor does not weigh significantly in favor of a stay.

The credibility of Virgin's argument is also undermined by its delay in bringing the motion. Virgin knew about the potential overlap between this case and the Ninth Circuit Airline Cases for several months before it filed its stay motion. Virgin's counsel is also counsel to Delta Air Lines in both the *Oman* appeal and the district court case. Virgin could have filed a motion for stay of the *Bernstein* case when the *Oman* plaintiffs filed their notice of appeal on January 18,

1  2017, *see Oman v. Delta Air Lines, Inc.*, Case No.3:15-cv-00131-WHO, ECF No. 70 (Jan. 18,
2  2017), or certainly when Delta filed its answering brief in the Ninth Circuit on August 9, 2017.
3  Answering Brief of Appellee, *Oman v. Delta Air Lines, Inc.*, No. 17-15124 (9th Cir. Aug. 9,
4  2017), ECF No. 22.  Instead, Virgin waited until March 16, 2018 to file its motion – after the
5  parties had prepared and responded to, and the Court had read and heard argument on, motions for
6  decertification and summary judgment.  Were Virgin serious about conserving resources, it would
7  have filed its stay motion earlier.

### C. A Stay Would Be Of Uncertain Duration

To support its stay request, Virgin also predicts that "any stay would be temporary as the appeals were heard today [March 16, 2018] with an opinion from the Ninth Circuit to be issued shortly."  ECF No. 295 at 11.  The prediction is not convincing.  Not only is it unknown when an opinion will be issued, but on May 9, 2018, the Ninth Circuit certified two questions to the California Supreme Court, including the question of "whether California Labor Code § 226 applies to a California-resident employee who works for an out-of-state employer and does not work principally in California."  *Ward v. United Airlines, Inc.*, 889 F.3d 1068, 1073 (9th Cir. 2018).  Thus, there are now *two* layers of decision-making that must take place before the Ninth Circuit can issue a decision – one at the California Supreme Court, and then a second at the Ninth Circuit.  Following that process, one or more parties may file a petition for rehearing en banc, a petition for certiorari at the Supreme Court, or both.  This long, open-ended timeline counsels against a stay.  *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

### D. Plaintiffs Will Suffer Damage If The Case Is Stayed

The final consideration is "the possible damage which may result from granting a stay."  *Lockyer*, 398 F.3d 1110.  Here, Plaintiffs will suffer damage because "the passage of time will make it more difficult to reach class members and will increase the likelihood that relevant evidence will dissipate."  *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017); *see also True Health Chiropractic Inc. v. McKesson*

5

1  *Corp.*, No. 13-CV-02219-JST, 2014 WL 12705057, at *4 (N.D. Cal. Oct. 22, 2014) (denying
2  motion to stay and finding "significant potential for harm to the Plaintiffs" because "[s]ome
3  evidence, such as the memory of percipient witnesses, will diminish or weaken during the
4  pendency of a stay [and] [o]ther evidence could be lost or damaged").

5  Virgin might respond that because the Court's summary judgment order obviates the need
6  for a trial as to most issues, this factor need not be considered. The point is a fair one. Since
7  Virgin may choose to appeal the Court's orders, however, a trial may become necessary at some
8  point in the future. At that time, Plaintiffs will already need to contend with the effects of the
9  passage of time. Imposing a stay now will only delay the starting of the clock on Virgin's appeal
10 and extend even further the start date of a trial. Even if this factor does not weigh heavily, it
11 weighs against a stay.

## CONCLUSION

Balancing the appropriate factors, the Court concludes that Virgin has not met its burden of demonstrating that a stay is appropriate. Virgin's motion for stay is denied.

**IT IS SO ORDERED.**

Dated: July 9, 2018

_____
JON S. TIGAR
United States District Judge