UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JULIA BERNSTEIN, et al.,

           Plaintiffs,

    v.

VIRGIN AMERICA, INC., et al.,

           Defendants.

Case No. 15-cv-02277-JST

**ORDER REGARDING PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Re: ECF No. 225

Before the Court is Plaintiffs' motion for summary judgment, ECF No. 225.  The Court will grant the motion in part and deny the motion in part.

## I.      BACKGROUND

Plaintiffs are flight attendants who work or who have worked for Defendant Virgin America, Inc. and Defendant Alaska Airlines, Inc. ("Virgin") in California.[1]  Third Amended Complaint ("TAC"), ECF No. 298 ¶ 2.  Plaintiffs allege that Virgin did not pay them for hours worked before, after, and between flights; time spent completing incident reports; time spent in training; or time spent taking mandatory drug tests.  Id. ¶¶ 32, 33; 36; 38.  Plaintiffs further allege that Virgin did not allow flight attendants to take meal periods earlier than one hour before landing; did not allow flight attendants to take rest breaks; failed to pay overtime and minimum wages and failed to provide accurate wage statements.  Id. ¶ ¶29, 30, 35, 39, 41, 42.[2]  Plaintiffs

---

[1] Alaska Air Group and Virgin America merged during the course of this lawsuit.  The Federal Aviation Administration ("FAA") issued a Single Operating Certificate for Virgin and Alaska Airlines, Inc., on January 11, 2018.  ECF No. 274 at 3.  Alaska Airlines was added as a defendant on March 20, 2018.  ECF No. 298.  It answered the Third Amended Complaint on April 18, 2018.  ECF No. 310.

[2] See this Court's order regarding Virgin's motion for summary judgment, ECF No.121, for a more detailed description of the factual allegations and procedural history.

United States District Court
Northern District of California

1   bring causes of action under multiple provisions of the California Labor Code, the California

2   Industrial Welfare Commission Wage Order 9-2001, and the Private Attorney General Act of 2004

3   ("PAGA").  Id. ¶ 3.

4        This Court granted in part and denied in part Virgin's motion for summary judgment on

5   January 5, 2017.  Plaintiffs filed this summary judgment motion on January 12, 2018.

6   **II.    JURISDICTION**

7        Pursuant to the Class Action Fairness Act ("CAFA"), the Court has jurisdiction over this

8   case, as a class action in which a member of the class of plaintiffs is a citizen of a state different

9   from any defendant, there are more than 100 class members nationwide, and the matter in

10  controversy exceeds the sum of $5 million, exclusive of interests and costs.  28 U.S.C. § 1332(d).

11  **III.   LEGAL STANDARD**

12       Summary judgment is proper when a "movant shows that there is no genuine dispute as to

13  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

14  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by"

15  citing to depositions, documents, affidavits, or other materials.  Fed. R. Civ. P. 56(c)(1)(a).  A

16  party also may show that such materials "do not establish the absence or presence of a genuine

17  dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R.

18  Civ. P. 56(c)(1)(B).  An issue is "genuine" only if there is sufficient evidence for a reasonable

19  fact-finder to find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-

20  49 (1986).  A fact is "material" if the fact may affect the outcome of the case.  Id. at 248.  "In

21  considering a motion for summary judgment, the court may not weigh the evidence or make

22  credibility determinations, and is required to draw all inferences in a light most favorable to the

23  non-moving party.  Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

24       Where the party moving for summary judgment would bear the burden of proof at trial,

25  that party bears the initial burden of producing evidence that would entitle it to a directed verdict if

26  uncontroverted at trial.  See C.A.R. Transp. Brokerage Co. v. Darden Rests, Inc., 213 F.3d 474,

27  480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of

28  proof at trial, that party bears the initial burden of either producing evidence that negates an

United States District Court
Northern District of California

1   essential element of the non-moving party's claim, or showing that the non-moving party does not

2   have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.  If

3   the moving party satisfies its initial burden of production, then the non-moving party must produce

4   admissible evidence to show that a genuine issue of material fact exists.  See Nissan Fire &

5   Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000).  The non-moving party

6   must "identify with reasonable particularity the evidence that precludes summary judgment."

