OLIVIER SCHREIBER & CHAO LLP
Monique Olivier (SBN 190385)
(monique@osclegal.com)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone:  (415) 484-0980

KOSINSKI + THIAGARAJ, LLP
Alison Kosinski (SBN 261676)
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
(emily@ktlawsf.com)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 230-2860

*Attorneys for Plaintiffs and the Class*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JULIA BERNSTEIN, et al.,

Plaintiffs,

vs.

VIRGIN AMERICA, INC., et al.,

Defendants.

Case No. 15-cv-02277-JST

**CLASS ACTION**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENTER JUDGMENT FOR A SUM CERTAIN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Hearing Date:  December 13, 2018
Hearing Time:  2:00 P.M.
Courtroom:      9, 19th Floor

The Honorable Jon S. Tigar

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES .................................................................................................. ii

I.      INTRODUCTION ..................................................................................................1

II.     ARGUMENT .........................................................................................................1

     A.     Defendants' Attack on the Court's Prior Orders Is an Unauthorized
           Motion for Reconsideration ......................................................................1

     B.     Defendants' Insistence that They Can Now Present Belated Defenses
           Ignores the Procedural Posture of this Case .............................................2

     C.     Plaintiffs Are Entitled to Compensatory Damages and Restitution in the
           Amounts Supported by Their Expert Report .............................................5

     D.     Plaintiffs Are Entitled to Statutory Penalties for Defendants' Violation of
           Labor Code § 203.....................................................................................6

     E.     Plaintiffs Are Entitled to Statutory Penalties for Defendants' Violation of
           Labor Code § 226(a) and the State and Plaintiffs Are Entitled to Civil
           Penalties for Defendants' Violation of Labor Code § 226(a) .......................10

     F.     Defendants' Belated Arguments for an Equitable Reduction in PAGA
           Penalties Lack Authority and Persuasion ......................................................12

     G.     Plaintiffs' Meal Period and Rest Break Claims Carry Prejudgment Interest.................14

III.    CONCLUSION.....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Page(s)**

*Aguirre v. Genesis Logistics*, No. SACV 1200687 JVS ANX
   2013 WL 10936035 (C.D. Cal. Dec. 30, 2013) ................................................................ 13

*Amaral v. Cintas Corp. No. 2*,
   163 Cal. App. 4th 1157 (2008)......................................................................................... 12

*Anderson v. Liberty Lobby, Inc*.,
   477 U.S. 242 (1986) ............................................................................................................ 3

*Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST
   2017 WL 3115168 (N.D. Cal. July 21, 2017) ............................................................... 10

*Bay Venture Elyria, LLC v. Advanced Plastics Reclaiming, LLC*, No. 1:12-CV-2866
   2014 WL 4472620 (N.D. Ohio Sept. 11, 2014) ............................................... 4, 7, 10

*Brewer v. Gen. Nutrition Corp.*, No. 11-CV-3587 YGR
   2015 WL 5072039 (N.D. Cal. Aug. 27, 2015) ............................................................... 9

*Caliber Bodyworks, Inc. v. Superior Court*,
   134 Cal.App.4th 365 (2005) ........................................................................................... 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ............................................................................................................ 3

*E. P. Hinkel & Co. v. Manhattan Co*.,
   506 F.2d 201 (D.C. Cir. 1974) ......................................................................................... 3

*Fleming v. Covidien Inc.*, No. ED CV 10-01487
   2011 WL 7563047 (C.D. Cal. Aug. 12, 2011) ............................................................ 13

*Gaasterland v. Ameriprise Fin. Serv., Inc*., No. 16-cv-03367 LHK
   2016 WL 4917018 (N.D.Cal., Sept. 15, 2016) ........................................................... 11

*Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10-cv-1189 LHK
   2012 WL 2236752 (N.D. Cal. June 15, 2012) ............................................................ 11

*Harris v. Best Buy Stores, L.P.*,
   2017 WL 3948397 (N.D. Cal. Sept. 8, 2017)................................................................. 9

*Hoffman v. Tonnemacher*,
   593 F.3d 908 (9th Cir. 2010) ............................................................................................ 1

*Heredia v. Eddie Bauer LLC*, No. 16-cv-06236-BLF,
   2018 U.S. Dist. LEXIS 40314 (N.D. Cal., March 9, 2018) ....................................... 1

*Huff v. Securitas Sec. Servs. USA, Inc*.,
   23 Cal. App. 5th 745 (2018) ........................................................................................... 12

*Iskanian v. CLS Transportation Los Angeles, LLC,*
   59 Cal. 4th 348 (2014).............................................................................. 10, 11, 12

*Kirby v. Immoos Fire Protection, Inc.,*
   53 Cal. 4th 1244 (2012) ...................................................................................... 15

*Kische USA, LLC v. Simsek,* No. C16-0168 JLR,
   2017 U.S. Dist. LEXIS 196191 (W.D. Wash. Nov. 29, 2017) ............................. 1, 2

*Lopez v. Friant & Associates, LLC,*
   15 Cal. App. 5th 773 (2017) ................................................................................. 11

*Marlo v. United Parcel Serv., Inc.,* No. CV 0304336 DDP RZx
   2009 WL 10669254 (C.D. Cal. July 1, 2009) ....................................................... 15

*McKenzie v. Fed. Exp. Corp.,*
   765 F. Supp. 2d 1222 (C.D. Cal. 2011) ............................................................... 11

*Mersnick v. USProtect Corp.,* No. C-06-03993 RMW
   2006 WL 3734396 (N.D. Cal. Dec. 18, 2006) ....................................................... 8

*Mie Yang v. Francesca's Collections, Inc.,* No. 17-CV-04950-HSG
   2018 WL 984637 (N.D. Cal. Feb. 20, 2018) .......................................................... 7

