UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al., <br> Plaintiffs, <br> v. <br> VIRGIN AMERICA, INC., et al., <br> Defendants. | Case No. 15-cv-02277-JST <br><br> **ORDER GRANTING MOTION FOR SANCTIONS** <br><br> Re: ECF No. 333 |

Before the Court is Plaintiffs' motion for sanctions pursuant to Federal Rule of Civil Procedure 37. ECF No. 333. Plaintiffs ask the Court to exclude certain evidence, strike Defendants' related affirmative defense, and award reasonable attorneys' fees and costs. *Id.* The Court will grant the motion.

**I.     BACKGROUND**

This is a wage-and-hour class action brought by flight attendants who work or have worked for Defendants Virgin America, Inc. and Alaska Airlines, Inc. in California.[1] Third Amended Complaint ("TAC"), ECF No. 298 ¶ 2. As set forth in greater detail in the Court's prior orders, *see, e.g.*, ECF No. 121, Plaintiffs allege that Virgin violated various California labor laws regarding payment for hours worked, wage amounts, wage documentation, and the provision of meal and rest breaks. TAC ¶¶ 29-30, 32-33, 35-36, 38-39, 41-42. The Court certified a class of certain Virgin flight attendants, which it later decertified in part. *See* ECF Nos. 104, 316.

---

[1] Alaska Airlines, Inc. and Virgin America merged during the course of this lawsuit. The Federal Aviation Administration ("FAA") issued a Single Operating Certificate for Virgin and Alaska Airlines, Inc., on January 11, 2018. ECF No. 274 at 3. Alaska Airlines was added as a defendant on March 20, 2018. ECF No. 298. It answered the Third Amended Complaint on April 18, 2018. ECF No. 310.

As relevant here, Virgin alleges that some members of the class have waived their claims through a voluntary buyout program (the "Career Choice" program) in which they released all employment-related claims in exchange for a lump-sum payment and travel privileges. ECF No. 335 at 6. Virgin first raised "Waiver/Release" as an affirmative defense in its answer on May 19, 2015. ECF No. 1-2 at 4. On November 25, 2015, Plaintiffs requested "all documents . . . wherein a putative class member released or waived legal claims against Defendant" as well as "all documents that evidence, refer or relate to Defendant's Career Choice Program." ECF No. 259-14 at 10-11. Virgin refused to produce any signed Career Choice agreements, citing privacy concerns on behalf of the Career Choice participants and objecting to this discovery as premature prior to class certification. ECF No. 259-19 at 18-20. Instead, Virgin provided unsigned template forms that did not indicate which, if any, potential class members had entered into such agreements. ECF No. 333-1 at 2. Because they were unsigned, they also did not establish that any class members had done so.

On November 7, 2016, the Court certified Plaintiffs' proposed class. ECF No. 104. Fact discovery closed on October 9, 2017. ECF No 191; ECF No. 333-1 ¶ 12.

On January 12, 2018, Virgin moved to decertify the class, asserting in part that the Court should exclude 88 Class Members who had participated in the Career Choice program. ECF No. 226 at 28-29. Virgin did not produce any signed agreements of those class members. *See* ECF No. 316 at 13. On July 9, 2018, the Court decertified the class in part, but not as to the alleged Career Choice participants. *Id.* The Court concluded that it could not resolve the question of their class membership without such documents, and that the Career Choice program it did not require decertification in any event. *Id.* at 13. The Court subsequently certified the Career Choice members as a subclass on August 15, 2018. ECF No. 327 at 1-2.

The parties contest exactly when, and to what degree, Plaintiffs became aware of the identities of these 88 class members during the more than two-and-a-half years of this dispute. *See, e.g.*, ECF No. 333 at 7-10; ECF No. 335 at 8-10. But all agree that Virgin did not actually produce any individual's Career Choice agreements until July 25, 2018, when Virgin produced 32 complete and 27 partial signed forms. *See* ECF No. 333-1 ¶ 16. Pursuant to the Court's August

2

15, 2018 order, Virgin subsequently produced – albeit after the Court's deadline – additional documentation including email exchanges or paycheck receipts that purportedly indirectly show that 24 more of the alleged 88 class members participated in the Career Choice program. *Id.* ¶¶ 12-22.

