OLIVIER SCHREIBER & CHAO LLP
Monique Olivier (SBN 190385)
(monique@osclegal.com)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone:  (415) 484-0980

KOSINSKI + THIAGARAJ, LLP
Alison Kosinski (SBN 261676)
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
(emily@ktlawsf.com)
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 230-2860

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>             Plaintiffs,<br><br>      vs.<br><br>VIRGIN AMERICA, INC., et al.,<br><br>             Defendants. | Case No. 15-cv-02277-JST<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ALISON KOSINSKI IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br><br>The Honorable Jon S. Tigar |

I, Alison Kosinski, declare as follows:

1. I am a member of the State Bar of California and admitted to practice law in all the courts of the State of California and in the United States District Court for the Northern District of California. I am in good standing with the Bar and with this Court. I am a partner in the law firm Kosinski and Thiagaraj, LLP ("KTLaw") and am counsel for Plaintiffs and the Class in this action.

2. The facts contained in this declaration are within my personal knowledge, and I could and would testify truthfully to these facts if called to do so under oath. I submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Expenses.

3. At the inception of this action more than four years ago, KTLaw associated with Monique Olivier, an exceptionally experienced class action litigator, of Olivier Schreiber & Chao LLP ("OSC"). From then on, KTLaw and Ms. Olivier have worked as co-counsel on behalf of the Plaintiffs and the Class in this action. I have worked as the primary attorney at KTLaw on this action and have been actively involved in each part of this action, from the initial client intake to this fee motion. In 2017, when it became clear that there would be post-certification discovery, motion, expert and pre-trial work, we associated with Shepherd Finkelman Miller & Shah LLP ("SFMS"), as additional co-counsel. The firms are collectively referred to below as Class counsel.

4. Below I provide a summary of the fees and costs sought by my firm and an explanation of the documentation submitted in support thereof, a summary of my firm's experience, the hourly rates for the attorneys at my firm, a description of how my firm allocated and billed work in this case, and the particular risks my firm undertook in this contingency litigation.

5. Additional information about Ms. Olivier's experience and work is contained in the declaration of Monique Olivier in support of Plaintiffs' motion for attorneys' fees and costs, filed concurrently herewith. Additional information about SFMS's experience and work is

1  contained in the declaration of James E. Miller in support of Plaintiffs' motion for attorneys' fees
2  and costs, filed concurrently herewith.

### SUMMARY OF FEES AND EXPENSES REQUESTED

6. Class counsel has dedicated significant time and resources to prosecuting the litigation on behalf of the Class. Class Counsel's legal services were performed on a wholly contingent basis. Each firm has maintained detailed time records regarding the work performed in connection with the prosecution of the litigation.

7. As of March 11, 2019, the total combined lodestar for Class counsel for prosecuting the claims to date in this action is $3,242,407.50 representing over 5,128 hours of Class Counsel's time, after deductions made for billing judgment. All of Class counsel's time is documented in counsel's contemporaneous time records.

8. This lodestar also reflects counsel's careful exercise of billing judgment. The portion of this total lodestar attributable to KTLaw is $795,245 and is documented more fully below and in Exhibit "A."

9. Plaintiffs seek a lodestar adjustment of four (4) times the lodestar in recognition of the substantial risks taken and the extraordinary results achieved on behalf of the Class to date.

10. Plaintiffs also request payment of expenses in the amount of $250,775.81. These expenses are separate from the Bill of Costs, filed concurrently herewith.

11. Attached as Exhibit A are charts showing for KTLaw (1) the name of each timekeeper; (2) the title for each timekeeper (e.g., partner); (3) the hours incurred by that timekeeper during each month; (4) the applicable hourly rate; (5) the lodestar amount for each month and (6) a categorization of the total hours spent by that timekeeper by category of work.

### EXPERIENCE OF CLASS COUNSEL

12. I am a partner of KTLaw, a San Francisco-based firm that exclusively represents individuals and classes in employment matters. KTLaw is a two-attorney firm, consisting of two partners, Emily Thiagaraj and myself. Both Ms. Thiagaraj and I have worked exclusively in

employment law since being admitted to the Bar. More information about our law firm and our experience is available at our firm's website: www.ktlawsf.com.

13. I have been practicing law since 2008. In addition to class action work, which I describe in more detail below, I have represented individuals in wage and hour lawsuits, discrimination lawsuits, and wrongful termination suits, before California administrative agencies, California state courts, and federal district courts.

14. Every year from 2016 to 2018, I was recognized by Northern California Super Lawyers as a Rising Star. In 2019, Northern California Super Lawyers recognized me as a Super Lawyer.

15. I have presented to audiences of lawyers regarding California employment law, including at the California Employment Lawyers Association's ("CELA") annual employment law conference. I have also served on CELA's Wage and Hour Committee and have organized employment law-related continuing education presentations for plaintiff-side employment attorneys in Northern California.

