OLIVIER & SCHREIBER LLP
Monique Olivier (SBN 190385)
(monique@os-legal.com)
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

KOSINSKI + THIAGARAJ, LLP
Alison Kosinski (SBN 261676)
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
(emily@ktlawsf.com)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (415) 230-2860

*Attorneys for Plaintiffs and the Class*

*Additional Counsel on Signature Page*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al., | Case No. 15-cv-02277-JST |
| Plaintiffs, | **CLASS ACTION** |
| v. | **PLAINTIFFS' NOTICE OF MOTION TO AMEND THE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| VIRGIN AMERICA, INC., et al., | |
| Defendants. | Hearing Date:   July 28, 2022 |
| | Hearing Time:   2:00 p.m. |
| | Courtroom:   6 (Oakland) |
| | The Honorable Jon S. Tigar |

1   TO THE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:

2   PLEASE TAKE NOTICE THAT, on July 28, 2022, or as soon thereafter as this matter

3   can be heard, in Courtroom 6 of the Oakland Courthouse of the U.S. District Court for the

4   Northern District of California, 1301 Clay Street, Oakland, California 94612, the Honorable Jon

5   S. Tigar presiding, Plaintiffs, Julia Bernstein, Esther Garcia and Lisa Marie Smith, on behalf of

6   themselves and the certified class (collectively, "Plaintiffs"), will and hereby do move the Court

7   for an order amending the judgment in this action consistent with the decision of the Ninth

8   Circuit Court of Appeals in *Bernstein v. Virgin America, Inc.*, 3 F.4th 1127 (9th Cir. 2021).

9   This motion is made on the grounds that the Court has previously found Defendants,

10  Virgin America, Inc. ("Virgin") and Alaska Airlines, Inc. (collectively, "Defendants"), to be

11  liable to Plaintiffs, the Class and the Subclasses for violations of the California Labor Code and

12  the California Unfair Competition Law, Business & Professions Code § 17200, *et seq.*, the Ninth

13  Circuit substantially affirmed this Court's judgment, and the only matter remaining before an

14  amended judgment can be entered is to grant the relief in the amounts consistent with the limited

15  issues identified for remand by the Ninth Circuit in *Bernstein*, 3 F.4th 1127.

16  This motion is based on this Notice of Motion; the accompanying Memorandum of

17  Points and Authorities filed with this Notice; the Declaration of David Breshears filed in support

18  of this motion; the papers and pleadings on file in this action; such other papers as may be

19  submitted prior to or at the hearing of this motion; and argument at the hearing.

20

21  Dated: May 26, 2022                    Respectfully submitted,

22

                                          */s/ Monique Olivier*
23                                        Monique Olivier

24                                        *Attorneys for Plaintiffs and the Class*

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................1

II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY ..................................................1

III.    LEGAL ARGUMENT ..........................................................................................5

    A.  The Court Now Acts Pursuant to the Rule of Mandate and the Law of the Case. ............5

    B.  The Ninth Circuit Opinion Articulates the Parameters of the Mandate. ...........................6

    C.  This Court Must Affirm Its Prior Judgment as to Plaintiffs' Labor Code Claims for
        Overtime, Meal and Rest Periods, Wage Statements, and Waiting Time Penalties. ..........8

    D.  The Court Must Amend the Judgment to Reflect the Civil Penalties Under PAGA to
        which Plaintiffs and the State of California Are Entitled. ..................................................10

IV.     CONCLUSION ..................................................................................................13

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**                                                                          **Page(s)**

3

*Amaral v. Cintas Corp. No. 2,*
4
   163 Cal.App.4th 1157 (2008) ...........................................................................8

5

*Bernstein v. Virgin America, Inc.,*
6
   3 F.4th 1127 (9th Cir. 2021) ..................................................................*Passim*

7

*Blixseth v. Credit Suisse,*
   961 F. 3d 1074 (9th Cir. 2020) .......................................................................5

8

*Dilts v. Penske Logistics, LLC,*
9
   769 F.3d 637 (9th Cir. 2014) ......................................................................5, 7

10

*Fallstead v. Colvin,*
11
   2017 WL 3579568 (N.D. Cal. May 26, 2017) ............................................5, 8

12

*Hall v. City of Los Angeles,*
   697 F.3d 1059 (9th Cir. 2012) ....................................................................5, 8

13

*Naranjo v. Spectrum Security Services, Inc.,*
14
   2022 WL 1613499 (__ Cal.5th __) ...............................................................9

15

*Oman v. Delta Air Lines, Inc.,*
16
   9 Cal.5th 762 (2020) ......................................................................................7

