UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGIN AMERICA, INC., et al.,<br><br>Defendants. | Case No. 15-cv-02277-JST<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO AMEND JUDGMENT**<br><br>Re: ECF No. 447 |

Before the Court is Plaintiffs' Motion to Amend Judgment. ECF No. 447. The Court will grant the motion in part and deny it in part.

I.  **BACKGROUND**

The factual and procedural background to this class action is summarized in greater detail in this Court's order of January 5, 2017, regarding Defendant's motion for summary judgment. ECF No. 121. In short, Plaintiffs are flight attendants who worked for Defendant Virgin America, Inc., and Defendant Alaska Airlines, Inc., (collectively, "Virgin") in California.[1] Third Amended Complaint ("TAC") ¶ 2, ECF No. 298. Plaintiffs alleged that Virgin failed to pay its flight attendants minimum wage (Cal. Lab. Code §§ 1182.12, 1194, 1194.2), overtime (Cal. Lab. Code §§ 510), and for all hours worked (Cal. Lab. Code § 204); failed to provide required meal periods (Cal. Lab. Code §§ 226.7, 512), rest breaks (Cal. Lab. Code § 226.7), and accurate wage statements (Cal. Lab. Code § 226); failed to pay waiting time penalties (Cal. Lab. Code §§ 201,

---

[1] Alaska Airlines, Inc. and Virgin America merged during the course of this lawsuit. The Federal Aviation Administration ("FAA") issued a Single Operating Certificate for Virgin and Alaska Airlines, Inc., on January 11, 2018. ECF No. 274 at 3. Alaska Airlines was added as a defendant on March 20, 2018. ECF No. 298. It answered the Third Amended Complaint on April 18, 2018. ECF No. 310.

202, 203); and violated California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200). *Id.* ¶¶ 42–97. Plaintiffs also sought civil penalties under the California Private Attorneys General Act of 2004 ("PAGA") (Cal. Lab. Code § 2699)). *Id.* ¶¶ 98–104.

On November 7, 2016, the Court granted Plaintiffs' motion for class certification as to the following class and subclasses:

> **Class:** All individuals who have worked as California-based flight attendants of Virgin America, Inc. at any time during the period from March 18, 2011 (four years from the filing of the original Complaint) through the date established by the Court for notice of certification of the Class (the "Class Period").
>
> **California Resident Subclass:** All individuals who have worked as California-based flight attendants of Virgin America, Inc. while residing in California at any time during the Class Period.
>
> **Waiting Time Penalties Subclass:** All individuals who have worked as California-based flight attendants of Virgin America, Inc. and have separated from their employment at any time since March 18, 2012.

ECF No. 104 at 28. The Court later decertified the class only "with respect to any claims based on the completion of incident reports." ECF No. 316 at 15.[2]

Defendant subsequently moved for summary judgment. ECF No. 97. The Court granted the motion in part and denied it in large part on January 5, 2017. ECF No. 121. Plaintiffs then filed the TAC on March 20, 2018. ECF No. 298. Plaintiffs moved for summary judgment on all claims on January 12, 2018. ECF No. 225. On July 9, 2018, the Court granted the motion as to Plaintiffs' claims for failure to pay minimum wages, failure to pay for all hours worked, failure to pay overtime, failure to provide meal and rest breaks, failure to provide accurate wage statements, and failure to provide waiting time penalties. ECF No. 317 at 8–16. The Court further granted the motion as to Plaintiffs' UCL and PAGA claims. *Id.* at 12. The Court denied the motion as to Plaintiff's claims related to time spent completing incident reports, finding the existence of a triable issue of fact as to the length of time required to complete such a report. *Id.* at 8. The Court

---

[2] The Court also later certified a subclass of flight attendants who participated in Virgin's Career Choice severance program in order to address Virgin's affirmative defense that Career Choice participants had waived their claims. ECF No. 327 at 2.

further denied the motion as to the declaratory and injunctive relief sought by Plaintiffs. *Id.* at 13.

The Court did not determine the amount of damages and penalties owed but held that the regular rate of pay provided the appropriate base for calculating damages for Plaintiffs' claims based on unpaid non-overtime hours. *Id.* at 14–15. The Court also held that Virgin was subject to heightened PAGA penalties for subsequent violations, finding that Virgin was notified of ongoing violations as of September 25 and 26, 2015, when Plaintiffs sent documents that detailed the factual and legal bases for the Labor Code violations at issue to Virgin via certified mail. *Id.* at 16.

