OLIVIER & SCHREIBER LLP
Monique Olivier (SBN 190385)
(monique@os-legal.com)
Cassidy Clark (SBN 335523)
(cassidy@os-legal.com)
475 14th Street, Suite 250
Oakland, CA 94612
Telephone: (415) 484-0980

KOSINSKI + THIAGARAJ, LLP
Alison Kosinski (SBN 261676)
(alison@ktlawsf.com)
Emily Thiagaraj (SBN 284634)
(emily@ktlawsf.com)
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (415) 230-2860

*Attorneys for Plaintiffs and the Class*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA BERNSTEIN, LISA MARIE SMITH, and ESTHER GARCIA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VIRGIN AMERICA INC.; ALASKA AIRLINES, INC. and Does 1-10, inclusive; <br><br> Defendants. | Case No. 15-cv-02277-JST <br><br> **CLASS ACTION** <br><br> **SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO APPROVE THE PLAN OF ALLOCATION, ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARDS TO CLASS REPRESENTATIVES** <br><br> Date:  August 17, 2023 <br> Time:  2:00 p.m. <br> Crtrm:  Courtroom 6; 2nd Floor <br> Judge:  Hon. Jon S. Tigar |

Pursuant to this Court's order after the hearing on this matter on August 17, 2023, Plaintiffs submit this supplemental brief in support of Plaintiffs' Motion to Approve the Plan of Allocation, Attorneys' Fees and Expenses, and Service Awards to the Class Representatives (the "Motion"). Dkt. 478. Plaintiffs respectfully request that the Court grant the Motion.

### A. PLAINTIFFS ARE ENTITLED TO SERVICE AWARDS FOR VIGOROUSLY PROSECUTING THIS ACTION ON BEHALF OF THE CLASS

Plaintiffs have requested that the Court approve a service award of $25,000 to each of the Class representatives – Julia Bernstein, Esther Garcia, and Lisa Marie Smith. At the hearing, the Court requested additional briefing regarding the range of recovery, average recovery, and median recovery in order for the Court to better assess the reasonableness of Plaintiffs' request.

Federal courts routinely approve service awards to plaintiffs who spearhead class action litigation. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). These discretionary awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id*. at 958–59; *see also Cont'l Ill. Sec. Litig*., 962 F.2d 566, 571 (7th Cir. 1992) (incentive awards may be necessary to induce someone to act as class representative). The primary concern with the *amount* of a service award is that it does not raise any concerns about conflicts between the named plaintiffs and the class; that is, that the plaintiffs "maintain a sufficient interest in, and nexus with, the class so as to ensure vigorous representation." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015). As this Court has noted, "a higher award may be appropriate where class representatives expend significant time and effort on the litigation and face the risk of retaliation or other personal risks; where the class overall has greatly benefitted from the class representatives' efforts; and where the incentive awards represent an insignificant percentage of the overall recovery." *In re Wells Fargo & Co. S'holder Derivative Litig*., 445 F. Supp. 3d 508, 534 (N.D. Cal. 2020), aff'd, 845 F. App'x 563 (9th Cir. 2021) (granting incentive award of $25,000 each to the two co-lead plaintiffs).

As detailed in Plaintiffs' Motion and supporting materials, this class action has been diligently prosecuted for over eight years by Class counsel with the significant assistance of Ms. Bernstein, Ms. Garcia, and Ms. Smith. Plaintiffs' efforts have resulted in a Common Fund Judgment (as of July 27, 2023) of $31,740,027.05. There are several reasons why the service awards sought are warranted.

First, as they explain in their declarations, Ms. Bernstein, Ms. Garcia, and Ms. Smith all contributed very significantly to the outcome here. *See generally*, Bernstein Decl. [Dkt. 473]; Garcia Decl. [Dkt. 471]; Smith Decl. [Dkt.472]. Over the course of eight years, Plaintiffs each provided invaluable assistance and guidance to Class counsel with respect to understanding the airline industry and Defendant's unique practices and policies. They worked closely with Class counsel to identify issues, provide documents and information, and develop the strategy for what ultimately was an extremely successful lawsuit. *Id.* Plaintiffs also responded to discovery requests, prepared declarations in support of multiple motions, prepared for and submitted to depositions, and prepared for and attended mediation and multiple settlement discussions. *Id.* Due to their visibility as Class representatives, they also fielded inquiries from many Class members over the course of the litigation. *Id.* In total, they contributed over 750 hours toward the results achieved in this action. *Id.* In addition, Plaintiffs gave not only their time and expertise, but also risked reputational harm and retaliation for being the public face of a class action seeking to vindicate the wage rights of flight attendants. Plaintiffs endured years of tumultuous litigation that took time away from their work and home lives. They played an integral part in the litigation and achieved meaningful results for their fellow flight attendants. *Id.*; *see* Olivier Decl. ¶ 107. Plaintiffs' efforts and the risks they faced are worthy of the awards requested. *See, e.g., Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir.1998) (upholding $25,000 service award where recovery was more than $13 million and class representative spent "hundreds" of hours working on case with class counsel); *In re Wells Fargo & Co. S'holder Derivative Litig.*, 445 F. Supp. 3d at 534 (noting named plaintiffs contributed more than 400 hours to assisting in the prosecution of the case).