7   Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).  Indeed, it is not the duty of the district court

8   "to scour the record in search of a genuine issue of triable fact."  Id.  "A mere scintilla of evidence

9   will not be sufficient to defeat a properly supported motion for summary judgment; rather, the

10  non-moving party must introduce some significant probative evidence tending to support the

11  complaint."  Summers v. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and

12  internal quotations omitted).  If the non-moving party fails to make this showing, the moving party

13  is entitled to summary judgment.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

14  **IV.    DISCUSSION**

15        **A.    Prior Orders**

16        This Court previously issued an order certifying the class, ECF No. 104; an order

17  granting in part and denying in part Virgin's motion for summary judgment, ECF No. 121; and an

18  order denying Virgin's motion for leave to file a motion for reconsideration, ECF No. 151.[3]  The

19  Court now considers Plaintiffs' motion for summary judgment.  Throughout the briefing for all of

20  these motions, parties have repeatedly disputed whether Plaintiffs can bring suit under California

21  law.  Many of the same arguments presented here have already been thoroughly considered by the

22  Court.  Therefore, the Court will first review its prior rulings in order to address Virgin's similar –

23  and in some cases identical – arguments in its opposition to Plaintiffs' motion for summary

24  judgment.  See ECF No. 267.

25

26

27

28  _____

[3] Contemporaneously with the issuance of the present order, the Court has also issued an order denying Virgin's motion for decertification of the class.

3

United States District Court
Northern District of California

1     **1.      Failure to Pay for All Hours Worked, Failure to Pay Overtime,
             Failure to Provide Accurate Wage Statements, and Failure to Pay Waiting
2            Time Claims**

3         This Court has previously found that the California Labor Code applies to work performed

4     in California.  ECF No. 121 at 10.  In its opposition, Virgin argues that the California Resident

5     Subclass is not entitled to the extraterritorial application of the California Labor Code.  ECF No.

6     267 at 27.  However, this Court has already found that the presumption against extraterritorial

7     application does not apply for the failure to pay for all hours worked, to pay overtime, to pay

8     waiting time penalties, and to provide accurate wage statements claims because the actions giving

9     rise to potential liability occurred in California.   ECF No. 121 at 13.  The Court need not repeat its

10    analysis here.

11        In its opposition to Plaintiffs' motion for summary judgment, Virgin again also argues that

12    the Dormant Commerce Clause bars these claims.  ECF No. 267 19-24.  The Court previously

13    found there was no Dormant Commerce Clause violation.  See ECF No. 121 at 14-22.  The Court

14    will not reconsider its prior order.  See Arizona v. California, 460 U.S. 605, 618, (1983), decision

15    supplemented, 466 U.S. 144, (1984) ("when a court decides upon a rule of law, that decision

16    should continue to govern the same issues in subsequent stages in the same case"); Thomas v.

17    Bible, 983 F.2d 152, 154 (9th Cir. 1993)  ("a court is generally precluded from reconsidering an

18    issue that has already been decided by the same court, or a higher court in the identical case").

19                              **2.      Meal and Rest Break Claims**

20        The Court previously found that the only potential wrongful conduct that could have

21    occurred outside of California, at least in some instances, is Virgin's alleged failure to provide

22    meal and rest breaks.  ECF No. 121 at 13.  The Court noted that to the extent that the Plaintiffs

23    might have been deprived of breaks outside of California, they must overcome the presumption

24    against extraterritorial application.  Id. at 13-14.  Plaintiffs did not attempt to overcome the

25    presumption, therefore Plaintiffs cannot recover for extraterritorial conduct with regard to these

26    claims.  Id.  However, the Court nonetheless declined to grant summary judgment to Virgin on the

27    meal and rest break claims because there was sufficient evidence that Plaintiffs were deprived of

28

4

at least some of the breaks while working in California.[4]  Id. at 14.

In its motion for summary judgment, Virgin argued that Plaintiffs' meal and rest breaks are preempted by the Federal Aviation Act ("FAA") and/or the Airline Deregulation Act ("ADA").  ECF No. 97 at 26-29.  The Court found that Plaintiffs' meal and rest break claims are not preempted by the FAA or the ADA.  ECF No. 121 at 24, 25, 27.