*Ming-Hsiang Kao v. Joy Holiday,*
   12 Cal. App. 5th 947 (2017) ................................................................................... 7

*Mortley v. Express Pipe & Supply Co.,* No. SACV 17-1938-JLS-JDE
   2018 WL 708115 (C.D. Cal. Feb. 5, 2018) ............................................................ 9

*Murphy v. Kenneth Cole Prods., Inc.,*
   40 Cal. 4th 1094 (2007) ....................................................................................... 15

*Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.,*
   18 F.3d 1468 (9th Cir. 1994) .................................................................................. 3

*Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.,*
   513 F.3d 949 (9th Cir. 2008) ................................................................................ 14

*Paragon Tank Leasing, LLC v. Riccelli Enterprises, Inc.,* No. 09-CV-513
   2010 WL 2181315 (E.D. Wis. May 25, 2010) ....................................................... 3

*Pressler v. Donald L. Bren Co.,*
   32 Cal. 3d 831 (1982)............................................................................................. 8

*Raines v. Coastal Pac. Food Distributors, Inc.,*
   23 Cal. App. 5th 667 (2018) ................................................................................. 11

*Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc.,*
   102 Cal. App. 4th 765 (2002) ................................................................................. 7

*Ridgeway v. Wal-Mart Stores Inc.,* No. 08-cv-05221-SI,
   2017 U.S. Dist. LEXIS 10510 (N.D. Cal. Jan. 25, 2017) .................................... 14

*Roberts v. Marshalls of CA, LLC*, No. 13-CV-04731-MEJ
    2017 WL 1152967 (N.D. Cal. Mar. 28, 2017) ................................................................ 8

*Rodriguez v. Scripps Media, Inc.*, No. CV 150016 FMOAJWX
    2015 WL 13747408 (C.D. Cal. Jan. 28, 2015) .............................................................. 11

*Rozskowiak v. Village of Arlington Hts.*,
    415 F.3d 608 (7th Cir. 2005) .......................................................................................... 3

*Smith v. Rae-Venter Law Grp.*,
    29 Cal. 4th 345 (2002) .................................................................................................... 9

*Stewart v. San Luis Ambulance Inc*, No. CV 1309458 BROSSX
    2015 WL 13684710 (C.D. Cal. Oct. 6, 2015) .............................................................. 11

*Triad Data Servs., Inc. v. Jackson*,
    153 Cal. App. 3d Supp. 1 (App. Dep't Super Ct. 1984) ......................................... 9, 10

*Velazquez v. Costco Wholesale Corp.*, No. SACV 11-508 JVS RNBX
    2012 WL 3731780 (C.D. Cal. Aug. 27, 2012) ............................................................... 9

*Walsh v. United States*,
    31 F.3d 696 (8th Cir. 1994) ............................................................................................ 3

*Willner v. Manpower Inc.*,
    35 F.Supp.3d 1116 (N.D.Cal. 2014) ............................................................................ 11

*Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv541-GPC
    2015 WL 128042 (S.D.Cal. Jan. 8, 2015) ............................................................ 4, 5, 6

**State Statutes**

Cal. Civ. Code § 3289 ........................................................................................... 14, 15

Cal. Lab. Code § 203 ...................................................................................... 6, 8, 9, 10

Cal. Lab. Code § 218.6 ........................................................................................ 14, 15

Cal. Lab. Code § 226 .................................................................................... 10, 11, 13

Cal. Lab. Code § 2699 ........................................................................................ 12, 14

**Federal Rules**

Fed. R. Civ. P. 1 ............................................................................................................ 3

**Other Authorities**

N.D. Cal. L.R. 7 ............................................................................................................ 2

## I.   INTRODUCTION

Defendants' opposition to Plaintiffs' motion for judgment is not an exercise in advocacy, but an exercise in obstinance.  Defendants spend the better part of their brief rehashing and recasting history and entreating the Court, *again*, to revisit its prior rulings.  When they finally get around to addressing the merits of Plaintiffs' motion, they do not raise any arguments in opposition to the updated report of Plaintiffs' expert, but instead raise new arguments that they were obligated – but failed – to raise on summary judgment.  Even if the Court considers Defendants' belated contentions, they do not offer any compelling reason to deviate from the damages that were carefully and accurately calculated by Plaintiffs' expert.  Their opposition carries no weight.  Plaintiffs' motion should be granted in full.

## II.   ARGUMENT

To be clear, Defendants do not make any claim that there are disputed factual issues to resolve, or that a trial is necessary in order for this Court to determine the damages, restitution and penalties owed to the Class and Subclasses in this action.  Instead, they make arguments that have already been rejected, or new arguments they did not raise in response to Plaintiffs' motion for summary judgment or in the parties' lengthy meet and confer following the Court's order on summary judgment.  In any event, none of Defendants' contentions has merit.

### A.   Defendants' Attack on the Court's Prior Orders Is an Unauthorized Motion for Reconsideration.

Defendants' argument that the Court should award no damages because all of its prior orders are wrong should be given short shrift.  It is an improper attempt at reconsideration and raises arguments this Court has addressed multiple times.  *See, e.g.,* ECF 104, 121, 316, 317.  No party may seek reconsideration of an interlocutory order "without first obtaining leave of Court to file the motion."  Local Rule 7-9(a); *see Heredia v. Eddie Bauer LLC*, Case No. 16-cv-06236-BLF, 2018 U.S. Dist. LEXIS 40314 * (N.D. Cal., March 9, 2018) (denying leave to reconsider class certification order).  The Ninth Circuit has recognized "the potential for abuse" and the need for district courts to retain discretion to "'weed out frivolous or simply repetitive motions.'"  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (citation omitted); *Kische USA,*

1   *LLC v. Simsek*, No. C16-0168 JLR, 2017 U.S. Dist. LEXIS 196191, at *9 (W.D. Wash. Nov. 29,

2   2017) ("if left unchecked, repetitive motions practice can create significant costs and expend

3   considerable court resources."). Thus, only such grounds as "(1) an intervening change in

4   controlling law; (2) the availability of new evidence or an expanded factual record; [or] (3) the

5   need to correct a clear error or prevent manifest injustice" warrant a successive motion. *Kische*

6   *USA*, 2017 U.S. Dist. LEXIS 196191, at *9 (citation omitted).