On September 6, 2018, Plaintiffs filed this motion for sanctions. ECF No. 333.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(ii) requires a party to include with its initial disclosures "a copy – or a description by category and location – of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Moreover, under Rule 34, a party must timely respond to a request for the production of documents within the scope of Rule 26(b). *See* Fed. R. Civ. P. 34. Rule 26(e), in turn requires that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response" in a timely manner or as ordered by the Court.

Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In addition to, or instead of that sanction, the court may also impose any of the other appropriate sanctions provided for in Rule 37. Fed. R. Civ. P. 37(c)(1)(C). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

That rule "gives teeth" to Rule 26's disclosure and supplementation requirements. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The Advisory Committee Notes to the 1993 amendments to Rule 37 describe subsection (c)(1) as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material" that must be disclosed pursuant to Rule 26. Rule 37(c)(1) sanctions based on failure to disclose

3

evidence in a timely manner may be appropriate "even when a litigant's entire cause of action or defense" will be precluded. *Yeti*, 259 F.3d at 1106. The Ninth Circuit has recognized, however, that "evidence preclusion is, or at least can be, a 'harsh' sanction." *R & R Sails*, 673 F.3d at 1247 (quoting *Yeti*, 259 F.3d at 1106).

## III. DISCUSSION[2]

Virgin does not dispute that it was obligated under the Federal Rules to disclose the documents on which it seeks to rely at trial. Virgin argues, however, that (1) Plaintiffs lack standing to bring this motion; (2) Virgin's failure was substantially justified; and (3) Virgin's failure was harmless.

### A. Standing

Virgin first argues that Plaintiffs lack standing to bring this motion because the named Plaintiffs did not participate in the Career Choice program and therefore cannot adequately represent the subclass. ECF No. 335 at 11-12.

The Ninth Circuit has explained that a named plaintiff who "is not a member of [a] subclass[] . . . cannot prosecute claims on their behalf." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014), *abrogated on other grounds by Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017). In other words, because each subclass must satisfy the requirements of Rule 23, *see* Fed. R. Civ. P. 23(c)(5), at least one named plaintiff must be an adequate representative of the subclass. *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981).

This rule does not help Virgin here. First, *Berger* and *Betts* speak of standing to prosecute *claims*, a necessary component of the Rule 23 analysis. *See Berger*, 741 F.3d at 1067; *Betts*, 659 F.2d at 1005. They do not indicate that this analysis is necessary for every individual *motion* brought by class counsel during the course of class litigation. Second, even accepting Virgin's unsupported premise, the Career Choice participants are nonetheless members of the class as well.

---

[2] Plaintiffs ask the Court to strike two declarations attached to Virgin's opposition as impermissible new evidence. ECF No. 340 at 4-6 (objecting to ECF Nos. 336-3, 337). Because the Court does not need to rely on the information in the declarations to resolve this motion, it does not reach Plaintiffs' request.

4

1   The Court has not yet excluded those members from the class, *see* ECF No. 327 at 1-2, and
2   rejected Virgin's prior request to do so because Virgin failed to produce these very documents,
3   ECF No. 316 at 13.  To the extent that Virgin is renewing its request, an opposition to a motion for
4   sanctions is not the appropriate vehicle to revisit this issue.

### B.      Substantial Justification

Next, Virgin offers two explanations for its failure to disclose the documents.  First, Virgin argues that it validly objected to disclosure because the signed Career Choice agreements constituted "improper pre-certification merits discovery."  ECF No. 335 at 13 (emphasis deleted).

The glaring flaw in this argument is that Virgin's justification expired on November 7, 2016, when the Court certified the class.  ECF No. 104.  Fact discovery did not close until eleven months later, on October 9, 2017.  ECF No 191; ECF No. 333-1 ¶ 12.  Even assuming that Virgin's objection originally had merit, Virgin failed to comply with its ongoing duty to supplement its Rule 26(a) disclosures and its response to Plaintiffs' Rule 34 request.  *See* Fed. R. Civ. P. 26(e).

The Court observes, moreover, that the class certification inquiry "will frequently entail overlap with the merits of the plaintiff's underlying claim."  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013); *see also Ho v. Ernst & Young, LLP*, No. C05-04867 JF (HRL), 2007 WL 1394007, at *2 (N.D. Cal. May 9, 2007) (finding requested information "relevant to *both* the merits and class certification").  Nonetheless, courts, including this Court, have permitted bifurcation of class certification- and merits-based discovery upon motion.  *See, e.g.*, *True Health Chiropractic Inc v. McKesson Corp.*, No. 13-CV-02219-JST, 2015 WL 273188, at *3 (N.D. Cal. Jan. 20, 2015).  But no such motion was made here.