16. Immediately following law school, I served as the judicial law clerk to the Honorable R. Marc Kantrowitz of the Massachusetts Appeals Court from September 2008 through August 2009. Following my clerkship, I worked for the U.S. Department of Labor in San Francisco and then for a mid-size employment defense firm, Liebert Cassidy Whitmore, where I focused my practice on public sector wage and hour matters. I worked at Liebert Cassidy Whitmore until 2014, when Ms. Thiagaraj and I launched our firm.

17. I received my J.D. (*summa cum laude*) from Suffolk University Law School in Boston, Massachusetts. In law school I served as the Chief Managing Editor for the Suffolk Transnational Law Review. I received my B.A. with distinction in all subjects from Cornell University in Ithaca, New York.

18. Ms. Thiagaraj received her J.D. from University of San Francisco Law School, and her B.A. from the University of California San Diego. During law school, Ms. Thiagaraj

1  served as the Business Editor for the USF Maritime Law Journal and externed at Duane Morris
2  LLP.

3       19.    Starting in law school and continuing through until the launch of KTLaw in 2014,
4  Ms. Thiagaraj practiced exclusively employment law at Liebert Cassidy Whitmore in San
5  Francisco.  Ms. Thiagaraj has represented individuals in wage and hour lawsuits, discrimination
6  lawsuits, and wrongful termination lawsuits, before California state courts and in arbitrations.

7       20.    Ms. Thiagaraj has been named a Rising Star by the Northern California Super
8  Lawyers every year from 2017 through 2019.

9       21.    In addition to this case, KTLaw is currently litigating a class and collective action
10 on behalf of security guards who were misclassified as independent contractors (*Houston et al. v.*
11 *Braavos, Inc. et al.*, San Francisco Superior Court Case No. CGC-17-562019).  In both this
12 matter before the Court and in the *Houston* case, KTLaw has partnered with exceptionally
13 experienced co-counsel to litigate on behalf of the classes.

## CLASS COUNSEL'S HOURLY RATES

15       22.    Our lodestar for this case is based on the rates currently charged in all cases by the
16 timekeepers.  For KTLaw, Ms. Thiagaraj and I have determined our hourly rates based on a
17 variety of factors, including years of practice, relevant experience, relative expertise, past and
18 current services contracts with clients, and rates of similarly-experienced peers at other firms.
19 We set the billing rates for our firm to be consistent with the prevailing market rates in the
20 private sector for attorneys of comparable skill, qualifications and experience.

21       23.    My 2019 rate is $500 per hour and Ms. Thiagaraj's 2019 rate is $450 per hour.
22 Based on my knowledge and experience, the hourly rates charged by KTLaw are within the
23 range of market rates charged by attorneys of equivalent experience, skill, and expertise.

24       24.    Our billing rates are commensurate with, and in fact often below, prevailing rates
25 in the San Francisco Bay Area for partners and associates with comparable skill and experience
26 litigating class actions.  *See Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL
27 6619983, at *14 (N.D. Cal. Dec. 18, 2018) (approving hourly rates from $650 to $1,250 for
28

1  partners or senior counsel and from $400 to $650 for associates); *Smith v. Am. Greetings Corp.*,
2  No. 14-CV-02577-JST, 2016 WL 2909429, at *9 (N.D. Cal. May 19, 2016) (approving rates in
3  the Northern District of California for partners from $560 to $800 and associates from $285 to
4  $510); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 U.S. Dist. LEXIS 48540, at
5  *4 (N.D. Cal. Mar. 31, 2014) (approving rates of class action firms including $550/hour for
6  partner in practice for 12 years).

7  25.  Further, although the rates in the Bay Area market are typically higher than those
8  in the Washington D.C area, the hourly rates sought by Class counsel are also below the
9  Adjusted Laffey Matrix, the tool that sets forth reasonable rates in the Washington D.C. area that
10  courts in that area and elsewhere have considered (http://www.laffeymatrix.com/see.html).  For
11  example, under the Matrix, the reasonable hourly rate (not adjusted for the Bay Area) for me
12  would be $742, while we are seeking $500 per hour.  Similarly, the reasonable hourly rate for an
13  8-10 year attorney would be $658, while we seek $450 for Ms. Thiagaraj.  The accepted Laffey
14  Matrix rates are considerably higher than the rates sought here.

15  **BILLING RECORDS AND ALLOCATION OF WORK**

16  26.  At the beginning of this case, both Ms. Thiagaraj and I worked equally on this
17  case, and in collaboration with Ms. Olivier.  Approximately one year into the litigation, I
18  transitioned to be the primary partner on this case, with Ms. Thiagaraj stepping in to handle
19  specific discovery matters, communications with class members and plaintiffs, and preparation
20  of lengthy motions.  I have continued to be the primary attorney from our firm working on this
21  case, other than during my maternity leave in 2017 when Ms. Thiagaraj handled all matters
22  related to the case from our firm.