17

*Stacy v. Colvin,*
   825 F.3d 563 (9th Cir. 2016) ..........................................................................8

18

19

*United States v. Garcia-Beltran,*
   443 F.3d 1126 (9th Cir. 2006) ........................................................................5

20

*United States v. Kellington,*
21
   217 F.3d 1084 (9th Cir. 2000) ........................................................................5

22

*United States v. Thrasher,*
23
   483 F.3d 977 (9th Cir. 2007) ..........................................................................6

24

*United States v. United States Smelting Refining & Mining Co.,*
25
   339 U.S. 186 (1950) .......................................................................................6

26

*Ward v. United Airlines, Inc.,*
   9 Cal.5th 732 (2020) ......................................................................................6

27

28

PLAINTIFFS' MOTION TO AMEND THE JUDGMENT            CASE NO. 3:15-CV-02277 JST

**Statutes**

Cal. Civ. Code § 17200.................................................................................................2

Cal. Lab. Code § 204 ................................................................................................ 12

Cal. Lab. Code § 210 ................................................................................................12

Cal. Lab. Code § 510 ..................................................................................................7

Cal. Lab. Code § 558 ................................................................................................ 11

Cal. Lab. Code § 2698 ...........................................................................................1, 10

Cal. Lab. Code § 2699(e)(2) ...................................................................................3, 13

Cal. Lab. Code § 2699(f) .......................................................................................10, 12

Cal. Lab. Code § 2699(f)(2).......................................................................................10

## I.     INTRODUCTION

Plaintiffs, Julia Bernstein, Esther Garcia and Lisa Marie Smith, on behalf of themselves and the certified Class and Subclasses (collectively, "Plaintiffs") submit this renewed motion to amend the judgment against Defendants, Virgin America, Inc. ("Virgin") and Alaska Airlines, Inc. (collectively, "Virgin" or "Defendants"), for damages, restitution, and penalties in the amounts set forth below.  This motion comes after remand to this Court following a Ninth Circuit opinion modifying certain aspects of this Court's February 4, 2018 Judgment (the "Judgment").  The Judgment includes an award for (1) unpaid wages; (2) unpaid overtime; (3) wage statement violations; (4) waiting time violations; and (5) penalties under the Private Attorneys General Act, Labor Code § 2698 *et seq.* ("PAGA") to the Class, Subclass and State of California.  The Ninth Circuit reversed as to the unpaid wages, affirmed as to the unpaid overtime, wage statement violations, and waiting time violations, and remanded for recalculation of any PAGA penalties that employed a "subsequent violation" rate.  *See Bernstein v. Virgin America, Inc..*, 3 F.4th 1127 (9th Cir. 2021).

Accordingly, and for the reasons explained below, Plaintiffs respectfully request that the Court now enter an order granting this motion to amend the judgment to reflect an award in damages, restitution, penalties, and prejudgment interest through July 28, 2022, as detailed below.[1]

## II.     RELEVANT FACTUAL AND PROCEDURAL HISTORY

This lengthy history of this action is well known to the Court and is briefly summarized here.  On July 6, 2016, Plaintiffs moved this Court for an order granting certification under Rule 23 of the Federal Rules of Civil Procedure of the following Class and Subclasses:

> **Class**: All individuals who have worked as California-based flight attendants of Virgin America, Inc. at any time during the period from March 18, 2011 (four years from the filing of the Original Complaint) through the date established by the Court for notice of certification of the Class (the "Class Period").

[1] The proposed prejudgment interest amount is based upon the currently scheduled hearing date of July 28, 2022 for this motion.  Prejudgment interest can be adjusted at the time of judgment to account for additional prejudgment interest due.

1

2

**California Resident Subclass**: All individuals who have worked as California-based flight attendants of Virgin America, Inc. while residing in California at any time during the Class Period.

3

4

**Waiting Time Penalties Subclass**: All individuals who have worked as California-based flight attendants of Virgin America, Inc. and separated from their employment at any time since March 18, 2012.

5

6

On November 7, 2016, this Court granted Plaintiffs' motion for class certification, certifying Plaintiffs' proposed Class and Subclasses.  Dkt. 104.