Plaintiffs moved for summary judgment as to the amount of damages and penalties on October 31, 2018. ECF No. 343. The Court granted the motion in part. ECF No. 365. The Court held that Plaintiffs were not entitled to prejudgment interest on their meal period and rest break claims pursuant to California Labor Code Section 218.6. *Id.* at 16. The Court further exercised its discretion under California Labor Code Section 2699(e)(2) to reduce the PAGA penalties by 25%. *Id.* The Court thus awarded (1) $45,337,305.29 in damages and restitution; (2) $3,552.71 per day in continuing prejudgment interest after October 25, 2018; (3) $6,704,810 in statutory penalties; and (4) $24,981,150 in PAGA civil penalties. *Id.* The Court issued a corresponding judgment on February 4, 2019. ECF No. 367.

Virgin appealed. ECF No. 370. The Ninth Circuit reversed this Court's holding as to Plaintiffs' claims regarding minimum wage and payment for all hours worked. *Bernstein v. Virgin America, Inc.*, 3 F.4th 1127, 1136–37 (9th Cir. 2021). The Court of Appeals, relying on a California Supreme Court decision issued while Virgin's appeal was pending, *Oman v. Delta Air Lines*, *Inc.*, 9 Cal. 5th 762 (2020), held that the block time compensation scheme at issue here does not deny employees minimum wage under Section 1182.2 or payment for all hours worked under Section 204. *Bernstein*, 3 F.4th at 1137. The Court of Appeals further reversed this Court's holding that Virgin was subject to heightened PAGA penalties for subsequent violations as of September 25, 2015. The Court of Appeals concluded that Virgin was not notified that its conduct violated California law until the date this Court issued its order partially granting Plaintiffs' motion for summary judgment, July 9, 2018. *Id.* at 1144. Additionally, the Court of Appeals vacated this Court's award of attorney's fees and costs to Plaintiffs' counsel on the ground that it

3

1    could not "'say with certainty that [this Court] would exercise its discretion in the same way' had
2    Plaintiffs not prevailed on virtually all of their claims." *Id.* at 1144–45 (quoting *Ventas Finance I,*
3    *LLC v. Franchise Tax Bd.*, 165 Cal. App. 4th 1207, 1213 (2008)). The Court of Appeals affirmed
4    the remainder of this Court's holding and "remand[ed] for further proceedings consistent with this
5    opinion." *Id.* at 1145.

6    Once the Ninth Circuit's mandate issued, Virgin filed a petition for writ of certiorari, ECF
7    Nos. 425 and 426, and moved to stay the case pending the resolution of its petition, ECF No. 438.
8    This Court denied the motion on May 4, 2022, finding that Virgin failed to demonstrate that a stay
9    would serve the orderly course of justice or that any party would suffer hardship or inequity if the
10   case proceededs. ECF No. 446. On May 26, 2022, Plaintiffs filed the instant motion to amend the
11   judgment. ECF No. 447. Virgin opposed the motion, ECF No. 451, and Plaintiffs replied, ECF
12   No. 453. The United States Supreme Court denied Virgin's petition on June 30, 2022. ECF No
13   454. The Court then took this motion under submission without a hearing on August 8, 2022.
14   ECF No. 455.

15   **II.   LEGAL STANDARD**

16   On remand from the Ninth Circuit, this Court's considerations are governed by the law of
17   the case doctrine and the rule of mandate. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th
18   Cir. 2012). The law of the case is a discretionary doctrine that "generally precludes a court from
19   reconsidering an issue decided previously by the same court or by a higher court in the identical
20   case" provided that the issue was "decided explicitly or by necessary implication in the previous
21   disposition." *Id.* "The rule of mandate is similar to, but broader than, the law of the case
22   doctrine." *Id.* (quoting *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995)). The rule directs
23   that "[a] district court that has received the mandate of an appellate court cannot vary or examine
24   that mandate for any purpose other than executing it." *Id.* While the rule nonetheless "allows a
25   lower court to decide anything not foreclosed by the mandate," "[a] district court is limited by [the
26   Ninth Circuit's] remand when the scope of the remand is clear." *Id.*

27   **III.  DISCUSSION**

28   The parties agree that the Ninth Circuit's decision eliminates Virgin's liability for

4

Plaintiffs' claims for payment of minimum wage and payment for all hours worked. The parties dispute whether this Court (1) must deny penalties for Plaintiffs' PAGA claim under California Labor Code Section 204; (2) should deny Plaintiffs' request for wage statement penalties and waiting time penalties on the ground that a good faith dispute existed; (3) must deny waiting time penalties to Waiting Time Penalties Subclass members who are not owed overtime wages; and (4) should exercise its discretion to further reduce PAGA penalties in response to the Ninth Circuit's decision.[3] The Court takes each dispute in turn.