Second, the amount sought is extremely modest in light of the overall benefit being conferred by the judgment on the Class. The requested award of $25,000 is less than .01% of the over $31 million judgment. *See Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1393 (2010) (approving service awards of less than 1.0% of gross settlement fund); *Thieriot v. Celtic Ins.*, No. C 10-04462 LB, 2011 WL 1522385, at *7–8 (N.D. Cal. Apr. 21, 2011) (approving service awards of 1.8% of gross settlement fund); *Ridgeway*, 269 F. Supp. 3d at 1002 (awarding $15,000 for each of 9 plaintiffs, which combined for 0.22% of $60 million settlement); *Low v. Trump Univ.*, LLC, 246 F. Supp. 3d 1295, 1299 (S.D. Cal. 2017) (awarding $15,000 for each of 5 plaintiffs, which combined for 0.3% of $25 million settlement); *In re Domestic Air Transp.*, 148 F.R.D. 297, 357–58 (N.D.Ga.1993) (awarding $142,500 to class representatives out of $50 million fund).

There are over 2,200 Class members with distributions ranging from less than $20.00 to more than $60,000.00 based on each Class members' specific employment dates, hours worked, and base pay. The average pro rata distribution of the judgment (after fees, costs and payment to the State) is anticipated to be approximately $8,900 per class member; the median distribution amount is anticipated to be approximately $6,000. Over 20% of the class will receive distributions that exceed $15,000. Plaintiffs are, therefore, not being unjustly enriched. Instead, the amounts sought are very appropriate in relation to the benefit conferred on the Class by Plaintiffs' dedication to prosecuting this lengthy, complex action. *See, e.g., In re High-Tech Emp. Antitrust Litig.,* No. 11-CV-02509-LHK, 2015 WL 5158730, at *18 (N.D. Cal. Sept. 2, 2015) (approving service awards of $80,000 to $140,000 that were 21 and 14 times higher than average class member recovery); *In re Capital One Tel. Consumer Prot. Act Litig.,* 80 F.Supp.3d 781, 809 (N.D. Ill. Feb. 12, 2015) (approving $5,000 service awards where class members who made timely claims were entitled to "at least $39.66"); *Lemus v. H & R Block Enters. LLC,* No. C 09–3179 SI, 2012 WL 3638550, at *5–6 (N.D.Cal. Aug. 22, 2012) (approving $15,000 service awards where the average class recovery was about $1,200); *Ross v. U.S. Bank Nat. Ass'n*, 2010 WL 3833922, at *2 (N.D. Cal. Sept. 29, 2010) (finding $ 20,000 for

each of four class representatives was appropriate service award where the total settlement fund amounted to $ 1,050,000); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *14-16 (N.D. Cal. June 5, 2017) ($ 100,000 service award approved in protracted litigation where average class recovery was approx. $ 5,000). In the run of cases, Plaintiffs' request here is exceptionally reasonable.

Finally, no Class member has objected to the request. Class members were given sixty (60) days to object to the proposed plan of allocation, attorneys' fees and expenses, and service awards. Plaintiffs' counsel responded directly to questions from several Class members; no Class member raised any concerns about the modest amounts requested for the Class representatives.

The record confirms the efforts Plaintiffs have made in securing the judgment in this action. The case law supports the awards requested.

**B.      CONCLUSION**

For all of the reasons stated in Plaintiffs' Motion and above, Plaintiffs respectfully request that the Court grant the Motion in its entirety.

Dated: August 24, 2023               Respectfully submitted,

                                     OLIVIER & SCHREIBER LLP

                                     KOSINSKI & THIAGARAJ LLP

                                     MILLER SHAH LLP


                                     */s/ Monique Olivier*
                                     Monique Olivier

4
SUPP. BRIEF ISO MTN TO APPROVE PLAN OF ALLOCATION                    CASE NO. 15-cv-02277-JST