Here, Virgin argues that meal period and rest break claims are preempted under field preemption "because the FAA pervasively regulated the area of flight attendant duties, including duty periods and rest requirements, as part of its mandate to regulate aviation safety."  ECF No. 267 at 9.  The Court previously rejected this argument also.  The Court noted the Ninth Circuit's emphasis on defining the relevant field with specificity, and defined the relevant field as the regulation of meal and rest breaks for flight attendants.  ECF No. 121 at 24.  The Court rejected Virgin's argument that 14 C.F.R. §121.467 justified field preemption, finding that section "hardly . . . comprehensive, detailed, or pervasive enough to justify federal preemption of the field."  Id.  The Court will not reconsider this order.  See Arizona, 460 U.S. at 618; Thomas, 983 F.2d at 154.

Next, Virgin argues that California's meal and rest break requirements represent an impermissible conflict with FAA regulations.  This Court also already found that 14 C.F.R. § 121.467 is wholly consistent with California's break requirements because it merely establishes the maximum duty period time and minimum rest requirements.  ECF No. 121 at 25.  Just because the FAA chose not to require "inflight" or "on board" rest does not mean that Virgin cannot provide its flight attendants with on board rest breaks and the FAA required rest breaks between flights.  Therefore, there is no conflict preemption.

Finally, Virgin argues that Plaintiffs' meal and rest break claims are expressly preempted by the ADA.   This Court has already found that Plaintiffs' meal and rest break claims are not preempted by the ADA.  ECF No. 121 at 27.  The Court will not reconsider this ruling.  See Arizona, 460 U.S. at 618; Thomas, 983 F.2d at 154.

The Court recognizes the policy arguments behind many of Virgin's preemption

---

[4] The Court will also not reconsider its prior finding that the Dormant Commerce Clause does not bar Plaintiffs' meal and rest break claims.  ECF No. 121 at 21-22.

United States District Court
Northern District of California

1   arguments.  However, this Court is not in a position to evaluate policy.  The case law is clear that

2   "[p]reemption analysis begins with the 'presumption that Congress does not intend to supplant

3   state law.'"  Tillison v. Gregoire, 424 F.3d 1093, 1098 (9th Cir. 2005) (quoting N.Y. State

4   Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 654 (1995)).

5   "Congress' intent may be 'explicitly stated in the statute's language or implicitly contained in its

6   structure and purpose.'"  Montalvo v. Spirit Airlines, 508 F.3d 464, 470 (9th Cir. 2007) (internal

7   quotation marks omitted).  This presumption is only overcome where Congress expresses a "clear

8   and manifest" intent to preempt state law.  Californians For Safe & Competitive Dump Truck

9   Transp. v. Mendonca, 152 F.3d 1184, 1186 (9th Cir. 1998)

10        **B.        Disputes of Material Fact**

11        Virgin argues that "Plaintiffs' motion for summary judgment must be denied because there

12   are triable issues of material fact that impact that analysis of each claim under this Court's test for

13   whether and how California law applies."  ECF No. 267 at 29.  The disputes it identifies are

14   (1) whether plaintiff Bernstein and other class members are residents of California; (2) whether

15   class members were eligible for overtime pay; and (3) whether class members are entitled to

16   compensation for the time spent completing incident reports.[5]  Because Virgin presents these

17   alleged disputes separately from its responses to Plaintiffs' arguments for summary judgment, the

18   Court addresses them here separately as well.

19                     **1.        Flight Attendant Residence**

20        Virgin contends that there is a triable issue of material fact as to plaintiff Bernstein's

21   residence and, by extension, as to each class member's residence.  ECF No. 267 at 29-30.  Virgin

22   argues that the Court must apply a multi-factor test that the Court allegedly created to determine

23   whether the relevant California Labor Code provisions apply to any particular class member.  ECF

24   No. 226 at 3.  The Court did not create such a test.  Rather, the Court engaged in a multi-factor

25

26   _____

27   [5] In its summary introduction, Virgin states that the third triable issue of fact is "whether Plaintiffs
     (and now the Class Members) were eligible for breaks when working in California."  Id.  It is clear
     from the body of the brief, however, that the issue is the time spent completing incident reports.

28   Id. at 30 ("Likewise, if Plaintiffs are still asserting claims with respect to incident reports . . . .").

1    analysis of Plaintiffs' claims as a whole in response to Virgin's argument that California labor law

2    does not protect Plaintiffs because they do not work "exclusively or principally in California."

3    ECF No. 97 at 19-22.  The Court considered a variety of factors, including residency, to conclude

4    that that Plaintiffs were not barred from asserting claims under California law.[6]  Id.