7          Defendants' conduct cannot be condoned. As the Court is well-aware, this case has a

8   long history. As is relevant to this motion, the Court denied Virgin's motion for summary

9   judgment, certified the Class and Subclasses, denied, in large part, Defendants' motion for

10  decertification, and granted, in large part, Plaintiffs' motion for summary judgment. *See* ECF

11  104, 121, 316, 317. The only event that remained before judgment could be entered was to

12  determine a sum certain owed to the Class and Subclasses for Defendants' violations.

13  Defendants offer no newly discovered evidence, no clear error, and no change in controlling law.

14  Instead, Defendants incorporate their earlier arguments and urge the Court to use that as a basis

15  to deny Plaintiffs' motion, in express violation of the controlling rule. L.R. 7-9(c) (parties who

16  repeat arguments in a motion for reconsideration "shall be subject to appropriate sanctions.").

17         Defendants' continued refusal to accept the judgment of the Court regarding their liability

18  should be rejected.

19         **B.      Defendants' Insistence that They Can Now Present Belated Defenses Ignores**
20                 **the Procedural Posture of this Case.**

21         Defendants insist that they are now free to raise whatever arguments they choose, relying

22  on a statement in Plaintiffs' motion for class certification describing a phased *trial* proceeding.

23  *See* ECF 70, pp. 26-27 ("while it is unnecessary to adopt a specific *trial plan* now, Plaintiffs

24  submit that this case may proceed along a well-recognized path with a phased proceeding").

25  This argument ignores a critical fact: ***Plaintiffs moved for, and were granted, summary***

26  ***judgment***. ECF 317. The Court could not enter judgment as to a sum certain, however, because

27  Defendants had ignored their obligation to produce updated data from which Plaintiffs' expert

28  could calculate damages. *See* ECF 225, pp.13-14, n.16, p.28, n.74. Accordingly, the Court's

1    order directed the parties to "address any remaining issues that require resolution before

2    judgment can be entered in this case."  ECF 317, p.16.  The order did not, as Defendants suggest,

3    permit them to raise any additional arguments they happen to think of relating to Plaintiffs'

4    claims that they failed to raise on summary judgment.

5         Basic rules of civil procedure confirm that, once confronted with a summary judgment

6    motion, the opposing party "must present evidence on which the jury could reasonably find for

7    the non-moving party."  *Paragon Tank Leasing, LLC v. Riccelli Enterprises, Inc*., No. 09-CV-

8    513, 2010 WL 2181315, at *2 (E.D. Wis. May 25, 2010), citing *Rozskowiak v. Village of*

9    *Arlington Hts*., 415 F.3d 608, 612 (7th Cir. 2005) and *Anderson v. Liberty Lobby, Inc*., 477 U.S.

10   242 (1986).  To prevent summary judgment, the opposing party must present disputed facts such

11   that, if they were proven at trial, a reasonable jury could return a verdict for it.  *See Nw.*

12   *Motorcycle Ass'n v. U.S. Dep't of Agric*., 18 F.3d 1468, 1471 (9th Cir. 1994).  The summary

13   judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as

14   an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy

15   and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327

16   (1986), quoting Fed. R. Civ. P. 1.  If the opposing party fails to oppose the motion sufficiently to

17   raise disputed facts, summary judgment is mandatory.  *Celotex*, 477 U.S. at 322–23; *E. P. Hinkel*

18   *& Co. v. Manhattan Co*., 506 F.2d 201, 205 (D.C. Cir. 1974), citation omitted ("If a party has

19   credible evidence for its position, it must make the existence of such evidence known.  'Summary

20   judgment cannot be defeated by the vague hope that something may turn up at trial.'").  When

21   the issues before the court are primarily legal, "summary judgment is particularly appropriate."

22   *Walsh v. United States*, 31 F.3d 696, 698 (8th Cir. 1994).

23        Defendants raised several arguments in response to Plaintiffs' summary judgment

24   motion, all of which this Court addressed.[1]  ECF 317.  In addition to repeating several of those

25

26   [1] Indeed, as with their opposition to this motion, Defendants spent the better part of their
     summary judgment opposition rehashing arguments the Court had already rejected, rather than
27   responding to Plaintiffs' motion or raising the arguments they now seek to press.  ECF 317, pp.3-
     6.  Defendants also raised a number of arguments in their motion for decertification that the court
28

---

1   arguments here, Defendants now raise additional arguments that they could have, but failed to,

2   raise in opposition to Plaintiffs' summary judgment motion.  Indeed, Defendants submitted a

3   rebuttal report to Plaintiffs' expert report which offered no criticism or alternative calculations

4   based on the arguments they now raise.  Defendants are precluded from asserting these new

5   arguments now.  *See Bay Venture Elyria, LLC v. Advanced Plastics Reclaiming, LLC,* No. 1:12-

6   CV-2866, 2014 WL 4472620, at *3-4 (N.D. Ohio Sept. 11, 2014) (defendant waived defense by

7   failing to plead it or argue it in opposition to summary judgment).[2]

8          Defendants also make the novel, albeit desperate, claim that Alaska must be given an

9   opportunity to present its defenses, because it became a party on the tail end of the summary

10  judgment briefing.  But, again, this ignores the practical realities of this case.  Alaska was merely

11  added as a defendant in recognition of its status as a successor to Virgin.  Indeed, Alaska admits

12  that it is a successor-in-interest to Virgin.[3]  Plaintiffs have also stipulated to a cutoff date of

13  damages of December 15, 2017, the date Alaska alleges Virgin ceased to be the employer, and

14  have agreed that they are not seeking to hold Alaska liable in this action for any conduct beyond

15  Virgin's.  *See* ECF 330.  As a result, there is no independent basis asserted by Plaintiffs as to

16  Alaska's culpability that could give rise to any unique defenses to either liability or damages.  *Cf.*

17  *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC,* No. 10cv541-GPC, 2015 WL 128042, *5

---

19  addressed in denying that motion.  ECF 316, pp.11-14.  Defendants are not entitled to a third (or maybe fourth, Plaintiffs have lost count) bite at the apple.