Second, Virgin contends that concerns regarding privacy rights of Career Choice participants justified its failure to disclose.  ECF No. 335 at 13 n.22.  Virgin does not, however, address the fact that these documents would have been subject to the Court's protective order.  ECF No. 32.  Such protective orders are routinely sufficient to protect party and non-party rights in personnel files.  *See, e.g.*, *T.D.P. v. City of Oakland*, No. 16-CV-04132-LB, 2017 WL 3026925, at *1 (N.D. Cal. July 17, 2017) ("[P]olice personnel files are generally discoverable in [civil

5

rights] cases, and are usually covered by a protective order."); *Meneweather v. Powell*, No. 07-CV-04204 SBA (NC), 2012 WL 12995648, at *3 (N.D. Cal. Apr. 4, 2012) ("Courts commonly address privacy concerns through an appropriate protective order, designed to protect that party from annoyance, embarrassment, oppression, or undue burden or expense."). In its sole footnote addressing the issue, Virgin cites no authority to the contrary. Nor does Virgin explain why these documents raise privacy concerns not presented by the payroll and other personnel data that it freely produced throughout the litigation. Accordingly, Virgin has not met its burden to show that its noncompliance was substantially justified on this basis. *See R & R Sails, Inc.*, 673 F.3d at 1246.

The Court thus finds that Virgin's failure to produce the Career Choice agreements was not substantially justified.

### C. Harmlessness

Virgin also argues that its noncompliance was harmless because Plaintiffs were aware of the identities of the Career Choice class members and could have obtained those documents from the members themselves. ECF No. 335 at 14-16.

The Court rejects Virgin's premise. Rule 37(c)(1) was designed to "provide[] a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment. The harmlessness exception does not allow a party to knowingly withhold such material and shift the burden to the opposing party to chase down the information from numerous individual sources. *Cf. id.* (explaining that exception applies, by way of example, to "inadvertent omission . . . of the name of a potential witness known to all parties" or "the failure to list as a trial witness a person so listed by another party").

Even accepting Virgin's premise, it has not adequately demonstrated that its actions caused no prejudice to Plaintiffs' ability to obtain such documents. The record is unclear whether Virgin adequately identified the 88 class members as Career Choice participants prior to the close of discovery. In March 2017, when Virgin unilaterally excluded those individuals from the class list ordered by the Court, *see* ECF No. 140, Plaintiffs called attention to the fact that the list "appears

6

not to include Class Members who elected Virgin's Career Choice or otherwise signed severance packages from the company." ECF No. 333-4 at 2. From this statement, Virgin asks the Court to infer that Plaintiffs were aware of the full extent of Virgin's Career Choice defense and the class members implicated. ECF No. 335 at 8. This suggested inference is contradicted by Plaintiffs' counsel's sworn declaration, ECF No. 340-1 ¶¶ 7-9, and is insufficient to carry Virgin's burden.

Virgin also reasons that Plaintiffs were not prejudiced because they have not brought any additional motions based on Virgin's belated production of the Career Choice agreements. ECF No. 335 at 15. The Court disagrees.

To the extent Virgin seeks to rely on its late disclosures, "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) (quoting *North Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("Last-minute tender of documents does not cure the prejudice to opponents . . . ."). Contrary to Virgin's assertion, ECF No. 335 at 16, Plaintiffs were not already in possession of these documents, ECF No. 340-1 ¶ 12. And as explained above, Virgin cannot rely on a theory of constructive possession to evade its discovery obligations.

Moreover, Plaintiffs represent that Virgin's latest disclosure consists of email communications and payroll data that Virgin argues show Career Choice participation. ECF No. 333-1 ¶¶ 20-21. The Court agrees with Plaintiffs that the inability to obtain additional discovery regarding the meaning and context of these documents is prejudicial.

Finally, Virgin asserts that no prejudice occurred because trial has not yet been set for the Career Choice subclass. ECF No. 335 at 16-17. This argument overlooks the role of Virgin's misconduct in bringing about this delay. The Career Choice participants' membership in the class remains unresolved in large part because of Virgin's failure to submit these same documents in connection with its decertification motion, let alone during the earlier discovery period. *See* ECF No. 316 at 13. "Disruption to the schedule of the court and other parties . . . is not harmless." *Rodman v. Safeway Inc.*, 125 F. Supp. 3d 922, 938 (N.D. Cal. 2015), *aff'd,* 694 F. App'x 612 (9th Cir. 2017) (quoting *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).