23  27.  Accordingly, I have been intimately involved in all aspects of this litigation from
24  inception of this case.  My work on this case has consisted of:  performing extensive due
25  diligence prior to filing the complaint; coordinating assignments with our co-counsel and with
26  Ms. Thiagaraj; drafting the original and amended complaints; preparing for and participating in
27  early mediation; conducting extensive document review and discussing with co-counsel key
28

documents; preparing written discovery; responding to written discovery; preparing for and taking depositions; interviewing and communicating with class members; reviewing expert materials; and drafting and editing sections of motions including class certification, motion for summary judgment, and oppositions to Defendants' motions for summary judgment and decertification.

28.     Ms. Thiagaraj has primarily worked on the following aspects of this case: communicating with and interviewing the named plaintiffs and class members; drafting declarations in connection with the motion for class certification; reviewing document productions; responding to written discovery requests; and preparing for and defending class member depositions.

29.     My firm does not employ administrative staff.  Therefore, we outsourced any necessary administrative work, such as printing, assembling, and delivering documents, to local copying and courier services, so as to minimize attorney billing time.

30.     KTLaw maintains contemporaneous time records reflecting the time spent on cases, including the date and amount of time spent on a task to one-tenth of an hour and a description of the work performed.

31.     I have reviewed the records of all the time that Ms. Thiagaraj and I billed to this matter.  We work closely together on many litigation matters and are careful to minimize duplication of efforts.  We have worked hard to litigate this action in an efficient and cost-effective manner.  KTLaw is a two-person firm and we began litigating this matter when the firm was less than one year old.  At that time and throughout this litigation, we have, simply because of the nature of contingency work and the financial realities for a nascent, small firm, been particularly careful to work efficiently and not pour any unnecessary hours of work into a protracted, class action matter.

32.     I exercised billing judgment in KTLaw's hours by deleting time that was inefficient or duplicative.

33. I anticipate that my firm will continue to conduct work, and thus the lodestar will grow slightly, in order to finalize the fee motion work. Plaintiffs will update the total hours in conjunction with the reply brief.

**CONTINGENT RISK**

34. Class counsel has undertaken this litigation on a purely contingent basis. Class counsel have not been paid for any of their time spent on this action, nor have they been reimbursed for the substantial out-of-pocket expenses they incurred in the prosecution of this action. The vast majority of the work that Class counsel does is done on a contingency fee basis. Because we do not have regularly paying clients, we rely on awards for attorneys' fees and costs in order to continue our work for the enforcement of labor standards. We have not charged Plaintiffs nor any class member any fees or costs to litigate their claims in this action.

35. KTLaw has only two attorneys. Taking on a class action case, as a newly-formed, two-person law firm brought with it significant financial risk. We expended a tremendous amount of attorney time and out-of-pocket expenses from the outset of this case, with no guarantee that we would ever be compensated for our time or reimbursed for our costs. Further, there was no way for us to have anticipated four years of litigation at the district court level before reaching a judgment. Despite the risks of this case, we have nonetheless made every effort to litigate this case zealously on behalf of the Plaintiffs and the Class while being as efficient as possible with all of our billed time.

36. I was the primary attorney at KTLaw working on this case and for many parts of 2016, 2017, and 2018 I devoted the majority of my work time to this case. As a result, I turned down numerous individual employment law cases because I did not have enough time in my caseload to take on additional work. I also turned down at least one potential class action because our firm was not able to take on more financial risk inherent in contingency class action work. While I worked primarily on this case, Ms. Thiagaraj carried the burden of working on the majority of KTLaw's individual cases, which for this period of time has been the firm's sole source of income. Throughout this work arrangement allocating the work between Ms.

Thiagaraj and me, we were constantly aware that this case carried a risk of no recovery at all and that all of my time spent on the case could result in no financial recovery. Therefore, we are relying upon the recovery of our lodestar plus an appropriate multiplier in order for our firm to again represent employees who have been denied wages in lengthy, time-consuming, and complex cases such as this one.

## EXPENSES

37. KTLaw maintained all of its records regarding costs and expenses in this action. I have reviewed the records of costs expended in this matter. The expenses for which we seek payment include copying costs, postage charges, delivery fees, deposition-related transportation and travel expenses. These expenses were reasonably necessary for the continued prosecution of this litigation. The expenses sought are included in Exhibit G to the Olivier Declaration.

38. Class counsel will continue to incur fees and expenses in this matter and reserve the right to seek such additional fees and expenses at the appropriate time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 13th of March, 2019 in San Francisco, California.

*/s/ Alison Kosinski*
Alison Kosinski