7

8

9

10

11

12

13

14

15

16

On January 5, 2017, the Court denied Virgin's motion for summary judgment with respect to Plaintiffs' claims for minimum wage and overtime for hours worked both in and outside of California, meal and rest breaks within California, wage statement violations, and Plaintiffs' derivative claims under the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), and PAGA.  Dkt. 121.  In so ruling, this Court held that California law applied to Plaintiffs' claims, rejecting Virgin's "job situs" argument.  The Court also found that application of California wage laws does not violate the Dormant Commerce Clause and is not preempted by the Federal Aviation Act ("FAA") or the Airline Deregulation Act ("ADA").  Finally, the Court found that Virgin's compensation policy, including its overtime, meal and rest period, and wage statement policies, did not comply with California law.  *Id.*

17

18

19

20

21

On March 20, 2018, Plaintiffs filed their Third Amended Complaint ("TAC"), which added Alaska Airlines, Inc. ("Alaska") as a successor-in-interest and which is the operative complaint in this action.  Dkt. 298.  On April 3, 2018, Virgin filed its Answer to the TAC (Dkt. 305), and on April 18, 2018, Alaska filed its Answer to the TAC.  Dkt. 310.  Alaska does not dispute that it is the successor-in-interest to Virgin's liability.

22

23

24

25

26

27

On January 12, 2018, Plaintiffs filed their motion for summary judgment against Defendants on all claims, seeking declaratory and injunctive relief, restitution, compensatory damages, statutory damages, and civil penalties.  Dkt. 225.  In support of Plaintiffs' motion, Plaintiffs submitted the expert report of David Breshears (the "Breshears Report") dated December 29, 2017.  Dkt. 232-3.  As Plaintiffs explained in their motion, Mr. Breshears' calculations regarding Class membership and damages were complete to the extent they are

28

2

based on data provided by Virgin; however, as noted in the Breshears Report, Virgin had produced records only through March 2017, as well as incomplete Class member data.  *Id*.  In response to the Breshears Report, Defendants made several legal arguments, and also presented the rebuttal report of Valentin Estévez.  Dkt. 267, pp.24-25.

On July 9, 2018, the Court granted in part and denied in part Plaintiffs' motion for summary judgment.  The Court granted Plaintiffs' motion as to Plaintiffs' claims that Virgin is liable: (1) for failing to pay for all hours worked in a duty period; (2) for failing to pay overtime wages; (3) for failing to provide legally compliant rest breaks within California; (4) for failing to provide legally compliant meal periods within California; (5) for failing to provide legally compliant wage statements; (6) for failing to pay waiting time penalties; (7) for failing to comply with the UCL; and (8) for penalties under PAGA.  Dkt. 317.  The Court also denied Defendants' motion for decertification, with the exception of Plaintiffs' claim for unpaid time spent completing incident reports.  Dkt. 316.

The Court then set the case for a series of case management conferences to determine "any remaining issues that require resolution before judgment can be entered in this case."  Dkt. 317, p. 16.  The parties stipulated to the dismissal of Plaintiffs' individual claims relating to time spent completing incident reports, Dkt. 326, p.2, to an end date for damages of December 15, 2017, Dkt. 329, p.2, and to a schedule for a revised damages report following Defendants' production of updated data.  *Id.*

Plaintiffs produced a revised damages report to Defendants on September 28, 2018.  Dkt. 343-2.  The parties subsequently met and conferred but were unable to reach a full negotiated stipulated judgment.  On October 31, 2018, Plaintiffs filed a motion for summary judgment as to the amount of the judgment.  Dkt. 343.  On January 16, 2019, the Court granted Plaintiffs' motion for summary judgment on damages, awarding Plaintiffs' proposed amount with two exceptions.  First, the Court held that Plaintiffs are not entitled to prejudgment interest on their meal period and rest break claims.  Second, the Court exercised its discretion under California Labor Code § 2699(e)(2) to reduce the PAGA penalties by 25 percent.  The Court awarded

Plaintiffs: (1) $45,337,305.29 in damages and restitution; (2) $3,552.71 per day in continuing

prejudgment interest after October 25, 2018; $6,704,810 in statutory penalties; and (4)

$24,981,150 in PAGA civil penalties.  ECF No. 365.  The Court also granted judgment to

Plaintiffs for declaratory relief regarding Virgin's conduct.  *Id*., p. 15.

On February 4, 2019, the Court entered judgment against Defendants, awarding damages

and prejudgment interest in the amount of $77,798.945.25.  Dkt. 367.

On March 4, 2019, Defendants filed a Notice of Appeal to the Ninth Circuit Court of

Appeals.  Dkt. 370; *Bernstein v. Virgin Am., Inc*., 19-cv-15382, Dkt. 24 (9th Cir. 2021).  On July

20, 2021, the Ninth Circuit issued an opinion amending opinions filed on February 23, 2021, and

March 8, 2021, affirming in part this Court's grant of summary judgment, reversing in part, and

remanding for further proceedings.  *Bernstein v. Virgin America, Inc. et al.*, 3 F.4th 1127 (9th

Cir. 2021) (the "Ninth Circuit Opinion"); Dkt. 414.  The Ninth Circuit also vacated and

remanded this Court's order on attorneys' fees and expenses because it "cannot say with

certainty that the district court would exercise its discretion in the same way[.]" Id. at 1144

(citation omitted).