### A.   PAGA Penalties Under California Labor Code Section 204

#### 1.   Eligibility

Virgin argues that the Ninth Circuit's reversal of this Court's holding as to Plaintiffs' individual Section 204 claim necessarily reversed this Court's holding as to Plaintiffs' PAGA Section 204 claim as well. ECF No. 451 at 13. Plaintiffs contend that their individual Section 204 claim and PAGA Section 204 claim are separate causes of action that arise under different provisions of Section 204 such that the Ninth Circuit's reversal of the former does not disturb this Court's holding as to the latter. ECF No. 453 at 8–9.

The Court agrees with Plaintiffs. Plaintiffs' individual Section 204 claim asserted that Virgin failed to pay employees for all hours worked and challenges the structure of Virgin's block time compensation scheme. *See* ECF No. 298 ¶¶ 54–64. The Ninth Circuit held that the scheme does not deny payment for all hours worked per *Oman*. *Bernstein*, 3 F.4th at 1137. Plaintiffs' PAGA Section 204 claim is not derivative of Plaintiffs' individual Section 204 claim, but rather separately challenges Virgin's failure to pay their employees in a timely manner under a different provision of Section 204.[4] *See id.* ¶ 101(g). Put differently, the individual claim concerns the

---

[3] The parties initially disputed whether the Court should recalculate the prejudgment interest owed by Defendants for Plaintiffs' meal and rest break claims, but Plaintiffs concede in reply that recalculation is unnecessary. ECF No. 453 at 20.

[4] Section 204 provides, in relevant part,
> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and

5

1    manner in which pay is measured, whereas the PAGA claim concerns the timing with which that

2    measured pay is disbursed.  The Court implicitly noted that distinction in its prior order partially

3    granting Plaintiffs' motion for summary judgment, *see* ECF No. 317 at 12, and nothing in the

4    Ninth Circuit's decision nor *Oman* provides a basis to infer the reversal of this Court's prior

5    holding as to this claim.  To the contrary, *Oman* was issued in response to questions certified to

6    the California Supreme Court by the Ninth Circuit in *Oman v. Delta Air Lines, Inc.,* 889 F.3d 1075

7    (9th Cir. 2018).  On remand from the Ninth Circuit following the California Supreme Court's

8    decision, and despite the holding of that decision that the structure of the compensation scheme

9    itself complied with Section 204, the district court nonetheless held that the airline using that

10   scheme failed to timely pay its employees in violation of Section 204.  *Oman v. Delta Air Lines,*

11   *Inc.*, --- F. Supp. 3d ----, 2022 WL 4596624, at *7 (N.D. Cal. Jul. 8, 2022).  Virgin's argument is

12   without merit.

### 2.  Amount

14   Plaintiffs argue that, for each employee who failed to receive timely pay, the Court must

15   apply the alternative formulation of California Labor Code Section 210(a), which provides $200

16   for each violation plus 25% of the amount unlawfully withheld, because Virgin's failure to pay

17   timely wages was willful and intentional.[5]  ECF No. 447 at 17.  Virgin argues that Plaintiffs

18   waived this argument by failing to previously raise it at summary judgment or any point prior.

19   ECF No. 451 at 14.  Plaintiffs reply that they presented undisputed evidence that Virgin willfully

20   and intentionally failed to timely pay its employees, just as it willfully and intentionally failed to

---

the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204(a).  Plaintiffs' individual claim relates to the first provision, while Plaintiffs' PAGA claim relates to the second provision.

[5] California Labor Code Section 210(a) provides, "For any initial violation, one hundred dollars ($100) for each failure to pay each employee. . . .  For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."  Plaintiffs previously relied on the "subsequent violation" formulation, which requires Defendant to have been notified an initial violation in order to trigger the heightened $200 penalty.  The "willful or intentional violation" formulation, however, does not require initial notice.  *See Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1211 (2008) ("[A]fter the employer has learned its conduct violates the Labor Code, the employer is on notice that any future violations will be punished just the same as violations that are willful or intentional . . . .").