5        With regard to residence, the Court determined that residence could be determined by

6    looking to Virgin's business records and the state where each flight attendant paid taxes.  See ECF

7    No. 104 at 19 ("Here, the proposed California Resident Subclass is ascertainable because the

8    Court can feasibly identify its members simply by looking at Virgin's business records."); ECF

9    No. 151 at 9 ("Because California Resident Subclass members have already made a determination

10   regarding their residency, filed a California tax return, and/or provided Virgin with a California

11   address during the class period, residency will likely be undisputed for the vast majority of

12   subclass members[.]").  Viewed in this light, there is no dispute of material fact.  The Court

13   previously found that "the fact that Bernstein filed her taxes in California in 2011 is sufficient" to

14   identify her as a member of the California Resident Subclass.  Id. at 7.

15                    **2.        Eligibility for Overtime Pay**

16       Virgin argues that there is a triable issue of fact because a flight attendant is not eligible for

17   overtime when the overtime hours worked were "'due to a temporary modification in the

18   employee's work schedule . . . arranged at the request of the employee.'"  ECF No. 267 at 30

19   (quoting Wage Order No. 9 §3(N)).  Virgin provides no evidence, however, that any flight

20   attendant made such a request.  Hence, there is no dispute of material fact.  See Keenan v. Allan,

21   91 F.3d 1275, 1279 (9th Cir. 1996) (non-moving party must "identify with reasonable particularity

22   the evidence that precludes summary judgment"); see also Helton v. Factor 5, Inc., 26 F. Supp. 3d

23   913, 922 (N.D. Cal. 2014) ("vague and generalized job descriptions" without specific evidence

24   showing application of overtime exemption failed to sustain defendant's burden to overcome

25   summary judgment).

26

27   _____

28   [6] Plaintiffs limit their claims seeking recovery for time worked outside of California to class members who are California residents.  ECF No. 50 at 21 n.94.

United States District Court
Northern District of California

### 3.      Incident Reports

Virgin contends that there is a dispute of material fact with regard to Plaintiffs' claims for time spent completing incident reports.  ECF No. 267 at 30-31.  It notes that Plaintiffs have "failed to present any class data or expert testimony that would reliably establish whether the reports were completed during or after a duty period, or how much time was spent preparing them" and that "[t]he time it takes to complete the reports admittedly varies."  Id.  In support of this contention, Virgin submits responses to requests for admission confirming that the time spent completing these reports varies, and showing that the reports are not always prepared contemporaneously with the incidents they describe.  ECF No. 260 at 7; ECF No. 265-7 at 7; ECF No. 265-8 at 6-7; ECF No. 265-9 at 7; ECF No. 265-10 at 7; ECF No. 265-11.  Drawing all inferences in favor of Virgin, as the Court must, Freeman, 125 F.3d at 735, the Court concludes there is a triable issue of fact regarding how long it takes to complete an incident report.  Plaintiffs' motion as to this claim is denied.[7]

### C.      Plaintiffs' Motion for Summary Judgment

Turning to the merits of Plaintiffs' motion, they  ask for: "(1) for adjudication of Virgin's liability under California law for failing to pay the Class and California Resident Subclass for all of their hours worked; (2) for adjudication of Virgin's liability under California law for failing to pay the Class and California Resident Subclass overtime; (3) for adjudication of Virgin's liability under California law for failing to provide the Class with legally compliant meal periods; (4) for adjudication of Virgin's liability under California law for failing to provide the Class with legally compliant rest breaks; (5) for adjudication of Virgin's liability under California law for failing to provide the Class with legally compliant wage statements; (6) for adjudication of Virgin's liability under California law for failing to provide the Waiting Time Penalty Subclass with all wages due and owing at the time of separation from employment; (7) for adjudication of Virgin's liability under the California Unfair Competition Law, Business & Professions Code §§ 17200 et seq.; (8) for adjudication of Virgin's liability under the California Private Attorney General Act, Labor

---

[7] In a contemporaneous order, the Court decertifies the class as to this claim.

United States District Court
Northern District of California

Code§§ 2698 et seq.; and (9) for declaratory relief, injunctive relief, and for damages, restitution, and penalties in the amounts set forth below, and for attorneys' fees and costs."  ECF No. 225 at 2.