[2] Further, Defendants' suggestion that the parties' briefing schedule for this motion contains an implicit concession by Plaintiffs that Defendants may assert whatever defenses they wish is untethered to fact.  The parties' schedule, including the meet and confer requirement, was intended to address any issues with Plaintiffs' expert's updated report and confirm that it was in keeping with the Court's order granting summary judgment, not to permit an open door to new arguments Defendants have now developed after fulsome summary judgment briefing.  *See* ECF 330, p.3.  Indeed, during the meet and confer process, Plaintiffs informed Defendants that they had waived several of their arguments for failing to raise them in response to summary judgment.  *See* ECF 343-5.  Defendants now raise those arguments plus additional ones did not even raise in the meet and confer process.  *Id.*

[3] *See* Trans. 8/1/18, 7:5-9 (Mr. Hendricks: "The successor entity is simply Alaska.  As so the point is is that when amendment was allowed for Alaska to be joined through stipulation, and by motion, it was done as a successor entity."); *id.*, 11:22 (Mr. Hendricks: "Alaska's not disputing that it became the employer…").

1   (S.D.Cal. Jan. 8, 2015) (noting that courts may permit successors-in-interest to be added and to

2   allow post-transfer conduct to be included in the calculation of damages).   Further, none of

3   Defendants' new arguments goes to Alaska's liability; they are arguments as to *Virgin's* liability

4   that should have been raised in opposition to Plaintiffs' summary judgment motion.   The Court

5   should reject this argument as the diversionary tactic it is.

6         In any event, as the below demonstrates, none of Defendants' arguments supports any

7   modification of the judgment Plaintiffs seek.

8         **C.      Plaintiffs Are Entitled to Compensatory Damages and Restitution in the**
           **Amounts Supported by Their Expert Report.[4]**

9

10         Without any legal or, frankly, factual support, Defendants claim that Plaintiffs' expert

11   has failed to present classwide evidence to support the damages and restitution they seek.   This is

12   false.

13         First, Defendants failed to oppose Plaintiffs' damages model on this ground in opposition

14   to summary judgment; they are therefore barred from belatedly claiming error now.   Second, the

15   Court has already, repeatedly, found Plaintiffs' damages model to be sound.   ECF 104, p.24;

16   ECF 317, pp.13-16.   In granting class certification, the Court stated that Plaintiffs had made a

17   showing through their expert's report that "damages can 'feasibly and efficiently be

18   calculated[.]'"   ECF 104, p.24.   "That report demonstrates that it will be possible to calculate

19   damages for the class claims by referencing Virgin's own records, which track when and how

20   much time each flight attendant spent performing many of the tasks that they claim they should

21   have been paid for, such as non-flight duty time[.]"   *Id.*   Indeed, Plaintiffs' expert was able to

22   calculate damages for each Class member for each duty period based on Virgin's detailed

23   schedule and pay data.   *See* ECF 343-2, ¶¶ 7-22 (describing data); ¶ 31 (explaining that Virgin's

24   policies require Class members to report one hour before flight time on the first flight of the day

25   of a duty period, and are required to be on board the aircraft 45 minutes before scheduled

26

27   ───────────────
     [4] Plaintiffs do not seek injunctive relief through this action.   With respect to declaratory relief,
     the Court has already issued an order finding Virgin to have violated California wage laws.   Dkt.
     317.

28

1  departure).[5]

2  Defendants insist, however, that Plaintiffs' expert "assumes" that each Class member is

3  entitled to one hour of pay at the beginning of their duty period for "report time," and Plaintiffs

4  did not prove that Class members actually reported one hour before their first flight.  ECF 352,

5  pp.19-20.  But Defendants concede that Virgin's policy *required* Class members to report one

6  hour before the first flight of the day, *id.* at p.20, and Defendants have never offered any

7  evidence that this policy was not followed.  Plaintiffs offered detailed evidence of Defendants'

8  practices in support of summary judgment, none of which was credibly refuted by Defendants.

9  *See* ECF 225, pp.14-16; ECF 317, p.9 (emphasis added) ("This Court has previously found that

10  Virgin fails to compensate its flight attendants" for non-flight duty time.  "*Virgin identifies no*

11  *additional disputes of fact*.").

12  Defendants' belated contention that Plaintiffs have not proven their claims with classwide

13  evidence fails.