7

The Court therefore finds that Virgin's noncompliance was not harmless.

### D. Willfulness

Because Plaintiffs ask the Court to exclude Virgin's evidence that any class members entered into the Career Choice program, it arguably amounts to a dismissal of Virgin's affirmative defense of waiver. Accordingly, the Court must "consider whether the claimed noncompliance involved willfulness, fault, or bad faith." *Martinez v. County of San Benito*, No. 15-CV-00331-JST, 2018 WL 1863013, at *2 (N.D. Cal. Apr. 18, 2018) (quoting *R & R Sails*, 673 F.3d at 1247). The parties also appear to agree that Plaintiffs' request to strike Virgin's affirmative defense of waiver likewise turns on a finding of willfulness or bad faith. ECF No. 333 at 17-18; ECF No. 335 at 18-19.

"[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *K. P. v. Santa Clara Cty. Office of Educ.*, No. 5:15-CV-01512-EJD, 2016 WL 5930641, at *3 (N.D. Cal. Oct. 12, 2016) (quoting *Henry*, 983 F.2d at 948). Virgin does not dispute that it has had possession of the documents throughout the litigation. Even putting aside Virgin's meritless objections to Plaintiffs' production request, Virgin also ignored its own obligation to produce during discovery evidence it wishes to rely on at trial. Moreover, merely excluding the withheld documents but allowing Virgin to litigate its affirmative defense would be an insufficient sanction, because Plaintiffs were not permitted to fully discovery the facts of that defense during the discovery period.[3]

Accordingly, the Court finds that Virgin's noncompliance was willful. The Court therefore grants Plaintiffs' request to exclude the disputed evidence and strike Virgin's waiver defense.

---

[3] The Court is not persuaded by Virgin's argument that it cannot be barred from presenting an affirmative defense because it presented evidence in support of that defense. ECF No. 335 at 19. Virgin relies solely on state-law cases concerning when a defendant waives an affirmative defense, which are irrelevant to the issue whether the Court should strike it under Rule 37(c)(1)(C). *See also* Fed. R. Civ. P. 37(b)(2)(A)(iii). At the hearing on this motion, Virgin placed great reliance on *Miles v. Am. Seafoods Co.*, 197 F.3d 1032 (9th Cir. 1999) for the proposition that it would be improper for the Court to strike Virgin's affirmative defense on these facts. *Miles* addresses neither discovery nor the striking of an affirmative defense, and does not assist the Court.

**E. Fees**

Plaintiffs also request fees and costs associated with responding to Virgin's discovery misconduct and bringing this motion. ECF No. 333 at 18-19.

Rule 37(c)(1)(A) provides that a court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure" to comply with Rule 26 obligations. Fed. R. Civ. P. 37(c)(1)(A). As discussed above, the Court concludes that sanctions are appropriate under Rule 37(c). Virgin raises no new arguments as to why fees and costs are inappropriate, but rather maintains that it complied with its discovery obligations in good faith. ECF No. 335 at 20-21. That contention is not supported by the facts. Moreover, because the Court does not award fees under 28 U.S.C. § 1927, it need not find that Virgin multiplied the proceedings vexatiously.

Given the willful nature of Virgin's conduct and the violation of Rule 37(c), the Court agrees that exercising its discretion to award reasonable fees and costs is appropriate.[4] However, the Court cannot make this award at this juncture, as Plaintiffs have not requested a specific amount or submitted supporting documentation.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiffs' motion to exclude documents and strike Virgin's affirmative defense. Plaintiffs are instructed to submit a request for fees and costs, with adequate supporting documentation, by November 16, 2018. Virgin may file either

/ / /

/ / /

---

[4] Contrary to Virgin's contention, Civil Local Rule 37-1(a) does not require that the parties meet and confer about each type of sanction to be sought, but rather the merits of each discovery issue that is in dispute. Local Rule 37-1(a) provides in full:

> The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction, which may include an order requiring payment of all reasonable expenses, including attorney's fees, caused by the refusal or failure to confer.

1 objections or a statement of non-opposition by November 30, 2018, of not more than ten pages.
2 Plaintiffs may file a response of not more than five pages by December 7, 2018.

**IT IS SO ORDERED.**

Dated: November 28, 2018

_____
JON S. TIGAR
United States District Judge