On August 19, 2021, Defendants filed a petition for certiorari to the United States

Supreme Court limited to the issue of whether the Airline Deregulation Act ("ADA") preempts

California's meal and rest break laws.  Plaintiffs filed their response to Defendants' petition on

September 22, 2021.  The Supreme Court has not yet ruled on the petition.

On February 11, 2022, Defendants sought a motion to stay proceedings in this Court

pending proceedings at the U.S. Supreme Court, which Plaintiffs opposed.  This Court denied

that motion on May 4, 2022, finding that Defendants failed to meet their burden of

demonstrating that a stay would serve the orderly course of justice or that any party would suffer

hardship or inequity if the case goes forward.  Dkt. 446.

This motion follows.

1

III.   **LEGAL ARGUMENT**

2

   **A. The Court Now Acts Pursuant to the Rule of Mandate and the Law of the Case.**

3

   Twin legal concepts govern this Court's consideration of Plaintiffs' motion.  The

4

rule of mandate "requires a lower court to act on the mandate of an appellate court, without

5

variance or examination, only execution."  *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130

6

(9th Cir. 2006).  That is, the rule "provides that 'any district court that has received the mandate

7

of an appellate court cannot vary or examine that mandate for any purpose other than executing

8

it.'"  *Fallstead v. Colvin*, No. 16-CV-00829-JST, 2017 WL 3579568, at *4 (N.D. Cal. May 26,

9

2017) (quoting *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) and *Hall v. City of Los*

10

*Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).)  "Although the lower court 'commits

11

jurisdictional error if it takes actions that contradict the mandate,' it may 'decide anything not

12

foreclosed by the mandate.'"  *Id*. (quoting *Hall*, 697 F.3d at 1067).  "[T]he ultimate task is to

13

distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of

14

the lower court, from matters that have not[.]"  *United States v. Kellington*, 217 F.3d 1084, 1093

15

(9th Cir. 2000) (internal quotation marks, citations, and alterations omitted); *see Ryan v. Editions*

16

*Ltd. West, Inc*., 786 F3d 754, 766 (9th Cir. 2015) (district court appropriately declined to reopen

17

amount of damages which was outside of the specific issues identified by the appellate court for

18

remand).

19

   Similarly, the law of the case doctrine "generally preludes a court from reconsidering an

20

issue decided previously by that same court or by a higher court in the same case."  *Fallstead*,

21

2017 WL 3579568, at *4 (quoting *Stacy*, 825 F.3d at 567-68)*.*  An appellate court decision on a

22

legal issue is binding upon the district court on remand.  *See Blixseth v. Credit Suisse,* 961 F.3d

23

1074, 1081 (9th Cir. 2020).  For the doctrine to apply, the "issue in question must have been

24

decided explicitly or by necessary implication in the previous disposition."  *Hall*, 697 F.3d at

25

1067 (citing *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000)).  The law

26

of the case doctrine is founded in a "sound policy that when an issue is once litigated and

27

28

PLAINTIFFS' MOTION TO AMEND THE JUDGMENT                                    CASE NO. 3:15-CV-02277 JST

1   decided, that should be the end of the matter." *United States v. United States Smelting Refining*

2   *& Mining Co.*, 339 U.S. 186, 198 (1950).

3       Both doctrines – law of the case and rule of mandate – serve an interest in consistency,

4   finality, and efficiency." *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007). This

5   Court must implement the remand directions of the Ninth Circuit in light of the rule of mandate

6   and the law of the case.

7       **B.  The Ninth Circuit Opinion Articulates the Parameters of the Mandate.**

8       The Ninth Circuit Opinion provides clear direction to fully and finally resolve the claims

9   in this action.[2]  Broadly, the Ninth Circuit rejected Defendants wholesale attack on the

10  application of California law to Plaintiffs' claims.  First, the Court rejected Defendants'

11  invocation of the Dormant Commerce Clause, holding that the Dormant Commerce Clause was

12  not implicated and does not bar Plaintiffs' claims.  *Bernstein*, 3 F.4th at 1135.  Second, the Court

13  rejected Defendants' "job situs" test as "a misinterpretation of California law."  *Id.* at 1136.  The

14  Court applied the California Supreme Court's decision in *Ward v. United Airlines, Inc.*, 9 Cal.5th

15  732 (2020), finding that the application of California law is determined by looking to "what

16  kinds of California connections will suffice to trigger the relevant provisions of California law."