6

provide accurate wage statements, such that the alternative formulation is justified. ECF No. 453 at 11.

Post-judgment motions "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Neutraceuticals*, *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (motions pursuant to Rule 59(e)); *Konta Enter.*, *Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (motions for reconsideration). "A party abandons an issue when it has a full and fair opportunity to ventilate its views with respect to an issue and instead chooses a position that removes the issue from the case." *BankAmerica Pension Plan v. McCath*, 206 F.3d 821, 826 (9th Cir. 2000). In that vein, the Court "need not and do[es] not consider a new contention that could have been but was not raised on [a] prior appeal." *In re Cellular 101*, *Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (quoting *Munoz v. Cnty. of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982)).

Prior to the instant motion, Plaintiffs have never asserted that they are entitled to heightened penalties under Section 210 on the ground that Virgin's failure to timely pay its employees was willful or intentional. Plaintiffs did not assert this alternative formulation as a basis for heightened penalties in their motion for summary judgment, *see* ECF No. 225 at 31–32, nor did Plaintiffs assert the formulation as an alternative ground for eligibility for heightened penalties on appeal, *see* Appellees' Answering Brief at 71–73, *Bernstein v. Virgin America*, No. 19-15382 (9th Cir. Dec. 27, 2019), ECF No. 54. And while Plaintiffs are correct that the Court previously found that Virgin knew its wage statements did not show the number of hours worked, the Court made no such finding with respect to Plaintiffs' timely pay claim. *Compare* ECF No. 317 at 11 *with id.* at 12.[6] The Court finds that Plaintiffs have waived this argument. Plaintiffs are therefore entitled to penalties calculated according to the $100 initial violation rate, which the parties agree totals $7,046,100. *See* ECF No. 451 at 14; ECF No. 453 at 11; *see also* ECF No. 451-1 at 3.

---

[6] The Court further notes that the original judgment awarded $9,236,925 in PAGA penalties on the basis of Virgin's initial and subsequent Section 204 violations, ECF No. 367 at 3, but Plaintiffs now seek $14,092,200 in penalties under the alternative formulation. ECF No. 447 at 18.

### B. Wage Statement and Waiting Time Penalties

Virgin argues that the Court should deny wage statement penalties and waiting time penalties on the ground that a good faith dispute existed as to the extraterritorial applicability of California's wage-and-hour laws in this context. ECF No. 451 at 16. Plaintiffs argue that (1) the Ninth Circuit's affirmance of this Court's holding as to Plaintiffs' wage statement and waiting time penalties claims precludes the Court's reconsideration of those claims; (2) Virgin waived this defense by failing to raise it on appeal; (3) Virgin waived this defense before this Court; and (4) Virgin's argument otherwise lacks merit. ECF No. 453 at 14–19.

Virgin asks this Court to violate the rule of mandate. The Court of Appeals explicitly affirmed this Court's holding as to Plaintiffs' wage statement and waiting time penalties claims. *See Bernstein*, 3 F.4th at 1142–44, 1145. To reassess that holding would necessarily disregard this Court's obligation "to act on the mandate . . . without variance." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006), *cert. denied*, 549 U.S. 935 (2006).[7] Plaintiffs remain entitled to wage statement and waiting time penalties.

### C. Waiting Time Penalties Subclass

Virgin argues that waiting time penalties under California Labor Code Section 203 should not be awarded to any members of the Waiting Time Penalties Subclass other than those who are owed overtime wages. ECF No. 451 at 23. Plaintiffs argue that, although the amount of waiting time penalties must be recalculated to exclude Plaintiffs' claims for minimum wage and payment of all hours worked, Subclass members remain entitled to penalties for meal and rest period violations. ECF No. 453 at 20.

The Court agrees with Plaintiffs. Virgin does not address the meal and rest period violations at all, let alone provide any reasoning in support of their exclusion from the recalculation of waiting time penalties. And the California Supreme Court has made clear that

---

[7] The Court notes that, even if reconsideration were not foreclosed by the mandate, the result would be the same because Defendants failed to raise this challenge on appeal, *see* Defendants-Appellants' Opening Brief, *Bernstein*, No. 19-15382 (9th Cir. Aug. 18, 2019), ECF No. 24, and it is thus waived, *see United States v. Wright*, 716 F.2d 549, 550 (9th Cir. 1983) (per curiam) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.").