### 1.   Virgin's Liability to the Class and Subclass for Failure to Pay for All Hours Worked

The relevant Wage Order requires that employers in the transportation industry pay minimum wages "for all hours worked." Cal. Code Regs. tit. 8, § 11090, Wage Order 9-2001 ¶ 4(A).  "Hours worked" means "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Id., § 2(G).  California courts have held that "[t]his language expresses the intent to ensure that employees be compensated at the minimum wage for each hour worked" and, therefore, employers may not average the total amount earned by an employee over all hours worked in order to comply with minimum wage laws.  Armenta v. Osmose, Inc., 135 Cal. App. 4th 314, 323 (2005); Vaquero v. Ashley Furniture Indus., Inc., 824 F.3d 1150, 1154 (9th Cir. 2016).

This Court has previously found that Virgin fails to compensate its flight attendants for all hours worked because Virgin's formula does not separately compensate flight attendants for duty time that is not block time or deadheading time.  ECF No. 121 at 29.  Instead, Virgin's flight attendants only receive credit for duty hours if they have already earned 3.5 credits of block time or deadheading for the day.  Id. at 30.  Virgin identifies no additional disputes of fact.  Therefore, the Court finds that Plaintiffs are entitled to summary judgment on this claim.[8]

### 2.   Virgin's Liability to the Class and Subclass for Failure to Pay Overtime Premiums

California Labor Code Section 510 requires employers to pay over time for "any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . ." See also Wage Order 9-2001 § (3)(A).  "In California, overtime exemption is an affirmative defense that must be pled and proved by the employer.  Campbell v.

---

[8] As previously noted, the Court denies summary judgment as to time spent completing incident reports.

United States District Court
Northern District of California

1 PricewaterhouseCoopers, LLP, 642 F.3d 820, 825 (9th Cir. 2011) (citing Ramirez v. Yosemite

2 Water Co., 20 Cal.4th 785 (1999)).

3        This Court previously found evidence that Plaintiffs worked more than eight hours some

4 days such that they qualify for overtime pay.  Id. at 32.  For example, Virgin's expert testified that

5 each of the Plaintiffs had at least one day where they worked in excess of eight hours.  ECF No.

6 101-31 at 3:9-24.  Virgin does not dispute this evidence.[9]  Therefore, the Court finds that Plaintiffs

7 are entitled to summary judgment on this claim.

8       **3.**     **Virgin's Liability to the Class for Failure to Provide Legally Compliant**
            **Meal Periods and Rest Breaks**

9

10        California Labor Code Section 510 requires an employer to provide a 30 minute-meal if an

11 employee works more than five hours per day.[10]  See also Wage Order 9-2001 § 11.  Employers

12 must also provide a 10 minute rest break for every four hours of work.  See Wage Order No. 9-

13 2001 § 12.

14        This Court previously found that Plaintiffs' meal period and break claims are

15 geographically limited to California.  ECF No. 121 at 33.  However, the Court also noted that

16 there was evidence that Plaintiffs worked duty periods solely within California that were long

17 enough to trigger meal period and rest break eligibility.  Id.  Virgin's expert found between four

18 and fifty-three instances for each Plaintiff where they were potentially eligible for either a rest

19 break or a meal period.  ECF No. 98-2 at 6.  Virgin does not dispute this evidence.   Therefore,

20 Plaintiffs are entitled to summary judgment on their remaining meal period and rest break claims.

21       **4.**     **Virgin's Liability to the Class for Failure to Provide Accurate Wage**
            **Statements**

22

23        Under Section 226 of the California Labor Code, an employer is required to provide "an

24 —————————————

25 [9] Virgin does argue that employees are not entitled to overtime pay when they traded into a shift
requiring overtime hours.  ECF No. 267 at 30.  But Virgin offers no evidence to show that any

26 flight attendant overtime actually resulted from a voluntary swap, and so the argument does not
create a dispute of material fact.

27 [10] Section 512 does not require employers to provide a meal period if the total work period per day
of the employee is no more than six hours and the meal period is waived "by mutual consent of

28 both the employer and employee."  Cal. Lab. Code § 512(a).  Virgin does not provide any
evidence of mutual consent.

accurate itemized wage statement" showing gross wages, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.  Cal. Lab. Code § 226(a).  "The employer's violation of section 226 must be 'knowing and intentional.'"  Garnett v. ADT LLC, 139 F. Supp. 3d 1121, 1133 (E.D. Cal. 2015), reconsideration denied, No. 2:14-02851 WBS AC, 2016 WL 146232 (E.D. Cal. Jan. 13, 2016) (quoting Cal. Labor Code § 226(e)(1)).  A "'knowing and intentional' violation requires a showing that the defendant knew that facts existed that brought its actions or omissions within the provisions of section 226(a)."  Willner v. Manpower Inc., 35 F. Supp. 3d 1116, 1131 (N.D. Cal. 2014).