14      **D.    Plaintiffs Are Entitled to Statutory Penalties for Defendants' Violation of
              Labor Code § 203.**

15

16  The Court granted summary judgment on Plaintiffs' claim for violation of Labor Code §

17  203.  Dkt. 317, pp.11-12.  Plaintiffs' expert has calculated the total amount owed to the Waiting

18  Time Penalties Subclass as $2,306,210 for 510 employees terminated at any time since March

19  18, 2012.  ECF 343-2, ¶¶ 46-47.  Defendants now raise three arguments and ask the Court to

20  deny Plaintiffs' motion on this claim or to severely restrict the amounts owed.  None of

21  Defendants' arguments persuades.

22  Defendants did not oppose the methodology or amount of the waiting time penalties in

23  response to Plaintiffs' motion for summary judgment.  Dkt. 267, pp.31-32.  As a result, they are

24

---

25  [5] Defendants selectively quote the Court's class certification order discussing the possibility of
the use of surveys, implying that such would be required here.  This is a red herring.  As
26  Defendants and the Court are well aware, surveys had been discussed as a means of estimating
damages "[t]o the extent Virgin's records do not keep track of work duties that are relevant to
27  Plaintiff's claims."  ECF 104, p.24.  Those duties include drug testing and incident reports,
neither of which are still claims in this action.
28

barred from raising new arguments now.  *Bay Venture Elyria*, 2014 WL 4472620, at \*3-4.

Further, Defendants' contentions lack legal support.

First, Defendants argue that Plaintiffs failed to demonstrate that Defendants "willfully"

failed to pay Plaintiffs and the Class wages upon their separation from employment.  This

argument goes to liability, not damages, and liability was already resolved on summary

judgment.  ECF 317, pp. 11-12.  As Plaintiffs argued in their summary judgment motion (to

which Defendants offered no response), and as this Court found:

> "California courts have held that an 'employer's refusal to pay need not be based
> on a deliberate evil purpose to defraud workmen of wages which the employer knows
> to be due.' Rather, '[w]illful merely means that the employer intentionally failed or refused
> to perform an act which was required to be done.'" *Mie Yang v. Francesca's Collections,
> Inc.*, No. 17-CV-04950-HSG, 2018 WL 984637, at \*5 (N.D. Cal. Feb. 20, 2018) (quoting
> *Ming-Hsiang Kao v. Joy Holiday*, 12 Cal. App. 5th 947, 962-63 (2017)).  Plaintiffs
> contend that Virgin willfully failed to pay the Waiting Time Penalty Subclass members
> for all hours worked and for overtime. ECF No. 225 at 26.  The Court has already found
> that Virgin failed to pay class members for all hours worked and for overtime.  Therefore,
> the Court grants Plaintiffs' motion for summary judgment on this claim.

*Id*.  Defendants offer nothing to alter this conclusion.  Their oft-repeated phrase that the case

presents "novel issues" is unconvincing.  There has never been any ambiguity that Virgin, a

California-based company that took California taxpayer money to train California employees,

had a duty to comply with California law for its workers in California.  Indeed, in denying

decertification, the Court noted that it had already "held that California law *clearly applies* to

Plaintiffs' claims that relate to work performed within California's borders." ECF 316, p.8,

citing ECF No. 121 at 9 (emphasis added).[6]  Defendants admittedly did not pay Class members

for all time worked in California. ECF 317, p.9.  There is no "good faith dispute" that warrants

the denial of this claim.  *See, e.g., Rd. Sprinkler Fitters Local Union No. 669 v. G & G Fire

Sprinklers, Inc*., 102 Cal. App. 4th 765, 781 (2002) (finding no "evil purpose" required and

holding that because workers were entitled to the prevailing wage, and defendant failed to pay

---

[6] Defendants gloss over the fact that *every case* they cite to support their claims of "novelty" are
cases involving out-of-state businesses which this Court has already distinguished.  *See* ECF
352, pp. 7-9.

wages due upon termination, defendant was also liable under § 203).

Second, Defendants claim that the waiting time penalties should cease as of March 18, 2015, the day the complaint was filed.[7]  As Plaintiffs explained in their opening brief, Defendants' argument runs headlong in to the Subclass definition, which includes "All individuals who have worked as California-based flight attendants of Virgin America, Inc. and have separated from their employment *at any time since March 18, 2012*."  Dkt. 104.  Defendants' contention also conflicts with the language of the statute, which states that the penalty accrues "until paid."  Lab. Code § 203(a).  A Class member who is still employed at the beginning of the Class period does not have an accrued claim, and therefore cannot "commence an action" seeking waiting time penalties, until that individual is separated from employment. *See, e.g., Mersnick v. USProtect Corp.*, No. C-06-03993 RMW, 2006 WL 3734396, at *8 (N.D. Cal. Dec. 18, 2006) (current employee lacked standing to bring section 203 claim); *Roberts v. Marshalls of CA, LLC*, No. 13-CV-04731-MEJ, 2017 WL 1152967, at *13 (N.D. Cal. Mar. 28, 2017)("As these class members continue to work for Defendants, they are not legally entitled to waiting time penalties.").

In the context of a class action, each class member's claim accrues -- and thus she may "commence an action" -- when that class member is separated from employment.  Class members who have separated from employment during the class period have still not be "paid" their wages owed and, thus, are entitled to waiting time penalties.[8]  Defendants lean on

---

[7] This contention in particular demonstrates why Defendants' attempt to raise new arguments now is pernicious.  Plaintiffs' expert calculated waiting time penalties for all Class members who had lost wages while working in California and were separated from employment during the Class period.  Defendants raised no opposition or alternate calculation.  Were Defendants now to succeed on this belated argument, Plaintiffs would be required to have their expert perform further calculations, which would then further delay the resolution of this action.

[8] This reading is also supported by the statutory purpose.  The purpose of the waiting time penalties statute is to deter employers from failing to pay an employee who is separated from employment all wages due *at the time of separation*.  "Public policy has long favored the 'full and prompt payment of wages due an employee.' [Citation.] '[W]ages are not ordinary debts.... [B]ecause of the economic position of the average worker and, in particular, his dependence on wages for the necessities of life for himself and his family, it is essential to the public welfare that he receive his pay' promptly." *Pressler v. Donald L. Bren Co*., 32 Cal. 3d 831, 837 (1982).

1  *Velazquez v. Costco Wholesale Corp*., No. SACV 11-508 JVS RNBX, 2012 WL 3731780 (C.D.