17  *Id.* at 1136 (quoting *Ward*, 9 Cal.5th at 752).  The Ninth Circuit further embraced *Ward*'s

18  holding that there is "no single, all-purpose answer to the question of when state law will apply

19  to an interstate employment relationship or set of transactions," and each claim requires separate

20  analysis as to the application of California law.  *Id.*

21      Third, the Court rejected Defendants' arguments that Plaintiffs' meal and rest break

22  claims are preempted by federal law.  Specifically, the Court held that federal aviation

23  regulations neither occupy the field nor conflict with state law such that they would bar

24  application of California's meal and rest break requirements.  *Id.* at 1138-40.  The Court also

25

26  [2] The Ninth Circuit also remanded the issue of Plaintiffs' attorneys' fees and expenses to this
    Court for reconsideration in light of the Opinion.  As previously indicated in case management
27  filings, Plaintiffs will file a renewed motion for attorneys' fees and expenses once proceedings in
    the U.S. Supreme Court have concluded.
28

1    held, following the holding regarding identical statutory language in *Dilts v. Penske Logistics,*

2    *LLC*, 769 F.3d 637 (9th Cir. 2014), that the Airline Deregulation Act does not preempt meal and

3    rest period requirements as they apply to airlines.  *Id.* at 1140-41.  Finally, the Court affirmed

4    this Court's certification of the Class and Subclasses.  *Id.* at 1144.

5         With regard to the specific Labor Code claims at issue, the Ninth Circuit reversed this

6    Court's grant of summary judgment to Plaintiffs with regard to their claims for minimum wage

7    and payment for all hours worked, finding that the California Supreme Court's decision in *Oman*

8    *v. Delta Air Lines, Inc.*, 9 Cal.5th 762 (2020) compelled a different result.  *Id.* at 1136-37.  As to

9    Plaintiffs' claim for overtime, the Ninth Circuit held that California Labor Code § 510 applied to

10   both the Class and the California Resident Subclass and that Virgin "did not dispute that if failed

11   to comply with § 510."  *Id.* at 1137-38.  Accordingly, the Ninth Circuit "affirm[ed] the district

12   court's grant of summary judgment to Plaintiffs on this claim."  *Id.* at 1138.

13        As to Plaintiffs' meal period and rest period claims, after concluding that these claims

14   were not preempted by federal law, the Ninth Circuit held that, "[l]ike overtime pay, meal and

15   rest break requirements are designed to prevent 'the evils associated with overwork,' mandating

16   that employers treat employees humanely even when employees have been unable to bargain for

17   that contractual right.  Thus, like overtime pay, meal and rest break requirements applied to

18   Virgin's relationship with both the Class and Subclass.  Virgin's opening brief does not contend

19   that it complied with California's meal and rest break requirements.  We thus affirm the district

20   court's summary judgment to Plaintiffs on these claims."  *Id.* at 1142.

21        The Ninth Circuit also held that, under *Ward*, Virgin is liable to Plaintiffs and the Class

22   and Subclass for its failure to provide wage statements that comply with Labor Code § 226.  *Id.*

23   at 1142-43.  Noting that Virgin "does not contend that it complied with § 226," the Court

24   "affirm[ed] the district court's summary judgment to Plaintiffs on their wage statement claim."

25   *Id.* at 1143.  In addition, the Ninth Circuit held that, like Plaintiffs' § 226 claim, Virgin was

26   liable under *Ward* to Plaintiffs and the Class for waiting time penalties under Labor Code §§ 201

27   and 202.  *Id.* at 1143-44.  Finding that Virgin did "not dispute that it failed to comply with §§

28

7

1   201 and 202," the Ninth Circuit "affirm[ed] the district court's summary judgment to Plaintiffs

2   on their waiting time penalties claim." *Id.* at 1144.

3          Finally, the Ninth Circuit addressed Virgin's argument that it was not subject to

4   heightened penalties for "subsequent violations" under PAGA.  The Court observed that "PAGA

5   permits individuals to sue their employers to recover penalties to which they are entitled under

6   the Labor Code.  Lab. Code § 2699(a).  Where the section violated does not indicate the amount

7   of the penalty for its violation, PAGA fixes the penalty at $100 'for each aggrieved employee per

8   pay period for the initial violation,' and $200 'for each aggrieved employee per pay period for

9   each subsequent violation.'"  *Id.* (quoting Labor Code § 2699(f)(2)).