"[m]issed-break premium pay is indeed wages subject to the Labor Code's timely payment and reporting requirements, and it can support section 203 waiting time penalties . . . where the relevant conditions for imposing penalties are met." *Naranjo v. Spectrum Security Servs., Inc.*, 13 Cal. 5th 93, 125 (2022). The Subclass therefore remains entitled to penalties for meal and rest period violations. The Court accepts Virgin's expert's recalculation of total waiting time penalties, accepted by Plaintiffs, of $2,249,470.58. ECF No. 453 at 20–21; ECF No. 451-1 at 2.

### D. Reduction of PAGA Penalties under California Labor Code Section 2699(e)(2)

In previously exercising its discretion to reduce the fee award by 25%, this Court found that "[t]he most important factor distinguishing this case" from those in which courts have imposed significantly greater reduction was "injury" insofar as "Plaintiffs have been deprived of compensation for hours worked and statutorily mandated breaks, suffering over $45 million in damages (including interest)." *Bernstein v. Virgin America, Inc.*, 365 F. Supp. 3d 980, 991 (N.D. Cal. 2019). The Court found the reduction appropriate on the ground that $33.3 million in PAGA penalties would be confiscatory relative to $45 million in damages, but the Court lessened the weight of that consideration "given that Virgin has not presented any evidence that the full penalty would be excessive in relation to its ability to pay." *Id.* at 992. The Court found further reduction appropriate due to the uncertainty in the law with respect to Virgin's belief that California's wage-and-hour laws did not apply to Virgin, concluding that awarding maximum penalties "may be excessively punitive and their deterrence function weakened." *Id.*

Plaintiffs argue that the Ninth Circuit's reduction of the PAGA penalties eliminates any basis for this Court's further discretionary reduction of the penalties under Section 2699(e)(2). ECF No. 447 at 18. Virgin argues that the Ninth Circuit's decision undermines this Court's prior rationale for reducing the total PAGA penalties by only 25%, and that the claimed total PAGA penalties now exceeds the total damages in a manner that is unjust, oppressive, and confiscatory. ECF No. 451 at 21. Adjusted for the lower penalties for Plaintiffs' Section 204 PAGA claim, discussed above, Plaintiffs seek $16,370,000 in PAGA penalties. *Compare* ECF No. 447-2 at 5–6 *with* ECF No. 451-1 at 3, ECF No. 453 at 12. The adjusted total damages, including prejudgment

9

interest, equals $18,695,692.58.[8] *Compare* ECF No. 447-2 at 3–5 *with* ECF No. 451-1 at 2, ECF No. 453 at 20–21. Virgin seeks a 75% reduction in the remaining total PAGA penalties. ECF No. 451 at 22.

The Court rejects Virgin's proposed 75% reduction for two reasons. First, the cases on which Virgin relies in support of a 75% reduction remain, as the Court previously concluded, "wholly inapposite." *Bernstein*, 365 F. Supp. 3d 991. The district court in *Fleming v. Covidien* reduced the penalties by approximately 82% from $2,800,000 to $500,000 on the basis of its conclusions that (1) the plaintiffs sought penalties on the basis of erroneous wage statements from which the Court concluded that the plaintiffs "suffered no injury" insofar as the statements omitted the employee identification number, the beginning date of the pay period, and the identity of the employer; and (2) the defendant had made good faith efforts to remedy the violation prior to the filing of the lawsuit. No. ED CV 10-01487 RGK (OPx), 2011 WL 7563047, at *2, 4 (C.D. Cal. Aug. 12, 2011). Similarly, the district court in *Aguirre v. Genesis Logistics* reduced the penalties by approximately 72% from $1,800,000, to $500,000 in recognition of the "extent of the impact of the [wage statement] violation on the plaintiffs." No. SACV 12–00687 JVS (ANx), 2013 WL 10936035, at *4 (C.D. Cal. Dec. 30, 2013). By contrast, the penalties at issue here are based on five categories of violations in addition to the erroneous wage statements, *see* ECF No. 317 at 12, and the record lacks any indication that Virgin has made a good faith effort to remedy its violations, *see Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1214 (2008) (affirming no reduction where employer "was on notice that [a wage ordinance] applied to its operations but made no attempt to comply"); *Hamilton v. Juul Labs, Inc.*, No. 20-cv-03710-EMC, 2021 WL 5331451, at *10 (N.D. Cal. Nov. 16, 2021) ("[T]he mandatory award of civil penalties may be appropriately reduced . . . when the employer, upon learning of the legal violations, acts to correct them."); *cf. Thurman v. Bayshore Transit Mgmt., Inc.,* 203 Cal. App. 4th 1112, 1136 (2012)