Virgin concedes that its wage statements do not show the effective hourly rate of pay for each hour of duty or the actual number of hours worked.  ECF No. 121 at 31.  Plaintiffs have also provided evidence that Virgin knew that its wage statements did not show the actual number of hours worked.  ECF No. 225-3 at 18-20.  Virgin does not dispute this evidence or offer competing evidence.  Therefore, Plaintiffs are entitled to summary judgment on this claim.

### 5.   Virgin's Liability to the Waiting Time Penalty Subclass for Violations of Labor Code Section 203

Under California law, if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, "the wages of the employee shall continue as a penalty from the due date thereof . . . but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203.

"California courts have held that an 'employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due.'  Rather, '[w]illful merely means that the employer intentionally failed or refused to perform an act which was required to be done.'"  Mie Yang v. Francesca's Collections, Inc., No. 17-CV-04950-HSG, 2018 WL 984637, at *5 (N.D. Cal. Feb. 20, 2018) (quoting Ming-Hsiang Kao v. Joy Holiday, 12 Cal. App. 5th 947, 962-63 (2017)).  Plaintiffs contend that Virgin willfully failed to pay the Waiting Time Penalty Subclass members for all hours worked and for overtime.  ECF No. 225 at 26.  The Court has already found that Virgin failed to pay class members for all hours

1    worked and for overtime.  Therefore, the Court grants Plaintiffs' motion for summary judgment on

2    this claim.

3              **6.      Virgin's Liability to the Class and Subclass for Violations of the Unfair**
                        **Competition Law (UCL)**
4

5         Plaintiffs ask for summary judgment on the UCL claims "that are derivative of Virgin's

6    violations of the California Labor Code for (1) failing to pay for all hours worked; (2) failing to

7    pay overtime; (3)failing to provide meal breaks; and (4) failing to provide rest breaks.  ECF No.

8    225 at 26.  "[O]rders for payment of wages unlawfully withheld from an employee" are a

9    restitutionary remedy authorized by the UCL.  Cortez v. Purolator Air Filtration Prod. Co., 23 Cal.

10   4th 163, 177 (2000).  The Court found that Plaintiffs are entitled to summary judgment for their

11   remaining failure to pay all hours worked, failure to pay overtime, failure to provide meal break,

12   and failure to provide rest breaks claims.  Plaintiffs' motion for summary judgment on their UCL

13   claims is granted.

14             **7.      Virgin's Liability for Violations of the Private Attorney General Act**
                        **(PAGA)**
15

16        Plaintiffs bring derivative claims under the PAGA. See Lab. Code. § 2698 et seq.

17   Plaintiffs seek penalties under PAGA for Virgin's failures to pay for all hours worked and

18   overtime and failures to provide meal periods, rest breaks, and accurate wage statements.  ECF

19   No. 225 at 27.  For the reasons discussed above, Plaintiffs' motion for summary judgment on these

     derivative PAGA claims is granted.
20
          Plaintiffs also seek PAGA penalties for Virgin's failure to provide timely payments.  ECF
21
     No. 225.  Plaintiffs provide evidence that Virgin does not provide timely payments pursuant to
22
     California Labor Code Section 204.[11]  Virgin does not dispute this evidence.  Accordingly,
23
     Plaintiffs' motion for summary judgment on this claim is granted.
24

25

26

     _____
27   [11] "Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid
     for between the 16th and the 26th day of the month during which the labor was performed, and
28   labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid
     for between the 1st and 10th day of the following month."  Cal. Lab. Code § 204.

United States District Court
Northern District of California

United States District Court
Northern District of California

### 8.    Declaratory and Injunctive Relief

Plaintiffs argue that they are entitled to declaratory and injunctive relief under the Labor Code and the UCL.  ECF No. 225 at 28.  Virgin argues that prospective injunctive relief cannot be awarded against Virgin because Virgin no longer has control over the applicable policies or the flight attendants' working conditions.  ECF No. 267 at 29.  Virgin argues that it no longer has control because the class members are now employees of Alaska Airlines and subject to Alaska Airlines policies and practices.  Id. at 28-29.  In response, Plaintiffs point out that "[u]ntil the effective date of the Single Collective Bargaining Agreement, Virgin America Inflight will continue to operate under the Virgin America Inflight Teammate Work Rules as modified and/or superseded by other agreements . . . ."  ECF No. 282 at 16 n.33.