2  Cal. Aug. 27, 2012).  That case was not a class action.  Further, the court there found that

3  Plaintiff had filed her action alleging § 203 penalties prior to her termination and she could not,

4  in an individual action, "correct" that claim by alleging termination.  *Id.* at *6.  *Velazquez* is

5  inapposite.[9]

6        Third, Defendants now contend that Waiting Time Penalties Subclass members are not

7  entitled to penalties if they were not based in California at the time they were terminated,

8  because they were "no longer California 'employees' within the meaning of the Labor Code

9  section 203."  ECF 352, pp.18-19.  Defendants' reading of the code could not be more tortured.

10  Section 203 provides that if an employer willfully fails to pay "any wages of an employee who is

11  discharged or who quits, the wages of the employee shall continue as a penalty from the due date

12  thereof" for up to 30 days.  Nothing in the language of the statute requires an employee to be a

13  "California employee at the time of separation."  There is no dispute that every member of the

---

[9] Plaintiffs have not found a case on point.  In *Mortley v. Express Pipe & Supply Co.*, No. SACV 17-1938-JLS-JDE, 2018 WL 708115 (C.D. Cal. Feb. 5, 2018), the court assumed, for purposes of determining the amount in controversy, that each class member who was separated from employment "during the relevant class period" would be entitled to waiting time penalties.  *Id.* at *5.  In *Harris v. Best Buy Stores, L.P.*, No. 417CV00446HSGKAW, 2017 WL 3948397 (N.D. Cal. Sept. 8, 2017), the court addressed a discovery issue related to waiting time penalties. There, the plaintiffs argued that "commenced" in section 203 referred to the date of certification rather than the date the action was filed.  The court agreed for purposes of discovery and "until the district court makes a dispositive ruling regarding the commencement issue in the section 203 context."  *Id.*  The defendants in *Brewer v. Gen. Nutrition Corp.,* No. 11-CV-3587 YGR, 2015 WL 5072039 (N.D. Cal. Aug. 27, 2015) made the same argument Defendants make here, but the court did not reach the issue because there, the court determined that the class as defined was "limited to persons whose employment had terminated at the time of filing the TAC."  *Id.* at *14. In *Triad Data Servs., Inc. v. Jackson*, 153 Cal. App. 3d Supp. 1, 11–12 (App. Dep't Super Ct. 1984), disapproved of on other grounds by *Smith v. Rae-Venter Law Grp*., 29 Cal. 4th 345 (2002), the court held that an individual employee's filing of a claim for wages owed with the Labor Commissioner did not "commence an action" for purposes of terminating waiting time rights under section 203.  Construing the statute in such a manner "would discourage the employee from filing a claim with the Labor Commissioner as the employee would thereby lose leverage in his favor to encourage the employer to pay out amounts actually due the employee, while at the same time encouraging the employer not to pay up or settle, as he would suffer no penalty by this delay.  Such an interpretation is untenable and directly antagonistic to the legislative intent."  *Id.*

1    Waiting Time Penalties Subclass was not paid, and has still not been paid, wages for work done

2    in California.  They are thus entitled to penalties under the plain reading of section 203.

3           The Court should enter judgment on this claim in the amount sought by Plaintiffs.

4        **E.   Plaintiffs Are Entitled to Statutory Penalties for Defendants' Violation of**
            **Labor Code § 226(a) and the State and Plaintiffs Are Entitled to Civil**
5            **Penalties for Defendants' Violation of Labor Code § 226(a).**

6           Defendants argue that recovery of statutory penalties under Labor Code § 226(e) and

7    recovery of civil penalties for a Labor Code § 226(a) violation would constitute a "double

8    recovery."  Again, Defendants failed to raise this argument on summary judgment, and are

9    precluded from doing so now.  *See Bay Venture Elyria, LLC*, 2014 WL 4472620, at *3-4.

10          In addition, this Court has already rejected that very argument, recognizing that *statutory*

11   penalties are distinct from *civil* penalties.  *See Azpeitia v. Tesoro Ref. & Mktg. Co. LLC,* No. 17-

12   CV-00123-JST, 2017 WL 3115168, at *11 (N.D. Cal. July 21, 2017).  Defendants' attempt to

13   distinguish *Azpeitia* lacks any force.  As this Court found, "[a] statutory penalty is directly

14   recoverable by an employee and does not require PAGA compliance, whereas a civil penalty was

15   previously enforceable only by the state's labor enforcement agencies and now requires PAGA

16   compliance."  *Id.* at *11.  This is consistent with the California Supreme Court's view:

17
18          The civil penalties recovered on behalf of the state under the PAGA are distinct
            from the statutory damages to which employees may be entitled in their individual
19          capacities. Case law has clarified the distinction "between a request for statutory
            penalties provided by the Labor Code for employer wage-and-hour violations, which
20          were recoverable directly by employees well before the [PAGA] became part of the
            Labor Code, and a demand for 'civil penalties,' previously enforceable only by the state's
21          labor law enforcement agencies."

22   *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014), quoting *Caliber*

23   *Bodyworks, Inc. v. Superior Court,* 134 Cal. App. 4th 365, 377–378 (2005).  This Court in

24   *Azpeitia* also specifically recognized that PAGA applies to section 226, "suggesting recovery

25   under PAGA for these claims is permitted."  *Azpeitia*, 2017 WL 3115168, at *11.