10         The Court looked to the language in *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157

11   (2008), finding that "'a good faith dispute' that an employer is required to comply with a

12   particular law 'will preclude imposition' of heightened penalties." *Id.* (quoting *Amaral*, 163

13   Cal.App.4th at 1201).  The Ninth Circuit then concluded that Virgin had not been notified of any

14   violations of the Labor Code until this Court granted Plaintiffs' motion for summary judgment

15   on July 9, 2018 (*see* Dkt. 317), and thus had a good faith dispute until that time.  *Id.*

16   Accordingly, the Court reversed this Court's holding that Virgin is subject to heightened

17   penalties for Labor Code violations that occurred prior to that point. *Id.*

18       **C.**    **This Court Must Affirm Its Prior Judgment as to Plaintiffs' Labor Code**
19               **Claims for Overtime, Meal and Rest Periods, Wage Statements, and Waiting Time Penalties.**

20         As detailed above, Virgin made no argument on appeal that it complied with California's

21   protections for overtime, the provision of meal and rest periods, the provision of compliant wage

22   statements, or the payment of waiting time penalties.  Accordingly, there is nothing more for this

23   Court to do with respect to those claims but to affirm its prior judgment.  *See Stacy*, 825 F.3d at

24   567; *Hall*, 697 F.3d at 1067; *Fallstead*, 2017 WL 3579568, at *4.

25         Plaintiffs' expert, David Breshears, has updated his expert report using the same

26   methodology this Court has previously considered and approved.  *See* 2022 Supplemental Expert

27   Report of David Breshears ("2022 Breshears Report") filed concurrently herewith; *see* Dkt. 365

28

pp. 6-8.

***Failure to Pay Overtime***.  The total damages and restitution for the Class and Subclass for Virgin's overtime violations remains $6,324,592, as in the original judgment.  2022 Breshears Report, ¶¶ 9, 12, Exs. B, B-1, B-2.[3]  The new prejudgment interest on this amount, calculated at 10% through July 28, 2022 (the scheduled hearing date of this motion), totals $4,829,000.  *Id.*[4]

***Failure to Provide Meal Periods***.  The total damages and restitution for the Class for Virgin's meal period violations remains $190,525, as in the original judgment.  2022 Breshears Report, ¶¶ 10, 12, Exs. B, B-1, B-2.[5]  The new prejudgment interest on this amount, calculated at 7% through July 28, 2022, totals $92,723.  *Id.*[6]

***Failure to Provide Rest Periods***.  The total damages and restitution for the Class for Virgin's meal period violations remains $410,841, as in the original judgment.  2022 Breshears Report, ¶¶ 10, 12, Exs. B, B-1, B-2.[7]  The new prejudgment interest on this amount, calculated at 7% through July 28, 2022, totals $199,941.  *Id.*[8]

***Failure to Provide Accurate Wage Statements***. The total statutory penalties for wage statement violations for the Class and Subclass remains $4,398,600, as in the original judgment. 2022 Breshears Report, ¶ 11, Exs. B, B-1, B-2.

---

[3] This total includes $6,004,716 in damages and restitution as detailed in ¶ 9 and Exhibits B-1 and B-2, and $319,876 in extrapolated damages and restitution as explained in ¶ 12.

[4] This total includes $4,477,618 in prejudgment interest as detailed in ¶ 9 and Exhibits B-1 and B-2, and $351,382 in extrapolated prejudgment interest as explained in ¶ 12.

[5] This total includes $182,461 in damages and restitution as detailed in ¶ 10 and Exhibits B-1 and B-2, and $8,064 in extrapolated damages and restitution as explained in ¶ 12.

[6] This total includes $86,522 in prejudgment interest as detailed in ¶ 10 and Exhibits B-1 and B-2, and $6,201 in extrapolated prejudgment interest as explained in ¶ 12.

This Court previously concluded that Plaintiffs were not entitled to prejudgment interest on their meal and rest period claims.  A case just issued by the California Supreme Court, *Naranjo v. Spectrum Security Services, Inc.*, Case No. S258966 (May 23, 2022), __ Cal.5th __, 2022 WL 1613499, however, confirms that such interest is available and at the rate of 7%.  *Id.* at *14.

[7] This total includes $401,995 in damages and restitution as detailed in ¶ 10 and Exhibits B-1 and B-2, and $8,846 in extrapolated damages and restitution as explained in ¶ 12.

[8] This total includes $193,139 in prejudgment interest as detailed in ¶ 10 and Exhibits B-1 and B-2, and $6,802 in extrapolated prejudgment interest as explained in ¶ 12.

***Waiting Time Penalties****.* The total statutory penalties for waiting time violations remains $2,306,210, as in the original judgment.  2022 Breshears Report, ¶ 13, Exs. B, B-1, B-2.

The Court's judgment as to Plaintiffs' overtime, meal period, rest period, wage statement, and waiting time penalties claims must be affirmed.