---

[8] It is unclear from Virgin's declaration in support of its brief in opposition, and from the brief itself, whether Virgin disagrees with Plaintiffs' calculation of the total prejudgment interest on the damages for Plaintiffs' unpaid meal period and rest break claims. *See* ECF No 451-1 ¶ 8. The Court therefore relied on Plaintiffs' calculation of total prejudgment interest for those two claims in calculating that adjusted total damages.

(affirming reduction where "defendants took their obligations . . . seriously and attempted to comply with the law"), *disapproved on other grounds*, *ZB, N.A. v. Sup. Ct.,* 8 Cal. 5th 175 (2019).

While Virgin is correct that the Ninth Circuit's decision partially reduces the extent of legally cognizable injury suffered by Plaintiffs and class members, the five PAGA claims for which Virgin remains liable are based on violations that caused concrete injury. That degree of injury continues to distinguish this case from those relied upon by Virgin in which the plaintiffs suffered minimal or no injury. Further, the discretionary reduction that Virgin seeks on the basis of the Ninth Circuit's decision is already accounted for in the overall reduction of PAGA penalties by the amount previously awarded for Plaintiff's minimum wage PAGA claim. Virgin provides no legal basis, and the Court is aware of none, to support its contention that this overall reduction, standing alone, would counsel the Court to exercise its discretion to increase that reduction further.

Second, the Court disagrees with Virgin's argument that legal developments subsequent to this Court's grant of summary judgment "prove that there was greater uncertainty regarding Defendants' liability than this Court previously recognized." ECF No. 451 at 22. Subsequent developments are irrelevant to the degree of certainty that existed prior to those developments, and the Ninth Circuit's decision made no mention of this Court's assessment as to that degree of uncertainty. The Court thus declines to consider these subsequent developments for the purpose of assessing the degree to which the law was ambiguous during the period of Virgin's illegal conduct.

The Court will, however, continue to consider the fact that the law was ambiguous at the time, and that ambiguity in the law may render maximum penalties "excessively punitive and their deterrence function weakened." *Bernstein*, 365 F. Supp. 3d 980, 993 (N.D. Cal. 2019). The Court will once more consider Virgin's contention that that the total PAGA penalties, $16,370,000, would be confiscatory relative to the adjusted total damages, $18,695,692.58.[9] However, as

---

[9] The Court disagrees with Plaintiffs' contention that "whether a penalty is confiscatory relative to total wage loss[] is not an appropriate inquiry." ECF No. 453 at 13. The plain language of PAGA provides that "a court may award a lesser amount than the maximum civil penalty amount specified by this part if, *based on the facts and circumstances of the particular case*, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code s 2699(e)(2) (emphasis added). The relationship between the amount of total damages

11

Virgin "has not presented any evidence that the full penalty would be excessive in relation to its ability to pay," the weight of this factor is lessened. *Id.* at 992.

The Court finds that a discretionary reduction of 25% to be appropriate under the foregoing circumstances and the facts of this case. The penalties are therefore reduced by 25% to $12,277,500.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is granted in part and denied in part. Plaintiffs shall submit a proposed amended judgment either signed by Virgin or indicating Virgin's agreement as to form within fifteen court days of the date of this order's issuance.

**IT IS SO ORDERED.**

Dated:  December 29, 2022



JON S. TIGAR
United States District Judge

---

and the amount of maximum PAGA penalties is certainly a "circumstance" of the case under the term's ordinary meaning.  The weight given to that circumstance is greater in this case because Plaintiffs' PAGA penalties are based on PAGA claims that are all derivative of Plaintiffs' individual claims except for one.  As a general matter, it would be excessively punitive for the penalty imposed as a consequence of a discrete injury or set of injuries to exceed the damages caused by that injury or set of injuries.

12