The Court denies Plaintiffs' motion for summary judgment as to Plaintiffs' claims for declaratory and injunctive relief.  Plaintiffs simply have not provided the Court with enough information regarding Virgin's corporate successor's policies and practices to determine whether such relief is appropriate.

### 9.    Compensatory Damages, Restitution, Statutory Penalties, Civil Penalties, Attorneys' Fees, and Costs

Plaintiffs are entitled to seek compensatory damages, restitution, statutory penalties, civil penalties, attorneys' fees and/or costs.[12]  While Virgin disputes their liability, Virgin does not dispute that Plaintiffs are entitled to seek these remedies.  ECF No. 267 at 31-32.  However, Virgin does dispute Plaintiffs' damages model.  Id.

First, Virgin argues that damages calculations for the Subclass cannot be calculated until residency is determined.  ECF No. 267 at 31.  The Court again rejects this argument.  The Court has already held that the California Resident Subclass can be ascertained through Virgin's business records and the state where each flight attendant paid income taxes.  ECF No. 151 at 9.  Individual issues can be raised in claims administration.  See Briseno v. ConAgra Foods, Inc., 844 F.3d 1121, 1131 (9th Cir. 2017).

---

[12] The Court will consider any requests for attorneys' fees and costs in connection with the entry of judgment.

Second, there is a dispute about the appropriate rate to be used in calculating damages for any unpaid non-overtime hours.  Plaintiffs argue for the use of the "regular rate of pay," which is the same rate they use for their overtime damages calculation.  ECF No. 225 at 29.  "The regular rate of pay is calculated by dividing the total remuneration that the employee receives by the total number of hours that the employee has worked."  Id.  Virgin argues that unpaid regular time hours should instead be compensated at the minimum wage because "there is no agreed-upon rate." ECF No. 267 at 32.  As a fall-back argument, Virgin suggests that the appropriate measure is class members' "base rate."  Id. at 32 n.25.  A base rate would consist of a flight attendant's hourly rate without including differentials, such an increased rate for flying in lead status.

No party has cited a case directly on point, and the Court has not found one.  The question of whether pay differentials must be included in the calculation of unpaid regular time appears to be an open question.  Accordingly, the Court looks to other, analogous provisions of California labor law.  To calculate unpaid overtime, California law uses the "regular rate of pay" proposed by Plaintiffs.  Alvarado v. Dart Container Corp. of California, 4 Cal. 5th 542, 562 (2018) ("Labor Code section 510 and the IWC wage orders define the overtime rate of pay as a multiple of the regular rate of pay" (emphasis omitted)).  And shift differentials and other adjustments must be included in the regular rate.  Id. at 554 ("Regular rate of pay, which can change from pay period to pay period, includes adjustments to the straight time rate, reflecting, among other things, shift differentials and the per-hour value of any nonhourly compensation the employee has earned."); see also Ming Chin, Rebecca A. Wiseman, Consuelo Callahan & David A. Lowe, Cal. Prac. Guide Employment Litigation, Ch. 11-F (Overtime Compensation) (online ed. 2018) ("Additional pay due to the nature of the work, such as working a nightshift or performing undesirable tasks, is included in measuring the employee's 'regular rate.'").  California law also uses the regular rate of pay to determine compensation for employees denied their meal and rest breaks.  Cal. Lab. Code § 226.7(c); Bradley v. Networkers Int'l, LLC, 211 Cal. App. 4th 1129, 1149 (2012).

The Court sees no principled distinction between an appropriate wage for overtime hours, meal breaks, and rest breaks, on the one hand, and regular wages on the other.  Furthermore, adopting the regular rate of pay as the appropriate benchmark would give effect to the "strong

14

1    public policy in favor of full payment of wages for all hours worked" reflected in California's

2    labor statutes.  Armenta v. Osmose, Inc., 135 Cal. App. 4th 314, 324, 37 Cal. Rptr. 3d 460, 468

3    (2005); see also Davis v. Farmers Ins. Exch., 245 Cal. App. 4th 1302, 1331–32 (2016) ("The

4    statutes governing the employer/employee relationship are "remedial in nature" and must be

5    liberally construed, 'with an eye to promoting the worker protections they were intended to

6    provide.'" (quoting Prachasaisoradej v. Ralphs Grocery Co., Inc. 42 Cal.4th 217, 227 (2007))).