26          Indeed, several other courts have confirmed that PAGA penalties are available for

27   violations of section 226 and are distinct from the statutory penalties available under section

28   226(e)(1).  *See Raines v. Coastal Pac. Food Distributors, Inc.,* 23 Cal. App. 5th 667, 677–79

1   (2018) ("PAGA is concerned with collecting civil penalties for the violation of section 226(a),

2   not the damages or statutory penalties provided for in section 226(e)."); *Lopez v. Friant &*

3   *Associates, LLC*,15 Cal. App. 5th 773, 788 (2017) (noting distinction between civil and statutory

4   penalties and finding that a statutory penalty is available under (§ 226(e)(1), while a civil penalty

5   is available under PAGA); *Gaasterland v. Ameriprise Fin. Serv., Inc*., No. 16-CV-03367-LHK,

6   2016 WL 4917018, *7-8 (N.D.Cal., Sept. 15, 2016) (recognizing that § 226(e) "provides

7   employees a statutory penalty that they may recover if they sue in their individual capacities,"

8   while PAGA provides a civil penalty for a violation of § 226(a)); *Willner v. Manpower Inc*., 35

9   F.Supp.3d 1116, 1136 (N.D.Cal. 2014) (Tigar, J.) (recognizing distinct claims for violations of §

10  226 under § 226(e) and under PAGA); *McKenzie v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222,

11  1231–32 (C.D. Cal. 2011) (because § 2699.5 of PAGA references Labor Code § 226(a),

12  plaintiffs need not establish § 226(e) injury (which is necessary for statutory penalties) to recover

13  PAGA penalties).

14       The cases reaching a different conclusion are wrongly decided.  In particular, in *Guifu Li*

15  *v. A Perfect Day Franchise, Inc.*, No. 10 CV 1189 LHK, 2012 WL 2236752, at *17 (N.D. Cal.

16  June 15, 2012), Judge Koh concluded that PAGA penalties would be duplicative of statutory

17  penalties.  But the court did not discuss the distinction between civil and statutory penalties, the

18  order was issued before the California Supreme Court's decision in *Iskanian*, and the same court

19  later recognized the distinction between statutory and civil penalties for § 226 violations in

20  *Gaasterland* case.  *See* 2016 WL 4917018, *7-8.  The other two cases Defendants cite,

21  *Rodriguez* and *Stewart*, simply rely upon the *Li* case without any further discussion in

22  concluding that the penalties would be duplicative.  *See Stewart v. San Luis Ambulance Inc,* No.

23  CV 1309458 BROSSX, 2015 WL 13684710, at *16 (C.D. Cal. Oct. 6, 2015); *Rodriguez v.*

24  *Scripps Media, Inc.*, No. CV 150016 FMOAJWX, 2015 WL 13747408, at *6 (C.D. Cal. Jan. 28,

25  2015).

26       Defendants' "double recovery" argument fails.  In addition to statutory damages under §

27  226(e)(1), Plaintiffs and the State are entitled to PAGA penalties for Defendants' violation of §

28

226(a).

### F. Defendants' Belated Arguments for an Equitable Reduction in PAGA Penalties Lack Authority and Persuasion.

In their typical, overreaching fashion, Defendants argue for a 100% reduction in the penalties owed to the State and the Class and Subclasses. As an alternative, Defendants arbitrarily argue for a 75% reduction. None of Defendants' arguments finds purchase in the facts or the law.

The purpose of PAGA is the starting place for the Court's analysis. As one appellate court recently explained, despite robust statutes that "closely regulate[] the working conditions of employees and the payment of their wages," "declining staffing levels had left state agencies unable to produce widespread compliance," and the Legislature passed the PAGA because it "found state labor laws were not being effectively enforced." *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 752 (2018), review denied (Aug. 8, 2018), citing *Iskanian v. CLS Transp. L.A., LLC*, 59 Cal. 4th 348, 379 (2014). "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code. [Citation.] The relief provided by the statute is designed to benefit the general public, not the party bringing the action." *Id.* at 753, citation omitted; *see Amaral v. Cintas Corp. No. 2,* 163 Cal. App. 4th 1157, 1213 (2008) (PAGA penalties "are mandatory, not discretionary;" courts have limited discretion to reduce the penalties). It is for this reason that a Court may award a lesser amount than the maximum penalty only if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is "unjust, arbitrary, oppressive or confiscatory." Lab. Code § 2699(e)(2).

Defendants offer no evidence that the award falls into any of these categories such that a reduction is warranted. They acknowledge that "PAGA penalties in some amount may be required," then urge the Court to "exercise its discretion…to *completely reduce*" the PAGA penalties to *zero*. ECF 352, p.11, emphasis added. And the rationale they offer for this get-out-of-jail-free card is other cases with very different facts that they acknowledge "the Court distinguished" in its prior rulings. *Id.* For example, they rely on *United* and *Ward*, which this

1    Court thoroughly addressed, rearguing those cases and claiming they "relied in good faith" on

2    them.  In any event, they could not have "relied" upon *Ward* at all, given that it was issued in

3    March 2016, long after Virgin's unlawful practices commenced.  They cite to the *Hirst* case, but

4    as this Court is well-aware, *Hirst* does not involve California wage claims as the court there

5    expressly acknowledged.  Defendants also argue, relying upon the declarations of their experts

6    *which this Court excluded* as improper legal opinions, that there is ambiguity in the law

7    regarding preemption of meal period and rest break claims.  *See* ECF 316, p.5.  Finally, they cite

8    to a handful of decisions in which courts have reduced PAGA penalties, but make no effort to

9    draw any parallels to the particular facts and circumstances of any of those cases to the facts and

10   circumstances here.[10]

11          In contrast to Defendants' vague incantations of unfairness, there are specific facts that

12   warrant the full penalty here.  Virgin was a California employer, employing a California-based

13   workforce and not paying them for significant time worked in California.  Virgin made a

14   deliberate choice to base its operations in California and commit to hiring local workers and, in

15   exchange, received over $10 million dollars from the State to hire and train its employees in

16   California.  ECF 121, p.1; ECF 225, pp.11-12.  But Virgin has never paid its flight attendants for

17   any non-flight duty time, which includes substantial time working on the ground at airports