### D.     The Court Must Amend the Judgment to Reflect the Civil Penalties Under PAGA to which Plaintiffs and the State of California Are Entitled.

PAGA authorizes civil penalties for violations of the Labor Code, and permits private litigants to bring civil actions on behalf of themselves and aggrieved employees to enforce its provisions.  Lab. Code § 2698, *et seq*.  The Court previously found Virgin liable for PAGA penalties for its violations of the Labor Code relating to (1) minimum wage; (2) overtime; (3) meal periods; (4) rest periods; (5) wage statements; and (6) timely pay.  Dkt. 317 p.12; Dkt. 365 pp. 10-12.  The Court also exercised its discretion to reduce the amount of PAGA penalties by 25% based on the proportion of penalties to damages and the uncertainty of liability in this case.  Dkt. 365 at pp. 14-15.

If a civil penalty amount is specifically provided in the Labor Code for a violation of one of its provisions, that penalty controls; otherwise, the penalties set forth in § 2699(f) control.  *See* Lab. Code § 2699(f).  Section 2699(f) sets the penalty at $100 "for each aggrieved employee per pay period for the initial violation," and $200 "for each aggrieved employee per pay period for each subsequent violation."  Lab. Code § 2699(f)(2).

On appeal, Virgin argued that for those PAGA penalties that employ a "subsequent violation" rate, use of that rate was inappropriate in this case.  The Ninth Circuit agreed, in part, holding that the subsequent violation rate would apply, but only after this Court granted Plaintiffs' motion for summary judgment, because at that point, Virgin had "been notified" that it was violating the Labor Code.  *Bernstein*, 3 F.4th at 1144.  This Court granted Plaintiffs' motion for summary judgment on July 9, 2018.  Dkt. 317.  Pursuant to the parties' agreement, the end date for damages in this case is December 15, 2017, before the Court's summary judgment order.

The Ninth Circuit Opinion thus modifies this Court's judgment in the following ways. First, because the Ninth Circuit found that Plaintiffs were not entitled to recover for their

10

minimum wage violations, that Labor Code violation no longer serves as a predicate for PAGA penalties.  Second, the Opinion requires recalculation of PAGA penalties that employ a "subsequent violation" rate.  Accordingly, Plaintiffs' expert has modified the amounts owed in PAGA penalties as follows.  For each total, 75% is to be paid to California's Labor and Workforce Development Agency ("LWDA") to fund the enforcement of California's labor laws, and 25% is to be paid to the aggrieved employees.[9]

**Failure to Pay Overtime.**  Pursuant to Labor Code § 558, the penalty formula for the failure to pay overtime is $50 for each employee per pay period for any initial violation, and $100 for each employee per pay period for each subsequent violation.  Lab. Code § 558.  Plaintiffs' expert has revised these calculations to only use the initial rate.  With that revision, the total amount in civil penalties owed to the LWDA and the Class and Subclass for failure to pay overtime is $2,011,200.  2022 Breshears Report, ¶ 18, Ex. B, B-1, B-2.

**Failure to Provide Meal Periods.**  Pursuant to Labor Code § 558, the penalty formula for the failure to provide meal periods is $50 for each employee per pay period for any initial violation, and $100 for each employee per pay period for each subsequent violation.  Lab. Code § 558.  Plaintiffs' expert has revised these calculations to only use the initial rate.  With that revision, the total amount in civil penalties owed to the LWDA and the Class for failure to provide legally compliant meal periods is $212,000.  2022 Breshears Report, ¶ 16, Ex. B, B-1, B-2.

**Failure to Provide Rest Periods.**  Pursuant to Labor Code § 558, the penalty formula for the failure to provide rest periods is $50 for each employee per pay period for any initial violation, and $100 for each employee per pay period for each subsequent violation.  Lab. Code § 558.  Plaintiffs' expert has revised these calculations to only use the initial rate.  With that revision, the total amount in civil penalties owed to the LWDA and the Class for failure to provide legally compliant rest periods is $421,000.  2022 Breshears Report, ¶ 17, Ex. B, B-1, B-

---

[9] For purposes of this action, the "aggrieved employees" are the same as those individuals who fall within the Class or California Resident Subclass.

PLAINTIFFS' MOTION TO AMEND THE JUDGMENT                    CASE NO. 3:15-CV-02277 JST

2.

***Failure to Provide Accurate Wage Statements.***  Pursuant to § 2699(f), the penalty formula for the failure to provide accurate wage statements is $100 for each employee per pay period for any initial violation, and $200 for each employee per pay period for each subsequent violation.  Plaintiffs' expert has revised these calculations to only use the initial rate.  The total amount in civil penalties owed to the LWDA and the Class and Subclass is $6,679,700.  2022 Breshears Report, ¶ 19, Ex. B, B-1, B-2.