7    Accordingly, the Court will enter judgment in Plaintiffs' favor on their unpaid wage claims using

8    the regular rate of pay.[13]

9          Third, Virgin argues that Plaintiff should not use the "subsequent violation rate" for

10   calculating PAGA penalties.  ECF No. 267 at 32.  Under California Labor Code Section 2699(f),

11   the civil penalty for an initial violation is lower than the civil penalty for a subsequent violation.

12   "Until the employer has been notified that it is violating a Labor Code provision (whether or not

13   the Commissioner or court chooses to impose penalties), the employer cannot be presumed to be

14   aware that its continuing underpayment of employees is a "violation" subject to penalties.

15   However, after the employer has learned its conduct violates the Labor Code, the employer is on

16   notice that any future violations will be punished just the same as violations that are willful or

17   intentional – i.e., they will be punished at twice the rate of penalties that could have been imposed

18   or that were imposed for the initial violation."  Amaral v. Cintas Corp. No. 2, 163 Cal. App. 4th

19   1157, 1209 (2008).

20

21

22   [13] This case is not like Quezada v. Con-Way Freight, Inc., No. C 09-03670 JSW, 2013 WL
     11089798 (N.D. Cal. Dec. 16, 2013).  In that case, the Defendant's contract with its employees
23   specifically provided that certain activities were "non-compensated."  The Court held that
     Defendant's compensation scheme violated California law.  Id. at *2.  In determining the rate to be
24   paid for the previously non-compensated activities, the Court held that the California minimum
     wage was the appropriate rate, because the Defendant had specifically not set a rate for those
25   activities.  Id.  By contrast, Virgin does not argue that any of the Plaintiffs' work activities are
     uncompensated; rather, it argues that all of Plaintiffs' work activities are already compensated,
26   such that relief in this case is unnecessary.  See, e.g., ECF No. 267 at 16 n.16 ("Wage Order No. 9
     provides Virgin the flexibility to utilize other methodologies besides hourly pay to calculate
27   compensation so long as Virgin ensures that it pays flight attendants above the hourly
     minimum wage for all time worked – which it does.").
28
                                                15

United States District Court
Northern District of California

Here, Plaintiffs allege that prior to filing its First Amended Complaint, they gave written notice by certified mail to Virgin of the factual and legal bases for the Labor Code violations on September 25, 2015 and September 26, 2015.  ECF No. 32 at 22.  Virgin does not dispute this allegation, but argues that the initial rate should apply until a court or the Labor Commission has made a finding of a violation.  ECF No. 267 at 32.  However, there is nothing in the statutory language or California court authority that requires any finding of liability.  Amaral only requires that Virgin is "notified that it is violating a Labor Code provision."  Amaral, 163 Cal. App. 4th at 1209.  Virgin was notified on September 25, 2015 and September 26, 2015.  Therefore the subsequent violation rate can be used after September 26, 2015.

Fourth, Virgin argues that Plaintiffs should not have included the 88 class members who participated in Virgin's Career Choice program.  ECF No. 32 at 32. As the Court discusses in its order regarding Virgin's motion to decertify the class, this is a question of class membership.

### CONCLUSION

The Court grants Plaintiffs' motion for summary judgment for its failure to pay for all hours worked, failure to pay overtime, failure to provide meal and rest breaks, and failure to provide accurate wage statements claims.  The motion is denied regarding the time spent completing incident reports.  The Court also grants Plaintiffs' motion for summary judgment as to the Waiting Time Penalty Subclass.  Finally, the Court grants Plaintiffs' motion for summary judgment for its UCL and PAGA claims.[14]

The Court sets a case management conference on August 1, 2018 at 9:30 a.m.  An updated joint case management statement is due July 25, 2018.   The statement should address any remaining issues that require resolution before judgment can be entered in this case.

**IT IS SO ORDERED.**

Dated: July 9, 2018

_____
JON S. TIGAR
United States District Judge

---

[14] Virgin moved to strike Plaintiffs' proposed order, ECF No. 282-9.  ECF No. 286.  The Court did not read the proposed order.  The motion is denied.

16