18   throughout California.  As this Court found in denying Virgin's summary judgment motion

19   nearly two years ago, "it is important to stress that many of the Plaintiffs' claims relate to work

20   performed within California's borders to which California law clearly applies....Virgin does not

21   seriously dispute that such 'non-flight activities exclusively performed in California might be

---

[10] It is no surprise that Defendants avoid any discussion of the cases they cite.  In *Fleming v. Covidien Inc.*, No. ED CV 10-01487, 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011), for example, the court reduced the penalty finding that (1) the employees suffered no injury; (2) the employer was not aware the wage statements violated the law; and (3) the employer "took prompt steps to correct all violations once notified."  In *Aguirre v. Genesis Logistics,* No. SACV 1200687 JVSANX, 2013 WL 10936035, at *3 (C.D. Cal. Dec. 30, 2013), the court reduced the penalty on a PAGA penalty based solely on Labor Code § 226, but also imposed a penalty of $100,000 per month for each month in which defendants continued to not comply with the statutory wage statement requirements.

1    subject to California law.'  [Citation.]  Nor could it.  Both the plain terms of the California Labor

2    Code and California Supreme Court precedent confirm that the California Labor Code applies to

3    work performed in California."  ECF 121, p.10.

4         Virgin chose not to comply with California law, even long after this case was filed, which

5    has resulted in wage losses to Plaintiffs and the Classes totaling over $45 million.  *See* ECF 343-

6    6.  Virgin also chose to flout California's clear requirements that workers receive wage

7    statements with sufficient information to understand how they are being paid, and that workers

8    receive their wages in a timely fashion.  *See* ECF 317, p.11 ("Virgin concedes that its wage

9    statements do not show the effective hourly rate of pay for each hour of duty or the actual

10   number of hours worked."); p.12 ("Virgin does not dispute" Plaintiffs' evidence that it does not

11   provide timely pay to workers).

12        Virgin has, therefore, willfully failed to comply with even the most basic California wage

13   protections.  It has offered no evidence that the penalties would be "unjust, arbitrary, oppressive

14   or confiscatory."  Lab. Code § 2699(e)(2).  Accordingly, the full PAGA penalties should be

15   awarded.

16        **G.    Plaintiffs' Meal Period and Rest Break Claims Carry Prejudgment Interest.**

17        Defendants offer the new (and waived) argument that Plaintiffs' meal period and rest

18   break claims do not earn prejudgment interest.  This is incorrect.

19        Prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely

20   procedural mechanism."  *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co*., 513 F.3d 949,

21   961 (9th Cir. 2008), citation omitted.  "State law generally governs awards of prejudgment

22   interest in diversity actions."  *Id.*; *see Ridgeway v. Wal-Mart Stores Inc.,* No. 08-cv-05221-SI,

23   2017 U.S. Dist. LEXIS 10510, at *13 (N.D. Cal. Jan. 25, 2017) (finding 10% the appropriate

24   prejudgment interest rate in a minimum wage case "[g]iven the availability of a state statute that

25   specifies the amount of prejudgment interest.").

26        The Labor Code provides that in action for nonpayment of wages, a court must "award

27   interest on all due and unpaid wages" at a rate of 10% per year.  Lab. Code § 218.6; Cal. Civ.

28

1  Code § 3289(b).  Defendants argue that Plaintiffs' meal period and rest break claims are not

2  claims brought for the nonpayment of wages.  In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.

3  4th 1094, 1114 (2007), however, the California Supreme Court held that the "additional hour of

4  pay" that is to compensate workers for missed meal periods and rest breaks "is a premium wage

5  intended to compensate employees, not a penalty."  Thus, these claims earn prejudgment interest

6  under § 218.6.  *See Marlo v. United Parcel Serv., Inc.*, No. CV 0304336 DDP RZx, 2009 WL

7  10669254, at *14 (C.D. Cal. July 1, 2009) (finding that the "plain language" of Labor Code §

8  218.6 and Civil Code § 3289(b) "requires the Court to award prejudgment interest" for meal and

9  rest claims).

10      Defendants' reliance on *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal.4th 1244 (2012) is

11  misplaced.  The question before the Court in *Kirby* was whether attorneys' fees were available

12  under § 1194 for missed meal period and rest break claims.  *Kirby* does not answer the question

13  whether prejudgment interest applies; *Murphy* does.  Further, the statutes set the rate at 10%, so

14  contrary to Defendants' argument, the default rate set by the California Constitution does not

15  control.

16  **III.    CONCLUSION**

17      For the foregoing reasons, the Court should grant Plaintiffs' motion and enter the form of

18  proposed Judgment submitted by Plaintiffs.

19

20  Dated: November 21, 2018              Respectfully submitted,

21                                        */s/ Monique Olivier*

22                                        Monique Olivier
                                          Attorneys for Plaintiffs and the Class
23

1  JAMES E. MILLER (SBN 262553)
   (jmiller@sfmslaw.com)
2  SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
   65 Main Street
3  Chester, CT 06412
   Telephone: (860) 526-1100
4

5  KOLIN C. TANG (SBN 279834)
   (ktang@sfmslaw.com)
6  CHIHARU G. SEKINO (SBN 306589)
   (csekino@sfmslaw.com)
7  SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
   401 West A Street, Suite 2550
8  San Diego, CA 92101
   Telephone: (619) 235-2416
9

10 JAMES C. SHAH (SBN 260435)
   (jshah@sfmslaw.com)
11 SHEPHERD, FINKELMAN, MILLER AND SHAH, LLP
   35 East State Street
12 Media, PA 19063
   Telephone: (610) 891-9880
13

14 *Attorneys for Plaintiffs and the Class*

15

16

17

18

19

20

21

22

23

24

25

26

27

28