***Failure to Pay Timely Wages.***  Labor Code § 210 provides that "every person who fails to pay the wages of each employee as provided in [§ 204] shall be subject to a penalty as follows: (1) [f]or any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) [f]or each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."  Plaintiffs initially calculated the penalty according to the initial and subsequent rate, and excluded the 25 percent withholding.

Plaintiffs are, however, entitled to apply the alternative formulation of $200 for each violation (plus 25 percent of the amount unlawfully withheld) for each employee, because Virgin's failure to pay timely wages, like its failure to provide accurate wage statements, was knowing and intentional.  *See, e.g.,* Dkt. 317 at p. 11-12.  Virgin has never disputed that it provided untimely payments pursuant to Labor Code § 204 – nor could it.[10]  *Id.*  Plaintiffs presented undisputed evidence that Virgin always paid its flight attendants beyond the time limits proscribed in § 204.  Each wage statement includes its date of issuance and confirms that the timing of Virgin's compensation does not comply with Labor Code § 204 because each flight attendant's month-end check was not paid until after the 26th of each month and their following check was not paid until after the 10th of that following month.  In addition, whenever a flight

---

[10] "Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Lab. Code § 204.

PLAINTIFFS' MOTION TO AMEND THE JUDGMENT                                      CASE NO. 3:15-CV-02277 JST

attendant worked more than 37.5 hours in the first half of a month, Virgin did not pay for this time worked until the 15th of the following month—almost three weeks later than permitted. Dkt. 225 p. 19.  As this Court has already found, Virgin's failure to issue compliant wages and wage statements "are part of a centralized policy," further underscoring the intentional and knowing nature of the violation.  *See* Dkt. 121 p. 31.

Thus, using the statutory rate for intentional and knowing violations, the total amount in civil penalties owed to the LWDA and the Class and Subclass for failure to pay timely wages, *excluding* the 25 percent of wages unlawfully withheld, is $14,092,200.  2022 Breshears Report, ¶ 20, Ex. B, B-1, B-2.

Finally, the Ninth Circuit's modification of the PAGA penalties eliminates the basis for any discretionary reduction of the penalties.  Under Labor Code § 2699(e)(2), a court may exercise its discretion to reduce penalties only where the defendant demonstrates that the penalty award is "unjust, arbitrary and oppressive, or confiscatory."  This Court had found that a 25 percent reduction was appropriate due to the uncertain nature of the violations and Virgin's "good faith," and the amount of the penalties relative to the amount of the damages.  Dkt. 365, pp. 14-15.  The Ninth Circuit Opinion effectively gives credit to Virgin's "good faith" argument by prohibiting use of the "subsequent violation" rate, thus eliminating the need for any further reduction on that basis.  *Bernstein,* 3 F.4th at 1144.  And, as this Court noted, Virgin did not present any evidence that the original full penalty of $33 million – which is now nearly $10 million less – "would be excessive in relation to its ability to pay."  Dkt. 365 at p. 14.  Thus, the reasons for the Court's 25 percent reduction in terms of equitable adjustment under Labor Code § 2699(e)(2) no longer apply with equal or compelling force in this matter.  In other words, in light of the Ninth Circuit Opinion, Defendants have no cause to complain that full penalties are in any way "unjust, arbitrary and oppressive, or confiscatory."  *Id*.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion.

1    Dated: May 26, 2022                     Respectfully submitted,

2                                            OLIVIER & SCHREIBER LLP

3                                            */s/ Monique Olivier*
                                             Monique Olivier
4                                            *Attorneys for Plaintiffs and the Class*

5

6    *Additional Counsel for Plaintiffs*

7
     JAMES E. MILLER (SBN 262553)
8    (jemiller@millershah.com)
     MILLER SHAH, LLP
9    65 Main Street
     Chester, CT 06412
10   Telephone: (860) 526-1100

11
     KOLIN C. TANG (SBN 279834)
12   (kctang@millershah.com)
     CHIHARU G. SEKINO (SBN 306589)
13   (cgsekino@millershah.com)
     MILLER SHAH, LLP
14   1230 Columbia Street, Suite 1140
     San Diego, CA 92101
15   Telephone: (619) 235-2416

16
     JAMES C. SHAH (SBN 260435)
17   (jcshah@millershah.com)
     MILLER SHAH, LLP
18   1845 Walnut Street, Suite 806
     Philadelphia, PA 19063
19   Telephone: (610) 891-9880

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO AMEND THE JUDGMENT                    CASE NO. 3:15-CV-02277 JST